UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. IP99-1693 C-M/S |
| v. | ) | |
| | ) | |
| CINERGY CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR LEAVE TO AMEND THEIR COMPLAINTS**

The Revised Case Management Order provides the United States, State of New York, State of Connecticut, State of New Jersey, Hoosier Environmental Council, and Ohio Environmental Council ("Plaintiffs") until May 3, 2004 to add additional claims and parties to the action.  Pursuant to that order, and Federal Rule of Civil Procedure 15(a), Plaintiffs jointly seek leave to amend their respective complaints.  The proposed amendments will drop certain modifications from the claims asserted earlier in this action, add a smaller number of modifications to the claims, change certain allegations to reflect new facts obtained from materials that were within the control of Defendants, clarify certain of the United States' claims regarding failure to obtain an operating permit, and add a new defendant company that is related to current Defendants and which Plaintiffs allege is also an operator of the plants that are the subject of this action.

While Plaintiffs seek to add new fact-based claims and a new defendant, they do not seek to add any new theories of recovery or to add claims with respect to additional power plants.

1

Overall, as a result of these amendments, the Plaintiffs' claims will be more aligned, there will be fewer modifications at issue, and a relevant party will be joined to the action. Accordingly, these proposed amendments will narrow the issues for litigation and streamline the case. A copy of each party's proposed amended complaint is attached as Exhibits A-C.

The governing case law makes it abundantly clear that the Seventh Circuit permits the liberal amendment of complaints under Rule 15(a), even in cases that have been in litigation for several years. Because Plaintiffs' proposed amendments are timely under the Revised Case Management Order, are not offered for the purpose of delay, have been proposed promptly after determining the underlying facts and claims are meritorious, are actionable under the laws and regulations at issue in this case, and would cause no prejudice to the current or new Defendants, the Court should grant Plaintiffs' motion to amend their respective complaints.

## **FACTUAL BACKGROUND**

A.    <u>Discovery Has Not Progressed to the Point Where Granting of this Motion Would Prejudice Defendants</u>

On November 3, 1999, the United States filed a Complaint in this action alleging that Defendants had violated the New Source Review ("NSR") provisions of the Clean Air Act by modifying several of their power plants without having first applied for the requisite permits. In its original and amended complaints, the United States asserted sixteen claims for relief. The first fourteen of these claims alleged that approximately 40 modifications had been undertaken at six of Defendants' plants in violation of the Clean Air Act.

After lengthy settlement negotiations broke down, the States moved to intervene in this action on August 2, 2001. The States' motion was subsequently granted and the States filed and served an Intervenor Complaint on August 17, 2001.  On January 16, 2002, the Hoosier

Environmental Council and Ohio Environmental Council ("Citizens") filed an unopposed motion to intervene.  The Court granted that motion on March 19, 2002 and the Citizens filed their complaint on or about April 30, 2002.

Subsequent to the Court's issuance of the Case Management Order on May 31, 2000, the parties commenced discovery efforts.  To date, the parties have exchanged in excess of five million (5,000,000) pages of documents, served and exchanged responses to several rounds of interrogatories, and begun the deposition process.   Though document requests were served several years ago, Defendants provided a large portion of the documents they have produced only recently (on or about January 31, 2004) in response to a court order.

Discovery consisting of many interrogatories and requests for productions from both sides began early in the case and has continued. Numerous depositions have been noticed, one Rule 30(b)(6) deposition has been taken, and some depositions have been tentatively scheduled.  Much has been accomplished to date, but there are numerous tasks still to be completed before this case will be ready for dispositive  motions or trial.  As just a few examples, the parties continue to work through longstanding document production delays; and, as mentioned above, the parties have only begun to tentatively schedule depositions.  Due to the breadth and complexity of this case, these depositions are expected to involve dozens of persons and to span several months.

In some cases, Defendants have resisted Plaintiffs' attempts to conduct 30(b)(6) depositions, raising objections such as scope and moving to quash Plaintiffs' notices.  Furthermore, the parties have discussed in very general terms the negotiation of fact and legal stipulations that could simplify the likely summary judgment motions or trial. The purpose of

3

these examples is not to litigate discovery disputes not relevant to this motion, but rather to emphasize that much discovery and case preparation remains to be conducted, even though the parties find themselves over four years into the case.

The Case Management Order has been amended several times, most recently on January 14, 2004.  Pursuant to the amended Case Management Order, the Plaintiffs have until May 3, 2004 to add new claims and parties.  See Letter from Kathryn Thompson to Sarah Himmelhoch (Feb. 10, 2004) (Exhibit D).  By agreement of counsel, the parties have postponed any further depositions until after the Plaintiffs file their amended complaints – agreeing that no depositions will proceed until on or after June 3, 2004.  See Letter from Kathryn Thompson to Sarah Himmelhoch (Apr. 8, 2004) (Exhibit E); Letter from Sarah Himmelhoch to Kathryn Thompson (Apr. 12, 2004) (Exhibit F).

     B.     Plaintiffs Have Utilized the Early Stages of Discovery and Previously Unavailable Evidence to Identify Needed Amendments to Their Complaints

As a result of the above described discovery processes, Plaintiffs have identified modifications that should be dropped from their claims for relief in order to streamline the litigation and to recognize information exchanged in discovery.  Likewise, Plaintiffs have concluded that Defendants undertook various additional major modification projects in violation of the Act that are not presently alleged in their respective complaints.  Plaintiffs now seek leave to add claims for these additional violations.  Plaintiffs are not seeking to broaden the scope of litigation through the assertion of claims at additional plants owned and operated by Defendants.

4

1.     <u>Claims to be Dropped</u>

As set forth in the proposed amended complaints (Exhibits A-C), each Plaintiff seeks to drop certain modifications from their claims for relief.  While these dropped modifications will not reduce the number of claims for relief, they will reduce the number of modifications at issue in those claims.  Specifically, the United States proposes to drop eight modifications from its complaint.  The States propose to drop sixteen modifications from their complaints.  The Citizens propose to drop eight modifications from their complaints.  The specific modifications to be dropped by each party are identified in Tables 1-3.  In all, the amendments of the complaints would result in the removal of fourteen modifications from issue in this case, thereby narrowing the litigation.

2.     <u>Claims to be Added</u>

All of the Plaintiffs seek to add the following modifications to their claims for relief:

(i) replacement of pulverizer at Gallagher Unit 1 in 1998;

(ii) replacement of pulverizer at Gallagher Unit 3 in 1999;

(iii) replacement of reheater section at Gibson Unit 2 in 2001; and

(iv) replacement of boiler upper waterwall at Miami Fort Unit 7 in 1990.

Information regarding these modifications was obtained during the exchange of documents that has occurred so far.  Addition of these four modifications will not substantially expand this litigation because the modifications occurred at plants and units that were already the subject of this action.  In addition, the modifications occurred during the time period already covered by ongoing discovery efforts.  Moreover, as a whole, the Plaintiffs are proposing the addition of

fewer modifications than they are dropping.[1/]

Further, the United States proposes to add one modification to its complaint that had already been alleged by the States, while the States seek to add one modification to their complaint that had already been alleged by the United States and the Citizens seek to add only modifications that have already been or are being proposed to be added by the United States, the States or both.  See Tables 1-3.  As these modifications were already the subject of litigation, the amendment of the parties' complaints to conform their allegations will not expand the issues in litigation or prejudice Defendants.

     3.    <u>Party to be Added</u>

Each Plaintiff also proposes adding a single additional Defendant to the case: Cinergy Services, Inc., which is a Delaware corporation and subsidiary of Cinergy Corp.  As set forth more fully in Appendix A, filed under seal, the testimony of Cinergy Services in a February 2004 Rule 30(b)(6) deposition reveals that the Services company is actively involved in the day-to-day management of the plants at issue in this litigation and, therefore, meets the definition of "operator" of a major stationary source under 42 U.S.C. § 7413(c).  See 42 U.S.C. § 7411(a)(5) (defining operator to mean: "any person who owns, leases, controls, or supervises a stationary source.").[2/]

───────────────────

[1/]While the Citizens seek to add more modifications than they are dropping, most of the modifications they seek to add were already pled by the United States or the States and, therefore, would not expand the scope of the lawsuit.

[2/]Defendants claim that the entire Rule 30(b)(6) deposition transcripts taken regarding the corporate structure of the Defendants constitute Confidential Business Information ("CBI").  See Letter from Kevin M. Kinross to Patricia E. Morrison (Mar. 24, 2004) (Exhibit G).  Defendants did not follow the procedures set forth in the Protective Order of July 7, 2003 and, therefore, have arguably waived any such claim to confidentiality.  Moreover, Plaintiffs vigorously dispute

4.      Operating Permit Claims

In addition, each Plaintiff asserts specific claims for relief based on violations of Title V of the Clean Air Act.  All the proposed claims concern operation of the subject facilities as modified by the projects identified in the complaints without operating permits.  Therefore, these claims stem from the Defendants' initial failure to obtain  appropriate construction permits for those modifications and thus for all practical purposes do not expand the issues in the litigation.

5.      Technical Amendments to the Complaints

The Plaintiffs also propose making certain technical amendments to the complaints. First, each Plaintiff has made some changes to the allegations to address facts uncovered during further research and discovery.  For instance, the United States has made some changes to its allegations to correct the attainment status of the areas in which the subject plants are located.  In addition, Plaintiffs have corrected the names of Defendants based on objections raised in Defendants' earlier answers.

Second, as Plaintiffs continue to investigate their claims, they have changed certain allegations to clarify that additional discovery is required as contemplated by Federal Rule of Civil Procedure 11.  As to these claims, Plaintiffs continue to believe the claims are meritorious, but have been unable to obtain expected documentation from Defendants or other sources and, therefore, cannot determine their worth with certainty.  Consequently, each Plaintiff has made certain of its allegations "upon information and belief," subject to further investigation and

_____

the notion that much of the deposition (such as questions regarding the general corporate structure of Defendants, the deposition notices, or the steps taken by a witness to prepare for the deposition) can constitute CBI.  In an abundance of caution, however, Plaintiffs will treat the transcript as confidential pursuant to the Protective Order of July 7, 2003 until they have worked with Defendants to change the designation or obtained a ruling of the Court.

discovery.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15(a) "[a] party may amend the party's pleading only by leave of court or by written consent of the adverse party; <u>and leave shall be freely given</u> when justice so requires." (Emphasis added). Courts in the Seventh Circuit liberally construe Rule 15(a), presuming that the moving party has a right to amend its pleadings. <u>Toth v. USX Corp.</u>, 883 F.2d 1297, 1298 (7th Cir. 1989) ("the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops"); <u>Stern v. United States Gypsum, Inc.</u>, 547 F.2d 1329, 1334 (7th Cir. 1977) ("this circuit has adopted a liberal policy respecting amendments to pleadings so that cases may be decided on the merits"). The decision to grant a party's motion to amend its pleadings is committed to the sound discretion of the District Court. <u>Larkin v. Galloway</u>, 266 F.3d 718, 721-22 (7th Cir. 2001).

Under this liberal standard of review, leave to amend a pleading is appropriate absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of the amendment." <u>Ferguson v. Roberts</u>, 11 F.3d 696, 707 (7th Cir. 1993) (quoting Rule 15(a)); <u>see also</u> <u>Feldman v. American Mem'l Life Ins. Co.</u>, 196 F.3d 783, 783 (7th Cir. 1999) (setting forth similar standard); <u>Spearman v. General Motors, Corp.</u>, 880 F. Supp. 617, 619 (S.D. Ind. 1994) (same). Delay alone is not enough. "[T]he delay must <u>unduly</u> prejudice the opposing party." <u>Spolnik v. Guardian Life Ins. Co. of Am.</u>, 94 F. Supp.2d 998, 1004 (S.D. Ind. 2000) (emphasis added); <u>see also</u> <u>Eastern Natural Gas</u>

Corp. et al v. Aluminum Corp. of Am., 126 F.3d 996, 999 (7th Cir. 1997) (finding "undue delay" or "undue prejudice" is required).  None of these deficiencies exist here.

      **1.**      **The Motion is Timely**

      The Revised Case Management Order, as modified on January 16, 2004, specifies a deadline of May 3, 2004 for amendment of pleadings.  Thus, there is no question that Plaintiffs' motion is timely. In fact, this motion has long been expected by Defendants.  For example, during discussions between the parties related to the scheduling of depositions and production of documents related to those depositions, Plaintiffs informed Defendants that they would be amending their respective complaints.  See, e.g., Letter from Sarah Himmelhoch to Kathryn Thomson (Feb 6, 2004) (Exhibit H) ("As I stated during our meeting, the Plaintiffs are currently re-evaluating each of the allegations in the complaint. . . . Now, finally having access to Phase III [documents] we are hopeful that the deficiencies in the earlier productions have been addressed and are carefully reviewing the allegations in the complaints in light of this new information. Based on that review, we anticipate the Plaintiffs may both withdraw and add claims to their complaints"); Letter from Kathryn Thomson to Sarah Himmelhoch (Apr. 8, 2004) (Exhibit G) ("Because Plaintiffs have repeatedly stated their intent to amend their respective complaints to add certain projects and possibly drop certain projects . . . .").

      Defendants cannot reasonably assert that they would be prejudiced by the proposed amended pleadings.  The decision to drop certain claims eliminates Defendants' obligation to present defenses on those claims.  The new claims to be added are contemporaneous with and similar in nature to the other claims asserted by Plaintiffs, and arise from the same plants that have long been at issue in the case.  The new claims would not alter the fundamental character of

this litigation.  As a result of the amendments, the case will be more narrow.

> **2.      The Proposed Amendments Clearly Would Not Be Futile.**

Similarly, there are no grounds for finding that the proposed amendments would be futile. In the Seventh Circuit, to find a proposed amendment is futile, the court must find that the amendment would be incapable of surviving a motion to dismiss.  See, e.g., General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir.1997); Garcia v. City of Chicago, 24 F.3d 966, 970 (7th Cir.1994).  Thus, an amendment is futile only if it appears "beyond a reasonable doubt that the plaintiff can prove no set of facts in support of" the proposed amendment that would entitle the plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In deciding whether the Plaintiffs' proposed amendments would survive a motion to dismiss.  In other words, the court must take the allegations as true, construe them in the light most favorable to the Plaintiffs, and take all reasonable inferences in support of the allegations. Scheuer v. Rhodes, 416 U.S. 232, 236(1974); Zinermon v. Burch, 494 U.S. 113(1990); Pickrel v. City of Springfield, 45 F.3d 1115, 1118 (7th Cir.1995).

Here, Defendants cannot establish that the proposed amendments would be futile, especially in light of this Court's decisions in United States v. Southern Ind. Gas and Elec. Co. ("SIGECO").  See, e.g., 245 F.Supp.2d 994 (S.D. Ind. 2003) (denying the defendants' motion for summary judgment on the "fair notice" affirmative defense); 2002 WL 1629817 (S.D. Ind. July 18, 2002) (denying another defense motion for summary judgment on emissions calculations).  Although the SIGECO case settled before final judgment was reached, these early rulings demonstrate that Plaintiffs' allegations regarding the additional modifications would survive a motion to dismiss and, therefore, the amendments are not futile.

Such a conclusion is even stronger because of the District of Ohio's ruling in a similar case:  <u>United States v. Ohio Edison Co.</u>, 276 F.Supp.2d 829 (August 7, 2003).  The plaintiffs in that case – each of whom are also Plaintiffs here – made allegations and raised claims that are virtually identical to those pled in this cases. After taking evidence at trial, the Court found the facts and made conclusions of law resoundingly in favor of the <u>Ohio Edison</u> plaintiffs.  This decision shows a strong likelihood that the proposed amendments in the case at bar would easily survive a motion to dismiss.[3]

## <u>CONCLUSION</u>

Because, overall, the proposed amendments would narrow this case, conform the pleadings to the evidence, and ensure the presence of a necessary party, Plaintiffs respectfully request that this Court grant the liberal leave contemplated by Rule 15(a) and permit each Plaintiff to file their proposed amended complaints.  A proposed order is attached.

Dated: May 3, 2004                              Respectfully Requested,

THOMAS L. SANSONETTI
Assistant Attorney General
Environment & Natural Resources Division

SARAH HIMMELHOCH
RICHARD GLADSTEIN
JEFFREY K. SANDS
STEVEN D. ELLIS
LARRY M. CORCORAN
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611

---

[3]Because Defendants have asserted confidentiality claims as to the evidence relating to the corporate structure of the proposed additional defendant, we demonstrate that such an amendment would not be futile in Attachment A, filed under seal.

Washington, D.C.  20530
202-514-3163

SUSAN W. BROOKS
United States Attorney
Southern District of Indiana

THOMAS E. KIEPER
Assistant United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN  46204-3048

ELIOT SPITZER
ATTORNEY GENERAL
OF THE STATE OF NEW YORK
ROBERT ROSENTHAL
EUGENE KELLY
Assistant Attorneys General
The Capitol
Albany, NY 12224
(518) 402-2260

JOHN J. FARMER, JR.
ATTORNEY GENERAL
OF THE STATE OF NEW JERSEY
KEVIN AUERBACHER
MAURICE GRIFFIN
Deputy Attorneys General
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 093
Trenton, New Jersey 08625-4503
(609) 984-2860

RICHARD BLUMENTHAL
ATTORNEY GENERAL
OF THE STATE OF CONNECTICUT
CARMEL MOTHERWAY
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, Connecticut 06141-0120
(860) 808-5250
HOOSIER ENVIRONMENTAL COUNCIL

12

OHIO ENVIRONMENTAL COUNCIL

ANN R. JOHNSTON
ALAN BIRNBAUM
65 Bow Street
Lexington, MA 02420
(781) 862-5411

| TABLE 1: CHART SUMMARIZING CHANGES TO UNITED STATES' CLAIMS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to Second Amended Complaint | Description of Project | Approximate Dates |
|  | Beckjord Unit 1 | 5th Claim (¶ 113(1)) 9th Claim (¶ 133) 13th Claim (¶ 151) | Boiler Plant Life Extension | Nov 1987- Feb 1988 |
|  | Beckjord Unit 2 | 5th Claim (¶ 113(2)) 9th Claim (¶ 133) 13th Claim (¶ 151) | Boiler Plant Life Extension | Oct 1986- Jan 1987 |
|  | Beckjord Unit 3 | 5th Claim (¶ 113(3)) 9th Claim (¶ 133) 13th Claim (¶ 151) | Boiler Life Extension | Oct 1985- Jan 1986 |
|  | Beckjord Unit 4 | 5th Claim (¶ 113(4)) 9th Claim (¶ 133) 13th Claim (¶ 151) | Replacement of waterwall tubing | Mar 1989- Jun 1989 |
|  | Beckjord Unit 4 | 5th Claim (¶ 113(4)) 9th Claim (¶ 133) 13th Claim (¶ 151) | Replacement of top bank primary superheater | Mar 1989- Jun 1989 |
|  | Beckjord Unit 4 | 5th Claim (¶ 113(4)) 9th Claim (¶ 133) 13th Claim (¶ 151) | Replacement of turbine blades and turbine equipment | Mar 1989- Jun 1989 |
|  | Beckjord Unit 5 | 5th Claim (¶ 113(5)) 9th Claim (¶ 133) 13th Claim (¶ 151) | Replacement of economizer | Mar 1988 |
|  | Beckjord Unit 5 | 5th Claim (¶ 113(6)) 9th Claim (¶ 133) 13th Claim (¶ 151) | Replacement of high temperature reheater and reheater tubing | Jan 1991 |
|  | Beckjord Unit 5 | 5th Claim (¶ 113(5)) | Replacement of condenser tubing | 1990 |

| TABLE 1: CHART SUMMARIZING CHANGES TO UNITED STATES' CLAIMS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to Second Amended Complaint | Description of Project | Approximate Dates |
| | | 9th Claim (¶ 133) 13th Claim (¶ 151) | | |
| | Beckjord Unit 6 | 5th Claim (¶ 133(7)) 9th Claim (¶ 133) 13th Claim (¶ 151) | Replacement of turbine blades | Sep 1994- Nov 1994 |
| | Beckjord Unit 6 | 5th Claim (¶ 133(7)) 9th Claim (¶ 133) 13th Claim (¶ 151) | Replacement of condenser tubing | Sep 1994- Nov 1994 |
| DROP | Cayuga Unit 1 | 1st Claim (¶ 93(1)) 10th Claim (¶ 139) | Replacement of forced draft fans | Oct 1988- Nov 1988 |
| | Cayuga Unit 1 | 1st Claim (¶ 93((3)) 10th Claim (¶ 139) | Replacement of boiler reheater front pendants | Apr 1995- Jun 1995 |
| DROP | Cayuga Unit 1 | 1st Claim (¶ 93(4)) 10th Claim (¶ 139) | Replacement of high pressure feed water heater | Apr 1995- May 1995 |
| | Cayuga Unit 1 | 1st Claim (¶ 93(5)) 10th Claim (¶ 139) | Replacement of boiler lower slope tubes | Oct 1996- Dec 1996 |
| | Cayuga Unit 1 | 1st Claim (¶ 93(6)) 10th Claim (¶ 139) 14th Claim (¶ 156) | Replacement of upper sections of the economizer | Aug 1985- Oct 1985 |
| DROP | Cayuga Unit 2 | 1st Claim (¶ 93(2)) 10th Claim (¶ 139) | Replacement of forced draft fans and induced draft fan | Apr 1990- Jun 1990 |
| | Cayuga Unit 2 | 1st Claim (¶ 93(3)) 10th Claim (¶ 139) | Replacement of boiler reheater front pendants | Oct 1994- Nov 1994 |
| | Cayuga Unit 2 | 1st Claim (¶ 93(6)) | Replacement of upper sections of the economizer | Apr 1984- |

| TABLE 1: CHART SUMMARIZING CHANGES TO UNITED STATES' CLAIMS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to Second Amended Complaint | Description of Project | Approximate Dates |
| | | 10th Claim (¶ 139) 14th Claim (¶ 156) | | Jun 1984 |
| | Gallagher Unit 1 | 2nd Claim (¶ 98(1)) 7th Claim (¶ 123) 11th Claim (¶ 142) | Replacement of radiant superheater tubes | Apr 1992- Aug 1992 |
| | Gallagher Unit 1 | 2nd Claim (¶ 98(2)) 7th Claim (¶ 123) 11th Claim (¶ 142) | Replacement of high temperature superheater section | Feb 1994- Apr 1994 |
| ADD | Gallagher Unit 1 | Not pled | Replacement of pulverizer | Jun 1998 |
| | Gallagher Unit 2 | 2nd Claim (¶ 98(3)) 7th Claim (¶ 123) 11th Claim (¶ 142) | Installation of high temperature pendant sections | Apr 1986- Jun 1986 |
| | Gallagher Unit 2 | 2nd Claim (¶ 98(4)) 7th Claim (¶ 123) 11th Claim (¶ 142) | Replacement of radiant superheater tubes | Oct 1992- Jan 1993 |
| | Gallagher Unit 2 | 2nd Claim (¶ 98(5)) 7th Claim (¶ 123) 11th Claim (¶ 142) | Retubing condenser with titanium tubing | Aug 1990- Dec 1990 |
| | Gallagher Unit 3 | 2nd Claim (¶ 98(6)) 7th Claim (¶ 123) 11th Claim (¶ 142) | Installation of high temperature superheater outer pendant sections | Jan 1987- Apr 1987 |
| ADD | Gallagher Unit 3 | Not pled | Replacement of Pulverizer | Feb 1999- Apr 1999 |

16

| TABLE 1: CHART SUMMARIZING CHANGES TO UNITED STATES' CLAIMS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to Second Amended Complaint | Description of Project | Approximate Dates |
| | Gallagher Unit 4 | 2nd Claim (¶ 98(7)) 7th Claim (¶ 123) 11th Claim (¶ 142) | Installation of high temperature superheater outer pendant sections | Jan 1986- May 1986 |
| | Gibson Unit 1 | 4th Claim (¶ 108(1)) | Replacement of reheater | Apr 1997- Jun 1997 |
| DROP | Gibson Unit 2 | 4th Claim (¶ 108(2)) | Replacement of east and west sidewalls | Mar 1997- Apr 1997 |
| ADD | Gibson Unit 2 | Not Pled | Replacement of reheater section | Feb 2001- May 2001 |
| ADD | Miami Fort Unit 5 | Not pled (was in States' complaint) | Replacement of the boiler slope tubes and lower headers | Jan 1995- Mar 1995 |
| | Miami Fort Unit 7 | 6th Claim (¶ 118) | Replacement of the primary superheater | Sep 1990- Oct 1990 |
| | Miami Fort Unit 7 | 6th Claim (¶ 118) | Replacement of primary superheater phase 2 | Apr 1992- May 1992 |
| | Miami Fort Unit 7 | 6th Claim (¶ 118) | Replacement of primary superheater phase 3 | Apr 1995- May 1995 |
| ADD | Miami Fort Unit 7 | Not pled | Replacement of boiler upper water wall | 1990 |
| DROP | Wabash River Unit 1 | 3rd Claim (¶ 103(1)) 8th Claim (¶ 128) 12th Claim (¶ 146) | Replacement of intermediate & finishing superheater & reheater sections | Dec 1988- Mar 1989 |
| DROP | Wabash River Unit 1 | 3rd Claim (¶ 103(2)) 8th Claim (¶ 128) 12th Claim (¶ 146) | Replacement of front wall radiant superheater tubes | Dec 1988- Mar 1989 |

| TABLE 1: CHART SUMMARIZING CHANGES TO UNITED STATES' CLAIMS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to Second Amended Complaint | Description of Project | Approximate Dates |
| | Wabash River Unit 2 | 3rd Claim (¶ 103(2))<br>8th Claim (¶ 128)<br>12th Claim (¶ 146) | Replacement of front wall radiant superheater tubes | Jun 1989-<br>Jul 1989 |
| | Wabash River Unit 2 | 3rd Claim (¶ 103(3))<br>8th Claim (¶ 128)<br>12th Claim (¶ 146) | Replacement of high temperature finishing superheater and upper reheater assemblies | Mar 1992-<br>May 1992 |
| | Wabash River Unit 2 | 3rd Claim (¶ 103(4))<br>8th Claim (¶ 128)<br>12th Claim (¶ 146) | Replacement of reheater and superheater outlet sections | Feb 1997-<br>Mar 1997 |
| | Wabash River Unit 3 | 3rd Claim (¶ 103(5))<br>8th Claim (¶ 128)<br>12th Claim (¶ 146) | Replacement of finishing superheater, intermediate superheater, radiant superheater, and lower reheater tube bundles | Jun 1989-<br>Sep 1989 |
| DROP | Wabash River Unit 4 | 3rd Claim (¶ 103(6))<br>8th Claim (¶ 128)<br>12th Claim (¶ 146) | Replacement of superheater radiant front wall | Jan 1991- |
| | Wabash River Unit 4 | 3rd Claim (¶ 103(7))<br>8th Claim (¶ 128)<br>12th Claim (¶ 146) | Replacement of finishing superheater tubes | Apr 1995-<br>May 1995 |
| | Wabash River Unit 4 | 3rd Claim (¶ 103(8))<br>8th Claim (¶ 128)<br>12th Claim (¶ 146) | Replacement of outlet reheater tube assemblies | Feb 1996-<br>Apr 1996 |
| | Wabash River Unit 5 | 3rd Claim (¶ 103(9))<br>8th Claim (¶ 128)<br>12th Claim (¶ 146) | Replacement of economizer boiler tube hangers and hanger rods, repair of boiler structure, realignment of steam headers | Feb 1990-<br>May 1990 |
| | Wabash River Unit 6 | 3rd Claim (¶ 103(10)) | Installation of stainless steel tubed feedwater heaters | Feb 1987- |

| TABLE 1: CHART SUMMARIZING CHANGES TO UNITED STATES' CLAIMS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to Second Amended Complaint | Description of Project | Approximate Dates |
| | | 8th Claim (¶ 128) 12th Claim (¶ 146) | | May 1987 |
| DROP | Wabash River Unit 6 | 3rd Claim (¶ 103(11)) 8th Claim (¶ 128) 12th Claim (¶ 146) | Replacement of induced draft fan wheels | 1989 |
| DROP | Wabash River Unit 6 | 3rd Claim (¶ 103(12)) 8th Claim (¶ 128) 12th Claim (¶ 146) | Replacement of bottom ash hopper | 1994 |

| TABLE 2: CHART SUMMARIZING CHANGES TO STATES' CLAIMS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to First Amended Complaint | Description of Project | Approximate Dates |
|  | Beckjord Unit 1 | 1st Claim (¶ 69) 2nd Claim (¶ 79) | Boiler plant life extension | Nov 1987- Feb 1988 |
|  | Beckjord Unit 2 | 3rd Claim (¶ 88) 4th Claim (¶ 98) | Boiler plant life extension | Oct 1986- Jan 1987 |
| DROP | Beckjord Unit 2 | 3rd Claim (¶ 88) 4th Claim (¶ 98) | Replacement of turbine components | 1985-1986 |
|  | Beckjord Unit 3 | 5th Claim (¶ 107) 6th Claim (¶ 117) | Boiler life extension | Oct 1985- Jan 1986 |
|  | Beckjord Unit 4 | 7th Claim (¶ 126) 8th Claim (¶ 136) | Replacement of waterwall tubing | Mar 1989- Jun 1989 |
| DROP | Beckjord Unit 4 | 7th Claim (¶ 126) 8th Claim (¶ 136) | Replacement of induced draft fan components | Mar 1989- Jun 1989 |
|  | Beckjord Unit 4 | 7th Claim (¶ 126) 8th Claim (¶ 136) | Replacement of top bank primary superheater | Mar 1989- Jun 1989 |
|  | Beckjord Unit 4 | 7th Claim (¶ 126) 8th Claim (¶ 136) | Replacement of outer cylinder of high pressure turbine | Mar 1989- Jun 1989 |
| DROP | Beckjord Unit 4 | 7th Claim (¶ 126) 8th Claim (¶ 136) | Main generator voltage regulator | 1986-1989 |
|  | Beckjord Unit 5 | 9th Claim (¶ 145) 10th Claim (¶ 155) | Replacement of economizer | Mar 1988- Mar 1988 |
|  | Beckjord Unit 5 | 9th Claim (¶ 145) 10th Claim (¶ 155) | Replacement of high temperature reheater and reheater tubing | Jan 1991- Jan 1991 |
|  | Beckjord Unit 5 | 9th Claim (¶ 145) 10th Claim (¶ 155) | Retube condenser | Jan 1991- Jan 1991 |

| TABLE 2: CHART SUMMARIZING CHANGES TO STATES' CLAIMS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to First Amended Complaint | Description of Project | Approximate Dates |
| DROP | Beckjord Unit 6 | 11th Claim (¶ 164) 12th Claim (¶ 177) | Replacement of feedwater heaters and boiler controls | 1986-87 |
|  | Beckjord Unit 6 | 11th Claim (¶ 164) 12th Claim (¶ 177) | Replacement of turbine blades | 10 Sep 1994- 4 Nov 1994 |
|  | Beckjord Unit 6 | 11th Claim (¶ 164) 12th Claim (¶ 177) | Retube condenser | 10 Sep 1994- 4 Nov 1994 |
| DROP | Beckjord Unit 6 | 11th Claim (¶ 164) 12th Claim (¶ 177) | Induced draft fan motors | 1986-89 |
| DROP | Beckjord Unit 6 | 11th Claim (¶ 164) 12th Claim (¶ 177) | Performance of generator rewind | 1986-89 |
| DROP | Beckjord Unit 6 | 11th Claim (¶ 167) 12th Claim (¶ 179) | Replacement of pan wheels | 1990-92 |
|  | Beckjord Unit 6 | 11th Claim (¶ 167) 12th Claim (¶ 179) | Replacement of turbine blades | 1990-92 |
| DROP | Beckjord Unit 6 | 11th Claim (¶ 167) 12th Claim (¶ 179) | Boiler feed pump motors | 1990-92 |
| DROP | Cayuga Unit 1 | 13th Claim (¶ 188(a)) | Replacement of forced draft and induced draft fans | Oct 1988- Nov 1988 |
|  | Cayuga Unit 1 | 13th Claim (¶ 188(a)) | Replacement of front reheater pendants | Apr 1995- Jun 1995 |
| DROP | Cayuga Unit 1 | 13th Claim (¶ 188(a)) | Replacement of high pressure feed water heater | Apr 1995- May 1995 |
|  | Cayuga Unit 1 | 13th Claim (¶ 188(a)) | Replacement of boiler lower slope tubes | Oct 1996- Dec 1996 |

| TABLE 2: CHART SUMMARIZING CHANGES TO STATES' CLAIMS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to First Amended Complaint | Description of Project | Approximate Dates |
| | Cayuga Unit 1 | 13th Claim (¶ 188(a)) | Replacement of upper sections of the economizer | Aug 1985-1985 |
| DROP | Cayuga Unit 2 | 13th Claim (¶ 188(a)) | Replacement of forced draft and induced draft fans | Apr 1990-Jun 1990 |
| | Cayuga Unit 2 | 13th Claim (¶ 188(a)) | Replacement of front reheater pendants | Oct 1994-Nov 1994 |
| | Cayuga Unit 2 | 13th Claim (¶ 188(a)) | Replacement of upper sections of the economizer | Apr 1984-Jun 1984 |
| | Gallagher Unit 1 | 13th Claim (¶ 188(b)) | Replacement of radiant superheater tubes | Apr 1992-Aug 1992 |
| | Gallagher Unit 1 | 13th Claim (¶ 188(b)) | Replacement of high temperature superheater section | Feb 1994-Apr 1994 |
| ADD | Gallagher Unit 1 | Not pled | Pulverizer replacement | Jun 1998 |
| | Gallagher Unit 2 | 13th Claim (¶ 188(b)) | Installation of high temperature pendant sections | Apr 1986-Jun 1986 |
| | Gallagher Unit 2 | 13th Claim (¶ 188(b)) | Replacement of radiant superheater tubes | Oct 1992-Jan 1993 |
| | Gallagher Unit 2 | 13th Claim (¶ 188(b)) | Retubing condenser with titanium tubing | Aug 1990-Dec 1990 |
| | Gallagher Unit 3 | 13th Claim (¶ 188(b)) | Installation of high temperature superheater outer pendant sections | Jan 1987-Apr 1987 |
| ADD | Gallagher Unit 3 | Not pled | Pulverizer replacement | Feb 1999- |

| TABLE 2: CHART SUMMARIZING CHANGES TO STATES' CLAIMS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to First Amended Complaint | Description of Project | Approximate Dates |
| | | | | Apr 1999 |
| | Gallagher Unit 4 | 13th Claim (¶ 188(b)) | Installation of high temperature superheater outer pendant sections | Jan 1986-May 1986 |
| ADD | Gibson Unit 1 | Not pled (was in United States' Complaint) | Replacement of reheater | Apr 1997-Jun 1997 |
| ADD | Gibson Unit 2 | Not pled | Replacement of reheater section | Feb 2001-May 2001 |
| | Miami Fort Unit 5 | 14th Claim (¶ 192(a)) 15th Claim (¶ 202(a)) | Replacement of the boiler slope tubes and lower headers | 1994-95 |
| ADD | Miami Fort Unit 7 | Not pled | Replacement of the boiler upper water-wall | 1990 |
| | Miami Fort Unit 7 | 14th Claim (¶ 192(b)) 15th Claim (¶ 202(b)) | Replacement of the primary superheater | Sep 1990-Oct 1990 |
| | Miami Fort Unit 7 | 14th Claim (¶ 192(b)) 15th Claim (¶ 202(b)) | Replacement of primary superheater phase 2 | Apr 1992-May 1992 |
| | Miami Fort Unit 7 | 14th Claim (¶ 192(b)) 15th Claim (¶ 202(b)) | Replacement of primary superheater phase 3 | Apr 1995-May 1995 |
| | Miami Fort Unit 8 | 14th Claim (¶ 192(c)) 15th Claim (¶ 202(c)) | Replacement of condenser tubes | 1999-01 |
| DROP | Wabash River Unit 1 | 13th Claim (¶ 188(c)) | Replacement of intermediate and finishing superheater and reheater sections | Dec 1988-Mar 1989 |
| DROP | Wabash River Unit 1 | 13th Claim (¶ 188(c)) | Replacement of front wall radiant superheater tubes | Dec 1988-Mar 1989 |
| | Wabash River Unit 2 | 13th Claim (¶ 188(c)) | Replacement of front wall radiant superheater tubes | Jun 1989- |

23

| TABLE 2: CHART SUMMARIZING CHANGES TO STATES' CLAIMS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to First Amended Complaint | Description of Project | Approximate Dates |
| | | | | Jul 1989 |
| | Wabash River Unit 2 | 13th Claim (¶ 188(c)) | Replacement of high temperature finishing superheater and upper reheater assemblies | Mar 1992- May 1992 |
| | Wabash River Unit 2 | 13th Claim (¶ 188(c)) | Replacement of reheater and superheater outlet sections | Feb 1997- Mar 1997 |
| | Wabash River Unit 3 | 13th Claim (¶ 188(c)) | Replacement of finishing superheater, intermediate superheater, radiant superheater, and lower reheater tube bundles | Jun 1989- Sep 1989 |
| DROP | Wabash River Unit 4 | 13th Claim (¶ 188(c)) | Replacement of superheater radiant front wall | Jan 1991 |
| | Wabash River Unit 4 | 13th Claim (¶ 188(c)) | Replacement of finishing superheater tubes | Apr 1995- May 1995 |
| | Wabash River Unit 4 | 13th Claim (¶ 188(c)) | Replacement of outlet reheater tube assemblies | Feb 1996- Apr 1996 |
| | Wabash River Unit 5 | 13th Claim (¶ 188(c)) | Replacement of economizer boiler tube hangers and hanger rods, repair of boiler structure, realignment of steam headers | Feb 1990- May 1990 |
| | Wabash River Unit 6 | 13th Claim (¶ 188(c)) | Installation of stainless steel tubed feedwater heaters | Feb 1987- May 1987 |
| DROP | Wabash River Unit 6 | 13th Claim (¶ 188(c)) | Replacement of induced draft fan wheels | 1989 |
| DROP | Wabash River Unit 6 | 13th Claim (¶ 188(c)) | Replacement of bottom ash hopper | ca 1994 |

| TABLE 3: CHART SUMMARIZING CHANGES TO CITIZENS' CLAIMS WITH RESPECT TO MODIFICATIONS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to Complaint | Description of Project | Approximate Dates |
| | Beckjord Unit 1 | 4th Claim (¶ 109(1)) 7th Claim (¶ 124) 11th Claim (¶ 141) | Boiler plant life extension | Nov 1987- Feb 1988 |
| | Beckjord Unit 2 | 4th Claim (¶ 109(2)) 7th Claim (¶ 124) 11th Claim (¶ 141) | Boiler plant life extension | 1987 |
| | Beckjord Unit 3 | 4th Claim (¶ 109(3)) 7th Claim (¶ 124) 11th Claim (¶ 141) | Boiler life extension | 1983-85 |
| | Beckjord Unit 4 | 4th Claim (¶ 109(4)) 7th Claim (¶ 124) 11th Claim (¶ 141) | Replacement of waterwall tubing | 1988-1989 |
| | Beckjord Unit 4 | 4th Claim (¶ 109(4)) 7th Claim (¶ 124) 11th Claim (¶ 141) | Replacement of the induced draft fan components | 1988-1989 |
| | Beckjord Unit 4 | 4th Claim (¶ 109(4)) 7th Claim (¶ 124) 11th Claim (¶ 141) | Replacement of top bank primary superheater | 1988-1989 |
| | Beckjord Unit 4 | 4th Claim (¶ 109(4)) 7th Claim (¶ 124) 11th Claim (¶ 141) | Replacement of turbo generator equipment (throttle valves, blading, and turbine high pressure outer cylinder blading) | 1988-1989 |
| | Beckjord Unit 5 | 4th Claim (¶ 109(5)) 7th Claim (¶ 124) | Replacement of economizer | Mar 1988- Mar 1988 |

| TABLE 3: CHART SUMMARIZING CHANGES TO CITIZENS' CLAIMS WITH RESPECT TO MODIFICATIONS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to Complaint | Description of Project | Approximate Dates |
|  |  | 11th Claim (¶ 141) |  |  |
|  | Beckjord Unit 5 | 4th Claim (¶ 109(5)) 7th Claim (¶ 124) 11th Claim (¶ 141) | Replacement of high temperature reheater and reheater tubing | Jan 1991- Jan 1991 |
|  | Beckjord Unit 5 | 4th Claim (¶ 109(5)) 7th Claim (¶ 124) 11th Claim (¶ 141) | Retube condenser | Jan 1991- Jan 1991 |
|  | Beckjord Unit 6 | 4th Claim (¶ 109(6)) 7th Claim (¶ 124) 11th Claim (¶ 141) | Replacement of turbine blades | 1994-1995 |
|  | Beckjord Unit 6 | 4th Claim (¶ 109(6)) 7th Claim (¶ 124) 11th Claim (¶ 141) | Retube condenser | 1994-1995 |
| DROP | Cayuga Unit 1 | 1st Claim (¶ 94(1)) 8th Claim (¶ 129) | Replacement of forced draft | Oct 1988- Nov 1988 |
|  | Cayuga Unit 1 | 1st Claim (¶ 94(2)) 8th Claim (¶ 129) | Replacement of front reheater pendants | Apr 1995- Jun 1995 |
| DROP | Cayuga Unit 1 | 1st Claim (¶ 94(3)) 8th Claim (¶ 129) | Replacement of high pressure heater | Apr 1995- May 1995 |
|  | Cayuga Unit 1 | 1st Claim (¶ 94(4)) 8th Claim (¶ 129) | Replacement of lower slope tubes | Oct 1996- Dec 1996 |
|  | Cayuga Unit 1 | 1st Claim (¶ 94(5)) 8th Claim (¶ 129) 12th Claim (¶ 147) | Replacement of upper sections of the economizer | Aug 1985 |

26

| TABLE 3: CHART SUMMARIZING CHANGES TO CITIZENS' CLAIMS WITH RESPECT TO MODIFICATIONS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to Complaint | Description of Project | Approximate Dates |
| DROP | Cayuga Unit 2 | 1st Claim (¶ 94(1)) 8th Claim (¶ 129) | Replacement of forced draft | Apr 1990- Jun 1990 |
| | Cayuga Unit 2 | 1st Claim (¶ 94(2)) 8th Claim (¶ 129) | Replacement of front reheater pendants | Oct 1994- Nov 1994 |
| | Cayuga Unit 2 | 1st Claim (¶ 94(5)) 8th Claim (¶ 129) 12th Claim (¶ 147) | Replacement of upper sections of the economizer | Apr 1984- Jun 1984 |
| | Gallagher Unit 1 | 2nd Claim (¶ 99(1)) 5th Claim (¶ 114) 9th Claim (¶ 133) | Replacement of radiant superheater tubes | Apr 1992- Aug 1992 |
| | Gallagher Unit 1 | 2nd Claim (¶ 99(2)) 5th Claim (¶ 114) 9th Claim (¶ 133) | Replacement of high temperature superheater section | Feb 1994- Apr 1994 |
| ADD | Gallagher Unit 1 | Not Pled | Pulverizer replacement | Jun 1998 |
| | Gallagher Unit 2 | 2nd Claim (¶ 99(3)) 5th Claim (¶ 114) 9th Claim (¶ 133) | Installation of high temperature pendant sections | Apr 1986- 1988 |
| | Gallagher Unit 2 | 2nd Claim (¶ 99(4)) 5th Claim (¶ 114) 9th Claim (¶ 133) | Replacement of radiant superheater tubes | Oct 1992- Jan 1993 |
| | Gallagher Unit 2 | 2nd Claim (¶ 99(5)) 5th Claim (¶ 114) 9th Claim (¶ 133) | Retubing condenser with titantium tubing | Aug 1990- Dec 1990 |
| | Gallagher Unit 3 | 2nd Claim (¶ 99(6)) 5th Claim (¶ 114) | Installation of high temperature superheater | Jan 1987- Apr 1987 |

| TABLE 3: CHART SUMMARIZING CHANGES TO CITIZENS' CLAIMS WITH RESPECT TO MODIFICATIONS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to Complaint | Description of Project | Approximate Dates |
| | | 9th Claim (¶ 133) | outer pendant sections | |
| ADD | Gallagher Unit 3 | Not Pled | Pulverizer replacement | Feb 1999-Apr 1999 |
| | Gallagher Unit 4 | 2nd Claim (¶ 99(7)) 5th Claim (¶ 114) 9th Claim (¶ 133) | Installation of high temperature superheater outer pendant sections | Jan 1986-May 1986 |
| ADD | Gibson Unit 1 | not pled (in United States' complaint) | Replacement of reheater | Apr 1997-Jun 1997 |
| ADD | Gibson Unit 2 | not pled | Replacement of reheater section | Feb 2001-May 2001 |
| ADD | Miami Fort Unit 5 | not pled (in States' complaint) | Replacement of the boiler slope tubes and lower headers | 1994-1995 |
| ADD | Miami Fort Unit 7 | not pled (in United States' complaint) | Replacement of the primary superheater | Sept 90 Oct 90 |
| ADD | Miami Fort Unit 7 | not pled (in United States' complaint) | Replacement of primary superheater phase 2 | April 92 May 92 |
| ADD | Miami Fort Unit 7 | not pled (in United States' complaint) | Replacement of primary superheater phase 3 | April 95 May 95 |
| ADD | Miami Fort Unit 7 | not pled | Replacement of boiler | 1990 |

| TABLE 3: CHART SUMMARIZING CHANGES TO CITIZENS' CLAIMS WITH RESPECT TO MODIFICATIONS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to Complaint | Description of Project | Approximate Dates |
| | | | upper water wall | |
| ADD | Miami Fort Unit 8 | not pled (in States' complaint) | Replacement of condenser tubes | 1999-01 |
| DROP | Wabash River Unit 1 | 3rd Claim (¶ 104(1)) 6th Claim (¶ 119) 10th Claim (¶137) | Replacement of intermediate and finishing superheater and upper reheater sections | Dec 1988- Mar 1989 |
| DROP | Wabash River Unit 1 | 3rd Claim (¶ 104(2)) 6th Claim (¶ 119) 10th Claim (¶137) | Replacement of front wall radiant superheater tubes | Dec 1988- Mar 1989 |
| | Wabash River Unit 2 | 3rd Claim (¶ 104(2)) 6th Claim (¶ 119) 10th Claim (¶137) | Replacement of front wall radiant superheater tubes | Jun 1989- Jul 1989 |
| | Wabash River Unit 2 | 3rd Claim (¶ 104(3)) 6th Claim (¶ 119) 10th Claim (¶137) | Replacement of high temperature finishing superheater and upper reheater assemblies | Mar 1992- May 1992 |
| | Wabash River Unit 2 | 3rd Claim (¶ 104(4)) 6th Claim (¶ 119) 10th Claim (¶137) | Replacement of reheater and superheater outlet sections | Feb 1997- Mar 1997 |

| TABLE 3: CHART SUMMARIZING CHANGES TO CITIZENS' CLAIMS WITH RESPECT TO MODIFICATIONS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to Complaint | Description of Project | Approximate Dates |
| | Wabash River Unit 3 | 3rd Claim (¶ 104(5)) 6th Claim (¶ 119) 10th Claim (¶137) | Replacement of finishing superheater, intermediate superheater, radiant superheater, and lower reheater tube bundles | Jun 1989- Sep 1989 |
| DROP | Wabash River Unit 4 | 3rd Claim (¶ 104(6)) 6th Claim (¶ 119) 10th Claim (¶137) | Replacement of superheater radiant front wall | Jan 1991 |
| | Wabash River Unit 4 | 3rd Claim (¶ 104(7)) 6th Claim (¶ 119) 10th Claim (¶137) | Replacement of finishing superheater tubes | Apr 1995- May 1995 |
| | Wabash River Unit 4 | 3rd Claim (¶ 104(8)) 6th Claim (¶ 119) 10th Claim (¶137) | Replacement of outlet reheater tube assemblies | Feb 1996- Apr 1996 |
| | Wabash River Unit 5 | 3rd Claim (¶ 104(9)) 6th Claim (¶ 119) 10th Claim (¶137) | Replacement of economizer boiler tube hangers & hanger rods, repair of boiler structure, realign. of steam headers | Feb 1990- May 1990 |
| | Wabash River Unit 6 | 3rd Claim (¶ 104(10)) 6th Claim (¶ 119) | Installation of stainless steel tubed feedwater | Feb 1987- May 1987 |

| TABLE 3: CHART SUMMARIZING CHANGES TO CITIZENS' CLAIMS WITH RESPECT TO MODIFICATIONS | | | | |
|---|---|---|---|---|
| Change | Plant | Citations to Complaint | Description of Project | Approximate Dates |
| | | 10th Claim (¶137) | heaters | |
| DROP | Wabash River Unit 6 | 3rd Claim (¶ 104(11)) 6th Claim (¶ 119) 10th Claim (¶137) | Replacement of induced draft fan wheels | 1989 |
| DROP | Wabash River Unit 6 | 3rd Claim (¶ 104(12)) 6th Claim (¶ 119) 10th Claim (¶137) | Replacement of bottom ash hopper | 1994 |