UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
|   Plaintiffs, | ) |
| | ) |
|     vs. | )   CAUSE NO.  1:99-cv-1693-LJM/VSS |
| | ) |
| CINERGY CORP., et al., | ) |
| | ) |
|   Defendants. | ) |

### ENTRY ON MOTION TO COMPEL PLAINTIFF-INTERVENOR STATES TO PROVIDE DISCOVERY

This cause is before the magistrate judge on the defendants' motion entitled Motion to Compel Plaintiff-Intervenor States to Provide Discovery and for Reimbursement of Fees and Expenses Under Fed. R. Civ. P. 37.  The motion is fully briefed, and the magistrate judge, having reviewed the parties' briefs and heard and considered the parties' oral arguments, **DENIES** the motion for the reasons set forth below.

The defendants' motion presents two issues, the first of which is easily disposed of.  The defendants' main argument is that the magistrate judge's entries resolving the defendants' motion to compel responses to their interrogatories no. 6 and 9 apply to the intervenor states along with the EPA.  While that argument is not unreasonable, given the use of the word "plaintiffs" in the entries and in some parts of the motions and accompanying briefs (although not the initial prayer for relief), the magistrate judge did not understand from the parties' briefs and oral arguments that the defendants were seeking to compel discovery from the intervenor states independent from the discovery sought from the EPA.  Thus, the magistrate judge's entries were not intended to apply to the intervenor states.

The second issue, then, is the extent of the intervenor states' obligation to respond to

interrogatories nos. 6 and 9 and related deposition topics nos. 6 and 7, all of which seek, in the defendants' words, "the facts supporting the United States' and Plaintiff-Intervenors' (including the States') allegations that the Cinergy Companies' power plant projects each caused a significant net emissions increase for purposes of the New Source Review ("NSR") provisions of the Clean Air Act." Defendants' Brief at 1. There is no question that the plaintiffs will have to produce expert reports that set forth the factual basis for their claims that they intend to assert at trial. The defendants successfully argued that they also were entitled to discover the emissions calculations performed by EPA employees prior to the filing of this suit because those calculations "are relevant both to the issue of whether such increases did or did not take place and to the issue of what the appropriate method of calculating such increases (or decreases) is." Entry on Motion to Compel, July 22, 2004, at 2. The defendants now argue that the reasoning behind that order compelling the EPA to answer applies equally to the intervenor states.

The magistrate judge disagrees. It is the magistrate judge's understanding that, unlike the EPA, any emissions calculations conducted by the intervenor states prior to filing suit were performed by non-testifying consulting experts for the sole purpose of determining whether the states should intervene in the EPA's suit against the defendants. Further, while how the EPA's engineers performed the relevant emissions calculations at any time–including prior to this suit being filed–is highly relevant to the issue of how those calculations should be calculated under the EPA's own regulations, the magistrate judge is unconvinced that how non-testifying consulting experts hired by the intervenor states performed the calculations is similarly relevant. Rather, this type of information falls squarely under Federal Rule of Civil Procedure 26(b)(4)(B) and is not discoverable absent a showing of exceptional circumstances that are not present here.

It is the magistrate judge's understanding that the intervenor states already have produced a

privilege log listing all responsive documents it has withheld as privileged pursuant to Rule 26(b)(4)(B) or otherwise.  If that is the case, they have fulfilled their obligation vis-a-vis the discovery at issue, and the instant motion to compel therefore is denied in its entirety.

ENTERED this 20th day of September, 2004.

*V. Sue Shields*

V. Sue Shields
United States Magistrate Judge
Southern District of Indiana

Copies to:[1]

Scott R. Alexander
Sommer Barnard Ackerson PC
salexander@sbalawyers.com

Samuel B. Boxerman
Sidley Austin Brown & Wood LLP
sboxerman@sidley.com; gakers@sidley.com

Kevin P. Auerbacher
New Jersey Dept. of Law & Public Safety
auerbkev@law.dol.lps.state.nj.us

David T. Buente
Sidley Austin Brown & Wood, LLP
dbuente@sidley.com

Robert R. Clark
Sommer Barnard Ackerson, PC
rclark@sbalawyers.com

Larry Martin Corcoran
Environmental and Natural Resources Div.
larry.corcoran@usdoj.gov

Steven David Ellis
Environmental and Natural Resources Div.
steven.ellis@usdoj.gov

Julie L. Ezell
Cinergy Services, Inc.
Julie.ezell@cinergy.com

Richard Mark Gladstein
U.S. Department of Justice
richard.gladstein@usdoj.gov

Thomas Charles Green
Sidley Austin Brown & Wood LLP
tcgreen@sidley.com

---

[1]The magistrate judge notes that there are eight attorneys of record in this case who still have not provided the court with an email address for distribution purposes, despite the magistrate judge's urging that they do so.  As of September 1, 2004, the failure to register to use the court's electronic filing system constitutes a violation of Local Rule 5.7(b).  Until these attorneys comply with the local rules and register to receive electronic notification, it will be the responsibility of their co-counsel to ensure that they are aware of the court's entries and orders.

Maurice A. Griffin
New Jersey Dept. of Law & Public Safety
griffmau@law.dol.lps.state.nj.us

Sarah Dale Himmelhoch
U.S. Department of Justice
sarah.himmelhock@usdoj.gov

R. Keith Guthrie
k.guthrie@insightbb.com

Ann Renfrew Johnston
Law Office of Ann Johnston
annrjohnston@aol.com

Eugene J. Kelly
New York State Attorney General
epaejk@oag.state.ny.us

Thomas E. Kieper
U.S. Attorney's Office
tom.kieper@usdoj.gov

James A. King
Porter Wright Morris & Arthur, LLP
jking@porterwright.com

Debra McVicker Lynch
Sommer Barnard Ackerson
dlynch@sbalawyers.com

Carmel Alicia Motherway
Connecticut Attorney General
carmel.motherway@po.state.ct.us

Scott E. North
Porter Wright Morris & Arthur, LLP
snorth@porterwright.com

Jon C. Martin
State of New Jersey
martijon@law.dol.lps.state.nj.us

Jean Patrice Reilly
State of New Jersey
reilljea@law.dol.lps.state.nj.us

Robert T. Rosenthal
New York Attorney General's Office
robert.rosenthal@oag.state.ny.us

Jeffrey K. Sands
U.S. Department of Justice
jeffrey.sands@usdoj.gov

Jose A. Suarez
Office of the Attorney General
jose.suarez@po.state.ct.us

Kathryn B. Thomson
Sidley Austin Brown & Wood, LLP
kthomson@sidley.com

Gaylene Vasaturo
U.S. Environmental Protection Agency
vasaturo.gaylene@epa.gov

Alan Jeffrey Birnbaum
Clean Air Task Force
abirnbaum@catf.us

John D. Papageorge
Sommer Barnard Ackerson
jpapageorge@sbalawyers.com
csmith@sbalawyers.com

J. Jared Snyder
Office of the Attorney General
jared.snyder@oag.state.ny.us

Frank R. Volpe
Sidley Austin Brown & Wood LLP
fvolpe@sidley.com

Christopher D. Ball
New Jersey Office of the Attorney General
christopher.ball@dol.lps.state.nj.us