UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
|     vs. ) | CAUSE NO. 1:99-cv-1693-LJM/VSS |
| ) | |
| CINERGY CORP., et al., ) | |
| ) | |
|   Defendants. ) | |

## ENTRY ON MOTION FOR A PROTECTIVE ORDER ON DEPOSITION DISCOVERY

This cause is before the magistrate judge on the defendants' Motion for a Protective Order on Deposition Discovery. The motion is fully briefed, and the magistrate judge, being duly advised, **DENIES** the motion to the extent and for the reasons set forth below.

In their motion, the defendants ask that ten Rule 30(b)(6) deposition notices recently served by the plaintiffs be quashed and that the plaintiffs be limited to taking five additional individual depositions and no additional Rule 30(b)(6) depositions. The parties in this case agreed early on to waive the limit on depositions set forth in the Federal Rules of Civil Procedure. This is a decision the defendants now deeply regret. The defendants argue that the plaintiffs' discovery in this case is abusive, and the magistrate judge has no doubt that it feels that way to the defendants. Unlike the defendants, however, the magistrate judge chooses to believe that this is not due to any improper motive on behalf of the plaintiffs, but rather is due to a combination of the complexity of the case and the agreed lack of limitation on the number of depositions. Limiting a party to a certain number of depositions (or interrogatories, etc.) plays a very important role: it forces the party to have a master discovery plan in place from the outset to ensure that it uses its allotted discovery

wisely. There is always more discovery one can do and more questions one can ask, and without limits in place it is not surprising that the plaintiffs have been extremely expansive in their discovery efforts.

So, while the magistrate judge agrees with the defendants that, in retrospect, counsel's no-limits discovery agreement has been a failure, it would be unfair to abruptly and somewhat arbitrarily pull the plug on plaintiffs' discovery efforts at this point, considering that their discovery plan thus far has been premised on their ability to take unlimited depositions. Therefore, the magistrate judge declines to quash the ten deposition notices that the plaintiffs already have served. However, counsel for the parties shall meet and confer with one another, in person, to discuss the pending notices and attempt to narrow their scope as much as possible in light of the extensive discovery that already has been taken, and the magistrate judge urges the plaintiffs to consider carefully whether each of these depositions is necessary.[1] After these depositions are completed, the plaintiffs will be permitted to take only three additional depositions (which can be individual or Rule 30(b)(6) depositions) without the agreement of the defendants or leave of court.

SO ORDERED:

---

[1] The defendants object that most of the topics in the noticed Rule 30(b)(6) depositions are duplicative of topics already covered in individual depositions. However, unless the defendants agree to be bound by the testimony of the individuals who have been deposed, the plaintiffs are entitled to take Rule 30(b)(6) depositions to obtain the testimony of the corporate entities themselves.

Copies to:[3]

Scott R. Alexander
Sommer Barnard Ackerson PC
salexander@sbalawyers.com

Christopher D. Ball
New Jersey Office of the Attorney General
christopher.ball@dol.lps.state.nj.us

Deborah Nicole Behles
Us Department of Justice
deborah.behles@usdoj.gov

Alan Jeffrey Birnbaum
Clean Air Task Force
abirnbaum@catf.us

Samuel B. Boxerman
Sidley Austin Brown & Wood LLP
sboxerman@sidley.com; gakers@sidley.com

Kevin P. Auerbacher
New Jersey Dept. of Law & Public Safety
auerbkev@law.dol.lps.state.nj.us

David T. Buente
Sidley Austin Brown & Wood, LLP
dbuente@sidley.com

Robert R. Clark
Sommer Barnard Ackerson, PC
rclark@sbalawyers.com

Larry Martin Corcoran
Environmental and Natural Resources Div.
larry.corcoran@usdoj.gov

Steven David Ellis
Environmental and Natural Resources Div.
steven.ellis@usdoj.gov

Julie L. Ezell
Cinergy Services, Inc.
Julie.ezell@cinergy.com

Richard Mark Gladstein
U.S. Department of Justice
richard.gladstein@usdoj.gov

Thomas Charles Green
Sidley Austin Brown & Wood LLP
tcgreen@sidley.com

Maurice A. Griffin
New Jersey Dept. of Law & Public Safety
maurice.griffin@dol.lps.state.nj.us

Sarah Dale Himmelhoch
U.S. Department of Justice
sarah.himmelhock@usdoj.gov

R. Keith Guthrie
kgmail@comcast.net

Ann Renfrew Johnston
Law Office of Ann Johnston
annrjohnston@aol.com

Eugene J. Kelly
New York State Attorney General
epaejk@oag.state.ny.us

---

[3]The magistrate judge notes that there are seven attorneys of record in this case who still have not provided the court with an email address for distribution purposes, despite the magistrate judge's urging that they do so. As of September 1, 2004, the failure to register to use the court's electronic filing system constitutes a violation of Local Rule 5.7(b). Until these attorneys comply with the local rules and register to receive electronic notification, it will be the responsibility of their co-counsel to ensure that they are aware of the court's entries and orders.

Thomas E. Kieper
U.S. Attorney's Office
tom.kieper@usdoj.gov

James A. King
Porter Wright Morris & Arthur, LLP
jking@porterwright.com

Christine F. Lewis
New Jersey Office of the Attorney General
christine.lewis@dol.lps.state.nj.us

Debra McVicker Lynch
Sommer Barnard Ackerson
dlynch@sbalawyers.com

Carmel Alicia Motherway
Connecticut Attorney General
carmel.motherway@po.state.ct.us

Michael Joseph Myers
New York State Department of Law
michael.myers@oag.state.ny.us

Scott E. North
Porter Wright Morris & Arthur, LLP
snorth@porterwright.com

Jon C. Martin
State of New Jersey
martijon@law.dol.lps.state.nj.us

Jean Patrice Reilly
State of New Jersey
reilljea@law.dol.lps.state.nj.us

Robert T. Rosenthal
New York Attorney General's Office
robert.rosenthal@oag.state.ny.us

Jeffrey K. Sands
U.S. Department of Justice
jeffrey.sands@usdoj.gov

Jose A. Suarez
Office of the Attorney General
jose.suarez@po.state.ct.us

Kathryn B. Thomson
Sidley Austin Brown & Wood, LLP
kthomson@sidley.com

Gaylene Vasaturo
U.S. Environmental Protection Agency
vasaturo.gaylene@epa.gov

John D. Papageorge
Sommer Barnard Ackerson
jpapageorge@sbalawyers.com
csmith@sbalawyers.com

J. Jared Snyder
Office of the Attorney General
jared.snyder@oag.state.ny.us

Frank R. Volpe
Sidley Austin Brown & Wood LLP
fvolpe@sidley.com

Stephen Gerard Vitelli
Connecticut Attorney General's Office
stephen.vitelli@po.state.ct.us

Crissy Lyn Pellegrin
Environmental Protection Agency
pellegrin.crissy@epa.gov
cpellegrin_sammarco@hotmail.com

Katherine Lynn Vanderhook
United States Department of Justice
katherine.vanderhook@usdoj.gov