UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| STATE OF NEW YORK, STATE OF NEW | ) | |
| JERSEY, STATE OF CONNECTICUT, and | ) | |
| HOOSIER ENVIRONMENTAL COUNCIL, | ) | |
| Plaintiff-Intervenors | ) | |
| | ) | |
| vs. | ) | 1:99-cv-1693-LJM-VSS |
| | ) | |
| CINERGY CORP., PSI ENERGY, INC. and | ) | |
| THE CINCINNATI GAS & ELECTRIC | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |

## ORDER ON THE USA'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

This matter is before the Court on the motion of plaintiff, the United States of America ("USA"), for a partial judgment on the pleadings on certain of the defenses asserted by defendants Cinergy Corp, PSI Energy, Inc., and The Cincinnati Gas & Electric Company (collectively, "Cinergy"). The parties have fully briefed their arguments, and the USA's motion (the "Motion") is now ripe for ruling. For the reasons set forth in detail below, the USA's motion is **GRANTED in part and DENIED in part**.

## I.  BACKGROUND

The USA filed its original complaint against Cinergy on November 3, 1999, alleging Cinergy had violated the Clear Air Act ("CAA") when it modified power plants without first obtaining the

permits or installing pollution controls, as required by the New Source Review ("NSR")[1] provisions of the Act.  In its Third Amended Complaint, the USA identified approximately 30 projects located at six power plants that the USA alleges triggered NSR.  The USA brings its claims under 42 U.S.C. §§ 7413(b)(1), (b)(2) and 7477.  Plaintiff-Intervenors State of New York, State of New Jersey, State of Connecticut and the Hoosier Environmental Council (collectively, "States") have brought citizen enforcement actions pursuant to 42 U.S.C. § 7604.

Cinergy answered the various complaints on July 26, 2004, asserting more than 40 defenses to the claims.  The USA seeks judgment in its favor on thirteen of Cinergy's defenses.[2]

## II. <u>STANDARD</u>

Rule 12(c) of the Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer.  In considering a motion for judgment on the pleadings, courts employ the same standard as that applied to a motion to dismiss under Rule 12(b).  *See Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).  "The purpose of a motion to dismiss is to test the sufficiency of the [pleading], not to decide the merits."  *Gibson v.*

---

[1]The acronym "NSR" is used to refer to EPA's New Source Review provisions.  In the context of this action, NSR is also often used to refer collectively to NSR, the PSD (Prevention of Significant Deterioration) provisions, and NSPS (New Source Performance Standards) provisions.  Although there are important difference between the programs, the Court, like the parties, will use NSR to refer to all of these programs, or will refer to them individually as necessary.

[2]To the extent judgment is granted in the USA's favor, the judgment is equally applicable to the Plaintiff-Intervenors.

*City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Thus, the motion will be granted only if it appears beyond a doubt that the defendant cannot prove any facts that would support its claims or defenses.  *Northern Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452.  In determining whether judgment on the pleadings is proper, the Court accepts as true all well-pleaded facts and draws all reasonable inferences from the pleadings in favor of the non-moving party.  *See Gillman v. Burlington N. Ry. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989).


## III.  DISCUSSION

As a preliminary matter, Cinergy has agreed to withdraw is defenses of waiver, Tenth Amendment violation, and takings.  Those defenses are **DISMISSED**.


### A.  FAILURE TO STATE A CLAIM (SECOND DEFENSE)

The USA seeks a judgment on Cinergy's claim that the USA has failed to state a claim upon which relief can be granted.  The USA argues that because the Court has already allowed the USA to amend its complaint, and thus found that the amendment was not futile, the Court has implicitly decided that the complaint will withstand a motion to dismiss.  Motion at 5.  The USA further relies on this Court's rulings in *United States v. Southern Indiana Gas and Elec. Co.*, IP 99-1692 C M/S ("*SIGECO*"), as well as two cases from the Southern District of Ohio to demonstrate that its claims have basis in both law and fact.  *Id.* at 5-6.

Cinergy responds that the defense of failure to state a claim can be raised in its answer, by motion,  or at trial, and also that the Court's decision to allow the USA to amend its complaint does not preclude the defense.  Response at 24, citing *Baisten v. Peters*, No. 91 C 7673, 1993 WL 39724,

at *2 (N.D. Ill. Feb. 12, 1993).

The Court agrees with the USA's position because, as the USA notes in its Reply, the "failure to state a claim upon which relief can be granted" defense is "clutter" in this case, not a defense of any substance. *See* Reply at 14, quoting *Surface Shields, Inc. v. Poly-Tak Prot. Sys.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003). Cinergy has not plead any basis for the defense, and merely recites the legal standard without explanation of its application to this case. Cinergy's pleading is insufficient. *See American Top English v. Lexicon Mktg (USA),* No. 03 C 7021, 2004 WL 2271838, *10 (N.D. Ill. Oct. 4, 2004); *Anicom, Inc. v. Netwolves Corp.*, N. 00 C 2088, 2000 WL 1644543, *3 (N.D. Ill. Oct. 27, 2000).

If Cinergy finds that the USA does not have sufficient facts to support any or all of its claims, Cinergy can move for summary judgment or move for a judgment on the evidence at trial. The USA's motion for judgment on Cinergy's Second Defense is **GRANTED**.

## B. STATUTE OF LIMITATIONS (THIRD DEFENSE)

This Court ruled in *SIGECO* that 28 U.S.C. § 2462 applies to the USA's claim for civil penalties, which meant that the penalty claims against SIGECO for projects completed more than five years before the USA brought its suit were barred. *See SIGECO*, 2002 WL 1760752, *8 (S.D. Ind. July 26, 2002) ("*SIGECO 2*"). Thus, the USA moves for a judgment only that Cinergy's statute of limitations defense has no merit as to the USA's claims for injunctive relief. Motion at 7. Cinergy argues that the injunctive relief is punitive and would force the expenditure of money, thus transforming the injunction into a penalty. Response at 24-25. Cinergy reasons that when imposed as a penalty, injunctive relief is also barred by Section 2462.

4

Section 2462 reads that "[e]xcept as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued." 28 U.S.C. § 2462.  One case on which the USA relies is *United States v. Telluride Co.*, 146 F.3d 1241 (10th Cir. 1998).  There, the Tenth Circuit confirmed that Section 2462 should be construed narrowly, and in favor of the government.  *Telluride*, 146 F.3d at 1244-45.  However, the court also found that the words "pecuniary or otherwise" modifies both "penalty" and "forfeiture." *Id.* at 1245.  Thus, the court found that Section 2462 applies to non-monetary penalties.  *Id.  See also Johnson v. S.E.C.*, 87 F.3d 484, 487-88 & n.5 (C.A.D.C. 1996) (concluding that Section 2462 applies both to pecuniary and nonpecuniary penalties).  In *Telluride*, the Court ultimately found that the injunction sought in that case was not a penalty because it did not seek compensation "unrelated to, or in excess, of the damages caused by the defendant." *Id.* at 1246.  In *United States v. American Elec. Power Serv. Corp.*, 137 F. Supp. 2d 1060, 1068 (S.D. Ohio 2001), the court found that an injunction requiring the defendant in a CAA case to spend significant amounts of money to remedy past conduct was remedial, rather than punitive.  The Court noted that certain facts may change the remedial nature or extent of an injunction, but that those issues must be decided on the merits.  *Id.* The court refused to rule, on the defendants' motion to dismiss, that injunctive relief is always a penalty.  *Id.*  This Court finds it equally inappropriate to rule that injunctive relief is never a penalty.

The Court concludes that claims for injunctive relief can be penalty claims under certain facts, and thus subject to 28 U.S.C. § 2462.  Whether that is the case here depends on facts to be revealed and discussed at a later time, relating to the measure and type of actual compensation.  Accordingly, because the USA cannot show that Cinergy could allege no set of facts that would

support its statute of limitations defense, the USA's motion for judgment on that defense is **DENIED**.

## C. RULEMAKING DEFENSES

### 1. Whether the EPA has violated the Federal Register Act (Nineteenth Defense)

The Federal Register Act ("FRA"), 44 U.S.C. §§ 1501-1544, requires a federal agency to publish in the Federal Register documents "having general applicability and legal effect," and "documents or classes of documents that may be required so to be published by Act of Congress." *See* 44 U.S.C. § 1505(a). This includes documents or orders that prescribe a penalty. *Id.* Cinergy asserts a defense that the USA's interpretation in this case of the NSR rules is new, and thus subject to the FRA; because EPA did not comply with the FRA's publication requirements, Cinergy did not have notice of the "new versions of the NSR regulations." Cinergy's Int. Resp. at 226-28.

First, the USA explains that EPA is not seeking to enforce a new interpretation of the NSR rules, but rather the same interpretation that this Court and others has already upheld. Motion at 26. The USA argues that the standards of conduct to which it seeks to hold Cinergy are consistent with the regulations and are not new rules that must be published in the Federal Register. Reply at 2-3. The USA also argues that this Court does not have jurisdiction to review final EPA rules under the CAA, because the CAA grants that jurisdiction solely to the United States Court of Appeals for the District of Columbia Circuit. *Id.* 27, citing 42 U.S.C. § 7607(b).

In response, Cinergy asserts that certain of the USA's theories of liability – including EPA's standards for calculating emissions increases and the definition of routine maintenance, repair and replacement – were never published in the Federal Register. Response at 4. Despite this Court's

6

ruling in *SIGECO*, 2003 WL 446280, *5 (S.D. Ind. Feb. 18, 2003) ("*SIGECO 6*"), granting the USA summary judgment on this defense, Cinergy argues that the defense is "well established" and should not be stricken without an opportunity to present facts in support. *Id.*

Cinergy does not seek to challenge a specific order or regulation, but merely the USA's interpretation of them. These interpretations do not prescribe a penalty. Cinergy cites to cases that stand for the proposition that a document that prescribes a "course of conduct" also is subject to the FRA. Those opinions are distinguished because they are based upon specific directions or instructions. *See United States v. Aarons*, 310 F.2d 341, 345-46 (2d Cir. 1962) (finding that "Special Notice" should have been published in the Federal Register, where it closed a portion of the Thames River and forbid all persons and vessels to remain outside the closed portion or risk a penalty); *United States v. Morelock*, 124 F. Supp. 932, 944 (D. Md. 1954) (finding that unpublished Instruction, which imposed an affirmative duty in addition to those included in the Agricultural Marketing Act, was not binding); *United States v. Birnbaum*, 55 F. Supp. 356, 358 (S.D.N.Y. 1944) (finding that Notes that regulate the issuance of alien visas were not published, and so not intended to have "general applicability and legal effect").

The USA's enforcement action does not seek to impose a new course of conduct; it seeks to enforce statutory and regulatory courses of conduct. The interpretation and application of the law is not a new and separate law of its own. *See Wisconsin Elec. Power Co. v. Reilly*, 893 F.2d 901, 906 (7th Cir. 1990) (explaining that courts generally afford substantial deference to EPA's interpretations of the CAA). As this Court previously has determined, EPA's position in this case is not a new rule. *See SIGECO 6*, 2003 WL 446280 at *5; *SIGECO*, 2002 WL 31427523, *10 (S.D.

Ind. Oct. 24, 2002) ("*SIGECO 4*").  The USA's motion on Cinergy's Nineteenth Defense is **GRANTED**.

### 2.  Whether the EPA has violated the Congressional Review of Agency Rulemaking Act (Twenty-Fourth Defense)

The Congressional Review of Agency Rulemaking Act ("CRARA"), 5 U.S.C. §§ 801-808, requires a federal agency to follow certain steps when promulgating a rule, including submitting the rule to Congress for approval.  The USA argues that its interpretations in this case are not new rules, and that this Court lacks jurisdiction to determine Cinergy's CRARA defense.  First, while the Court's jurisdiction under the CRARA is limited, the Court does have jurisdiction to decide whether EPA complied with the CRARA.  *See SIGECO 4*, 2002 WL 31427523 at *6.  However, as explained in part C.1. above, EPA's interpretation of the NSR regulations and this enforcement action are not new rules.

The CRARA defines a "rule" in the same way as the Administrative Procedure Act.  5 U.S.C. § 804.  That definition provides:

> "[R]ule" means the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency . . . .

The CRARA applies only to new policies or rules promulgated after its March, 1996, effective date; thus, the CRARA is only applicable if a new EPA rule came into effect after that date.  This Court agrees with the Southern District of Ohio that the USA's present enforcement action is not subject to the CRARA.  *See United States v. American Elec. Power Serv. Corp.* ("*AEP 2*"), 218 F. Supp. 2d 931, 949 (S.D. Ohio 2002).  The EPA interpretations sought to be enforced in this action

also are not new rules. As this Court previously has found, EPA's current interpretations of the NSR rules are consistent with the language of the CAA and do not constitute new, post-1996 rules. *See SIGECO 4*, 2002 WL 31427523 at * 10. The USA's motion for judgment on Cinergy's Twenty-Fourth Defense is **GRANTED**.

## D.  NEW NSR RULES (TWENTY-FIFTH DEFENSE)

The USA seeks judgment on Cinergy's defense that new NSR rules, which EPA promulgated after commencement of this litigation, should apply to this case and may affect any remedial relief. The USA argues that one of those new rules, promulgated on October 27, 2003, has been stayed by the Court of Appeals for the D.C. Circuit, and that the new regulation would not apply retroactively to Cinergy in this case. Motion at 29. Cinergy asserts its defense based on the October, 2003, rule and another rule promulgated on December 31, 2002. Response at 7. According to Cinergy, even thought the rules will not apply retroactively, the rules and EPA statements regarding them may be considered by this Court as equitable factors affecting a remedy. *Id.*

The Court agrees that while the new rules will not aid Cinergy in its defense of the merits, the USA has not shown that Cinergy could demonstrate no facts to support its defense that new rules may be equitable factors for the Court to consider in fashioning relief. The USA's motion for judgment on Cinergy's Twenty-Fifth Defense is **DENIED**.

## E.  CONSTITUTIONAL DEFENSES

### 1.  Eighth Amendment (Fifteenth Defense)

The USA seeks judgment on this defense on the basis that the Court has discretion to

consider several factors when setting a penalty under the CAA, and the discretion to impose a fine less than the maximum the statute allows.  Motion at 19-20.  The USA also argues that because it seeks penalties within the statutory maximum, even the maximum cannot be deemed excessive *per se*.  *Id.* at 20-21.  Finally, the USA asks the Court to, at a minimum, dismiss the defense without prejudice, allowing Cinergy to raise it again at the penalty phase of the case.  *Id.* at 21.

Cinergy refutes the idea that simply because a penalty is within a statutory limit it is constitutional.  Response at 10.  Instead, Cinergy argues, whether a fine is excessive is a factual question that cannot be determine until the penalty is assessed.

It seems to the Court that Cinergy does not assert that the CAA penalty provisions are *per se* unconstitutional.  The Court agrees that Cinergy may wish to pursue its Eighth Amendment challenge at a later time, if penalties are imposed.  *See AEP 2*, 218 F. Supp. 2d at 942.  Even cases cited by the USA support the idea that whether a fine is constitutional as applied cannot be determined until after the fine is imposed.  *See* Response at 21-22 (citing, *inter alia*, *United States v. Fleetwood Enter., Inc.*, 689 F. Supp. 389, 392 (D. Del. 1988) (denying government's motion for judgment on defense that fine violated Eighth Amendment as applied)).  The USA's motion for judgment on the defense is **DENIED**.


## 2.  Selective Enforcement (Eleventh Defense)

Cinergy has brought this defense under the Fifth Amendment, alleging that the USA has brought NSR enforcement actions against a select group of Midwest companies, "in an unconstitutionally discriminatory and arbitrary manner."  Response at 12.  The USA seeks judgment on this defense, arguing that Cinergy has not alleged the USA chose to take action against it based

on an arbitrary classification such as race or religion. *See* Motion at 14, citing *Wayte v. United States*, 470 U.S. 598, 608 (1985). The USA also points out that Cinergy's claim fails because it did not allege it was "intentionally treated differently from others similarly situated and there is not rational basis for the difference in treatment." Motion at 15, quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2001). Courts also have stated that to demonstrate selective enforcement, a party must show the action was motivated by an intent to discriminate, to punish or inhibit the exercise of constitutional rights, or was done with malice or bad faith. *Wright v. MetroHealth Med. Center*, 58 F.3d 1130, 1137 n.7 (6th Cir. 1995).

It is not enough to show that the USA may have selected certain companies for enforcement; Cinergy must allege, and later prove, that the selection was based on an impermissible consideration or was motivated by an intent to injure Cinergy. *See id.* Cinergy's allegation that the USA singled out Midwest coal-fired power companies does not allege any of the impermissible purposes. Cinergy tries to support its defense with citation to *Village of Willowbrook*, 528 U.S. at 564. However, that case involved a citizen suing her town for irrationally and arbitrarily requiring a larger easement to connect city water than it required from other citizens, out of spite. The plaintiff's allegation in that case was that the Village had ill will against her, resulting from another earlier successful lawsuit she brought against it. *Id.* at 563. The law in the Seventh Circuit, the source of *Village of Willowbrook*, is that the "class of one" must show it was deprived of equal protection of the laws "for reasons of a personal nature unrelated to the duties" of the person or agency enforcing the law. *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000). Cinergy made no such allegation. The USA's motion for judgment on Cinergy's selective enforcement defense is **GRANTED**.

11

### 3.  Due Process (Thirty-First Defense)

Cinergy has pleaded that this enforcement action is a collateral attack on the states' interpretations of their SIPs, in violation of the Fifth Amendment and of the CAA.  The USA seeks judgment on this defense on the grounds that SIPs are federal law, and EPA is entitled to enforce them.  Motion at 24-25.  Further, the USA points out that this Court already has determined, in *SIGECO*, that a state agency's interpretation of a project does not preclude the USA from bringing an enforcement action.  *Id.* at 25, citing *SIGECO 6*, 2003 WL 446280 at *7.

Cinergy responds that in *SIGECO 6*, the Court also noted that state determinations may be relevant during a penalty phase of an enforcement action.  Response at 20.  Cinergy argues that because the states are authorized to promulgate their own regulations and administer the CAA within their borders, as well as conduct inspection, grant or deny permits, and make applicability determinations, the states' interpretations of the NSR rules deserve deference.  *Id.* at 21.  Cinergy asserts it should be permitted to introduce the states' determinations or other actions as a defense to liability, or with respect to the relief granted the USA at a minimum.  *Id.* at 23.

The USA is correct that this Court already has determined that an enforcement action, brought pursuant to 42 U.S.C. § 7413(a) & (b)(1), is not precluded by a state's earlier determination.  *See United States v. SIGECO*, 2002 WL 1760699, *4 (S.D. Ind. July 26, 2002) ("*SIGECO 3*").  In *United States v. AM General*, 34 F.3d 472  (7th Cir. 1994), the Seventh Circuit Court of Appeals found only that EPA may not bring suit against the source of emissions when it finds *after* the modification is made that there has been a violation by the *state*.  EPA brought its suit in that case

12

based on 42 U.S.C. § 7413(b)(3)[3], which imposes a penalty on anyone who "attempts to construct or modify" a source of emissions when EPA already has determined the state is not in compliance with the CAA. *See AM General*, 34 F.3d at 474. The court found that under § 7413(b)(3), it was logical for Congress to have withheld a penalty, where the construction was completed according to a seemingly valid permit before EPA challenged the state's rule. *Id.* The court specifically withheld ruling on the "unsettled question whether operating under a duly issue permit, albeit one that should not have been issued because it failed to impose requirements found in a state implementation plan, violates that plan." *Id.* The court assumed on the basis of the statutory language that the answer was "yes."

Accordingly, the Court finds here, as it did in *SIGECO 3*, that the CAA permits federal enforcement of the CAA under 42 U.S.C. § 7313(b)(2), regardless of any previous state determination. Cinergy makes no argument to support its defense that the enforcement action violated the Fifth Amendment right to due process. The USA's motion for judgment on this defense is **GRANTED**.

### F. NOTICES OF VIOLATION (TWENTY-NINTH DEFENSE)

At least 30 days prior to bringing a civil action for violations of an SIP, EPA must issue a notice of violation. 42 U.S.C. § 7413(a)(1). However, for claims brought pursuant to 42 U.S.C. § 7413(b)(2), there is no notification requirement. The USA asks the Court to find in its favor on Cinergy's defense that the USA failed to give notification of its allegations that Cinergy violated the

---

[3]The suit actually was brought pursuant to 42 U.S.C. § 7413(b)(5), which was the predecessor of section 7413(b)(3), prior to the 1990 amendments to the CAA.

13

Title V permitting program, arguing that these claims were brought pursuant to section 7413(b)(2). Motion at 28.  Cinergy argues that the USA failed to satisfy the notice requirement with respect to alleged violations of Title V of the CAA, and of the SIP regulations implementing Title V.  Response at 9.  The USA argues that its Title V claims do not allege violations of an SIP.  Reply at 6

The Title V claims identified by the USA in its Reply allege that Cinergy failed to obtain applications for Title V operating permits, and thereafter illegally operated without permits.  *See* Compl. ¶¶ 124, 142, 160, 169, 200, 214.  The USA alleges violation of Title V, 42 U.S.C. §§ 7661a(a) and 7661c(a), and the state permit programs implementing Title V, 326 IAC 2-7 and OAC 3745-77.  *Id.*

The Court must rule in Cinergy's favor, because it finds that the state permit programs are part of the SIPs.  "The CAA does not require states to adopt an operating permit program, under which air pollution sources receive permits to operate their facilities.  However, where a state voluntarily adopts such a program and submits it to EPA for approval as part of its SIP, EPA considers such operating permit programs to be part of the approved SIP."  *National Parks Conservation v. Tennessee Valley Auth.*, 175 F. Supp. 2d 1071, 1074 (E.D. Tenn. 2001) citing 54 Fed. Reg. 27274, 27281-82 (1989).  The EPA has stated that state operating permit programs become federally enforceable by being incorporated into the applicable SIP.  54 Fed. Reg. 27281-82; *see National Mining Assoc. v. USEPA*, 59 F.3d 1351, 1363 (D.C. Cir. 1995) (explaining that to be federally enforceable "[a] state permitting program cannot stand alone; it must be incorporated into the SIP.")  While the discussion in the Federal Register pre-dates the addition of Title V, which was part of the 1990 amendments, the reasoning holds true.

Thus, while the USA argues that its Fourth, Eighth, Twelfth, Fourteenth, Twentieth, and

14

Twenty-Third claims for relief are brought pursuant to 42 U.S.C. §§ 7413(b)(2), 7661a(a), and 7661c(a), it is clear that any claim it has for violation of the states' permitting programs must be brought pursuant to 42 U.S.C. § 7413(a). Cinergy should have an opportunity to demonstrate facts to support its defense that the USA did not give Cinergy notice of the purported violation of the SIPs. The USA's motion is **DENIED** to the extent it seeks judgment on Cinergy's defense to enforcement of the state permit programs, and **GRANTED** as to Cinergy's defense to any remaining Title V claims.

### G. EQUITABLE AFFIRMATIVE DEFENSES

Cinergy lists estoppel, laches, unclean hands, the failure to do equity and bad faith as affirmative defenses. Federal Rule 8 requires defendants to plead at least enough to put the plaintiff on notice of the nature of the affirmative defense. *See* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (2d Ed. 1990). Ciinergy makes no effort to even plead the elements of these defenses or to give notice of conduct or actions upon which the defenses are based. None of Cinergy's equitable affirmative defenses satisfy the pleading requirements of Rule 8. In the Seventh Circuit, affirmative defenses may be stricken where the defendant has "omitted any short and plan statement of facts and failed totally to allege the necessary elements of the alleged claims." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989). Dispensing with these defenses now will rid the case of "unnecessary clutter." *Id.* at 1294.

### 1. Equitable Estoppel (Fourth Defense)

While equitable estoppel is a disfavored defense against the government, it is permitted under

certain facts. *See SIGECO 3*, 2002 WL 1760699, at *5. Specifically, Cinergy must show that: (1) the USA knew certain facts; (2) the USA intended for its conduct to be acted upon; (3) Cinergy was ignorant of these facts; and (4) Cinergy reasonably relied on the USA to its detriment. *Id.* citing *Edgewater Hosp., Inc. v. Bowen*, 857 F.2d 1123, 1138 (7th Cir. 1988). Cinergy also must be able to show that the USA's actions amounted to affirmative misconduct. *Id.*

As the USA notes, Cinergy has failed to even allege any of the elements of estoppel, including that the USA engaged in affirmative misconduct. Nor can the Court infer misconduct from the allegations in the Complaint or the Answer and Defenses. For this reason, the USA's motion for judgment on Cinergy's estoppel defense is **GRANTED**.

## 2. Laches (Sixth Defense)

Laches is an equitable doctrine that may cut off a plaintiff's right to sue if the plaintiff has delayed "too long" in suing. *See Teamsters & Employers Welfare Trust of Ill. v. Gorman Bros. Ready Mix*, 283 F.3d 877, 880 (7th Cir. 2002). "'Too long' for this purpose means that the plaintiff delayed inexcusably and the defendant was harmed by the delay." *Id.* Again, Cinergy did not allege it was prejudiced by any delay the USA may have had in bringing this lawsuit. Nor does it allege any facts from which the Court might infer that a delay existed at all. The USA's motion for judgment on Cinergy's laches defense is **GRANTED**.

## 3. Unclean Hands, Failure to do Equity, and Bad Faith (Seventh Defense)

Here, Cinergy has strung together several defenses, without pleading the sufficient elements or allegations to establish them. The USA's motion for judgment on these pleadings is **GRANTED**.

## IV. **CONCLUSION**

Cinergy's defenses of waiver, violation of the Tenth Amendment and takings are **DISMISSED**. For the reasons explained above, the USA's motion for judgment is **GRANTED** as to Cinergy's defense of failure to state a claim (Second Defense); **DENIED** as to Cinergy's statute of limitations defense (Third Defense); **GRANTED** as to Cinergy's Federal Register Act defense (Nineteenth Defense); **GRANTED** as to Cinergy's Congressional Review of Rulemaking Act defense (Twenty-Fourth Defense); **DENIED** as to Cinergy's new NSR rules defense (Twenty-Fifth Defense); **DENIED** as to Cinergy's Eighth Amendment defense (Fifteenth Defense); **GRANTED** as to Cinergy's selective enforcement defense (Eleventh Defense); **GRANTED** as to Cinergy's due process defense (Thirty-First Defense); **GRANTED in part and DENIED in part** as to Cinergy's notice of violation defense (Twenty-Ninth Defense); and **GRANTED** as to Cinergy's equitable affirmative defenses of estoppel (Fourth Defense), laches (Sixth Defense), and unclean hands, failure to do equity, and bad faith (Seventh Defense).

IT IS SO ORDERED this 18th day of May, 2005.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

17

Distributed electronically to:

Scott R. Alexander
SOMMER BARNARD ATTORNEYS, PC
salexander@sommerbarnard.com

Kevin P. Auerbacher
STATE OF NEW JERSEY
DEPT.OF LAW & PUBLIC SAFETY
auerbkev@law.dol.lps.state.nj.us

Christopher D. Ball
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christopher.ball@dol.lps.state.nj.us

Deborah Nicole Behles
U.S. DEPARTMENT OF JUSTICE
deborah.behles@usdoj.gov

Alan Jeffrey Birnbaum
CLEAN AIR TASK FORCE
abirnbaum@catf.us

Samuel B. Boxerman
SIDLEY AUSTIN BROWN & WOOD LLP
sboxerman@sidley.com

David T. Buente
SIDLEY AUSTIN BROWN & WOOD LLP
dbuente@sidley.com

Robert R. Clark
SOMMER BARNARD ATTORNEYS, PC
rclark@sommerbarnard.com

Larry Martin Corcoran
ENVIRONMENTAL AND NATURAL RESOURCES DIV.
larry.corcoran@usdoj.gov

Steven David Ellis
ENVIRONMENTAL & NATURAL RESOURCES
steven.ellis@usdoj.gov

Julie L. Ezell
CINERGY SERVICES INC
julie.ezell@cinergy.com

Richard Mark Gladstein
U.S. DEPARTMENT OF JUSTICE
richard.gladstein@usdoj.gov

Thomas Charles Green
SIDLEY AUSTIN BROWN & WOOD LLP
tcgreen@sidley.com

Maurice A. Griffin
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
maurice.griffin@dol.lps.state.nj.us

R. Keith Guthrie
kgmail@comcast.net

Sarah Dale Himmelhoch
U.S. DEPARTMENT OF JUSTICE
sarah.himmelhoch@usdoj.gov

Ann Renfrew Johnston
LAW OFFICE OF ANN JOHNSTON
annrjohnston@aol.com

Eugene J. Kelly Jr.
NEW YORK STATE ATTORNEY GENERAL
epaejk@oag.state.ny.us

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

James A. King
PORTER WRIGHT MORRIS & ARTHUR LLP
jking@porterwright.com

Christine F. Lewis
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christine.lewis@dol.lps.state.nj.us

Debra McVicker Lynch
SOMMER BARNARD ATTORNEYS, PC
dlynch@sommerbarnard.com

Jon C. Martin
STATE OF NEW JERSEY
martijon@law.dol.lps.state.nj.us

Carmel Alicia Motherway
CONNECTICUT ATTORNEY GENERAL
carmel.motherway@po.state.ct.us

Michael Joseph Myers
NEW YORK STATE DEPARTMENT OF LAW
michael.myers@oag.state.ny.us

Scott E. North
PORTER WRIGHT MORRIS & ARTHUR LLP
snorth@porterwright.com

John D. Papageorge
SOMMER BARNARD ATTORNEYS, PC
jpapageorge@sommerbarnard.com

Crissy Lyn Pellegrin
ENVIRONMENTAL PROTECTION AGENCY
pellegrin.crissy@epa.gov

Jean Patrice Reilly
STATE OF NEW JERSEY
reilljea@law.dol.lps.state.nj.us

Robert T. Rosenthal
NEW YORK ATTORNEY GENERAL'S OFFICE
robert.rosenthal@oag.state.ny.us

Jeffrey K. Sands
UNITED STATES DEPT. OF JUSTICE
jeffrey.sands@usdoj.gov

J. Jared Snyder
OFFICE OF THE ATTORNEY GENERAL
jared.snyder@oag.state.ny.us

Jose A. Suarez
OFFICE OF THE ATTORNEY GENERAL
jose.suarez@po.state.ct.us

Kathryn B. Thomson
SIDLEY AUSTIN BROWN & WOOD LLP
kthomson@sidley.com

Katherine Lynn Vanderhook
UNITED STATES DEPARTMENT OF JUSTICE
katherine.vanderhook@usdoj.gov

Gaylene Vasaturo
U. S. ENVIRONMENTAL PROTECTION AGENCY
vasaturo.gaylene@epa.gov

Stephen Gerard Vitelli
CONNECTICUT ATTORNEY GENERAL'S OFFICE
stephen.vitelli@po.state.ct.us

Frank R. Volpe
SIDLEY AUSTIN BROWN & WOOD LLP
fvolpe@sidley.com

Distributed via U.S. Postal Service to:

Barbara Fruehling Gambill
Cinergy Services Inc.
Atrium II 25th Floor
P O Box 960
Cincinnati, OH 45201-0960