UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO.  1:99-cv-1693-LJM/VSS |
| ) | |
| CINERGY CORP., et al., ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER

This cause is before the magistrate judge on the USA's motion for protective order, filed May 16, 2005, and the defendants' responsive motion to compel, filed June 3, 2005.  Both motions are fully-briefed, and the magistrate judge, being duly advised, **GRANTS** the USA's motion and **DENIES** the defendants' motion to the extent and for the reasons set forth below.

USA's Motion for Protective Order

In its motion, the USA argues that documents that satisfy the following criteria, hereinafter referred to as "Farley materials," are not relevant to any of the claims or defenses in this case and therefore are not discoverable:  (1) they were intended for dissemination within the EPA only, (2) they actually were disseminated only within EPA, and (3) they do not constitute statements by individuals authorized to set forth the Agency's official policy or position ("Farley materials"). Further, the USA argues, because these documents are not discoverable on relevance grounds, they are not subject to the same privilege log requirements as documents for which a privilege is claimed.  The magistrate judge agrees on both counts, and hereby reconsiders any previous orders in this case that are inconsistent with that holding.

As Judge McKinney noted in his ruling on Cinergy's Rule 56(f) motion, "Where a district court must interpret a regulation or statute, the suppositions of agency staff members are not

relevant. 'In its attempt to decipher the meaning of a statute a court may rely on various tools, including official agency interpretations. . . . Courts may not, however, rely on unpublished opinions of agency staff." Order on Defendants' Rule 56(f) Motion at 5-6 (March 11, 2005) (citing *United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993)). The defendants argue that the Farley materials are relevant nonetheless, for several reasons. First, they argue that they may be relevant "to the issue of whether the EPA's positions are simply 'litigating positions' that are not entitled to any deference." Defendants' Brief at 25. However, whether the EPA's position in this case is no more than a "litigating position" will be determined by examining the extent to which the EPA's actions have been consistent with its position in this litigation, not by scouring its internal documents to determine whether any EPA employees believed there to be an inconsistency or expressed an inconsistent position.

The defendants also argue that "to the extent that the documents show that the EPA had knowledge of the routine repair, modification and replacement activities in this case and similar cases and made a conscious decision not to take any action, the documents are relevant and discoverable." *Id.* at 26. However, there are a multitude of reasons why the EPA may choose not to act in a given circumstance, and the defendants fail to explain how Farley materials relating to these decisions are relevant to the issues in this case.

Next, the defendants argue that "to the extent that the privilege log includes unpublished policy statements and interpretative rulings, those documents are relevant and can be considered in determining the meaning of the statutes and regulations the EPA is responsible for enforcing." *Id.* It is certainly true that certain "unpublished" policy statements–for example, the "agency's policy statements and interpretative rulings" referred to in the case cited by the defendants–may be relevant and are discoverable, but there is a difference between "unpublished" documents that

were disseminated beyond the EPA with the intention of expressing the EPA's official policy and documents that were wholly internal and not intended to express official policy. The USA has not asked to limit its production to the former category, but rather to the latter.

Finally, the defendants argue that "[d]ocuments that deal with or address the EPA's official policy on a topic are relevant and discoverable regardless of whether the EPA intended the documents to be disseminated only within the EPA and regardless of whether the EPA complied with its dissemination policy," and "documents that contain emissions calculations or the underlying formulae and assumptions are relevant and discoverable, especially where, as here, EPA admits it is basing its emissions calculations on a methodology it has never made public." *Id.* at 28. The first argument goes too far; it is sufficient that the EPA's definition of Farley materials excludes "statements by individuals authorized to set forth the Agency's official policy or position." The magistrate judge already has addressed the second issue, *see* Entry on Motion to Compel dated July 22, 2004, and has ruled that "pre-suit calculations performed by EPA engineers that led the EPA to conclude that the modifications at issue in this suit resulted in emissions increases" are discoverable. Therefore, any documents that reflect those calculations also are discoverable, and the magistrate judge does not understand the EPA to argue otherwise in the instant motion.

## Defendants' Motion to Compel

In addition to responding to the USA's motion for protective order, the defendants argue in their motion to compel that the USA has waived its privilege claims by failing to provide an adequate privilege log. The USA concedes that its privilege log is incomplete, and it appears that it is working in good faith to resolve that issue. Therefore, the magistrate judge will not find a

privilege waiver at this time.[1] However, the defendants are correct that the privilege log issues need to be resolved so that any legitimate privilege disputes can be addressed and preparation for trial can proceed. Accordingly, the USA shall serve its full and complete privilege log, including any affidavits required to support its deliberative process privilege claims, on a rolling basis, and production shall be complete **within 45 days of the date of this Entry**. Any document previously listed on a privilege log that satisfies the definition of Farley materials set forth should be removed from the privileged log and identified on a separate log as Farley material; it is not necessary for the USA to supplement the information contained on the privilege log entries for those documents. As for those documents that are being withheld on privilege grounds, the USA should take care to provide full and complete information in support of its privilege claims in order to avoid waiver.[2]

SO ORDERED:

Copies to all counsel of record registered to receive electronic notice

---

[1] Any privilege waiver would not render the irrelevant Farley materials discoverable in any event.

[2] The defendants also argue that by posting certain documents on its websites as public gudiance, the EPA has waived any attorney-client and work product privilege as to other documents relating to the same subject matter. The magistrate judge is not ruling on that argument at this time, and the defendants are free to raise it again after the USA has completed its privilege log supplementation. However, the magistrate judge would caution the defendants to consider their argument and its implications carefully before doing so, and any motion to compel based on subject matter waiver should include a discussion of the propriety of finding subject matter waiver when extra-judicial disclosure is involved. *See In re Keeper of Records*, 348 F.3d 16 (1st Cir. 2003).