UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. IP99-C-1693-M/S |
| ) | |
| v. ) | District Judge McKinney |
| ) | |
| CINERGY CORP, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO CINERGY'S MOTION TO AMEND THE ORDER OF AUGUST 29, 2005 AND SEPTEMBER 8, 2005 AND TO CERTIFY AN INTERLOCUTORY APPEAL**

On August 29, 2005, this Court rejected Cinergy's proposed test to determine whether a physical change has caused an emissions increase for the purposes of the Clean Air Act's ("CAA") New Source Review ("NSR")[1] permit provisions. Instead, this Court found that the PSD regulations make clear that "[i]ncreased hours and production rate are not excluded from the definition of 'modification'; that is, if a physical change results in an increase in hours of operation that causes a net emissions increase, a modification has occurred." --- F. Supp. 2d ----, 2005 WL 2098269, *6 (S.D. Ind. 2005) ("*Emissions Opinion*"). Cinergy has now moved this Court to certify an interlocutory appeal of this Order for immediate appeal, pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3).[2] For the reasons stated below,

---

[1] NSR includes both the Prevention of Significant Deterioration ("PSD") provisions and the Nonattainment New Source Review ("NNSR") provisions.

[2] Cinergy actually requests that the Court certify a question resolved in the August 29, 2005 Order, rather than the Order itself. Cinergy then attempts to state that question in a manner

Cinergy's motion should be denied.

## ARGUMENT

Cinergy's motion is governed by 28 U.S.C. § 1292(b), which provides a district court discretion to certify an interlocutory order for immediate appeal if the court is of the opinion that such order meets the statutory criteria.  In order for a district court to grant a motion for certification, "there must be a question of *law,* it must be *controlling,* it must be *contestable,* and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Treasurers of Univ. of Ill.,* 219 F.3d 674, 675 (7th Cir. 2000); *see also Shepherd Investments Intern., Ltd. v. Verizon Communications, Inc.*, 2005 WL 1475323, *1 (E.D. Wis. 2005).  The Seventh Circuit has instructed district courts not to certify interlocutory orders under Section 1292(b) unless all these criteria are satisfied.  *SEC v. Buntrock* 2003 WL 260711, *1 (N.D. Ill. 2003) (quoting *Ahrenholz,* 219 F.3d at 676).  In order to be considered contestable, there must exist a substantial ground for difference of opinion on that question of law. 28 U.S.C. § 1292(b); *Segni v. Commercial Office of Spain,* 650 F. Supp. 1045, 1046-1047 (N.D. Ill. 1987).   The party seeking interlocutory review has the burden of persuading the court that "exceptional circumstances

---

which clearly reflects Cinergy's litigating position.  *See* Cinergy Memorandum of September 12, 2005 at 2.  Such an attempt is both procedurally incorrect and counter to the practice of courts certifying for interlocutory appeal.  If this Court were to certify this issue for interlocutory appeal, it would certify the Order of August 29, 2005 (as amended by the Order of September 8, 2005) ("the Emissions Order") itself, and not some biased question of Cinergy's invention.  *See* 28 U.S.C. 1292(b) (referring to certification of an "order" for appeal); *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 204-05 (1996); *United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605, 609 (7th Cir. 2000).

If the Court desires to specify the question on appeal as a matter of clarification, a more appropriate question would be: "whether the term 'emissions increase' under the relevant PSD regulations requires both an increase in the 'maximum hourly rate of emissions' as well as a 'significant' increase in total annual emissions, or whether a significant increase in total annual emissions is sufficient."

justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Fisons Ltd. v. United States,* 458 F.2d 1241, 1248 (7th Cir. 1972), *cert. denied,* 405 U.S. 1041 (1972); *Shepherd Investments*, 2005 WL 1475323 at *1.

Such appeals are generally disfavored as courts consistently recognize the compelling considerations favoring single rather than piecemeal appeals. *Fisons,* 458 F.2d at 1248; *Freeman v. Kohl & Vick Mach. Works, Inc.,* 673 F.2d 196, 201-202 (7th Cir. 1982). "Thus, as a general proposition, 'permission to take an interlocutory appeal should be granted sparingly and with discrimination.'" *Kirkland & Ellis v. CMI Corp.* 1996 WL 674072, *2 (N.D. Ill.,1996) (quoting *In re Folding Carton Antitrust Litigation,* 75 F. R. D. 727, 738 (N.D. Ill. 1977)); *see also Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978) (interlocutory appeals are not the norm and should be permitted only in exceptional circumstances).

Cinergy has not met its burden of establishing that exceptional circumstances require certification for interlocutory appeal. There is no substantial ground for difference of opinion as to the validity of the *Emissions Opinion*, as it is contradicted nowhere in this Circuit. Further, an interlocutory appeal from the *Emissions Opinion* would not materially advance the ultimate termination of this litigation.

A.   <u>No Substantial Ground for Difference of Opinion Exists as to the Validity of This Court's Emissions Order in the Seventh Circuit.</u>

Cinergy argues that there are substantial grounds for difference of opinion with regard to the applicable test for emissions increase under the NSR regulations in place at the time of the projects which are the subject of this action because some courts outside the Seventh Circuit have ruled differently than this Court. That a difference of opinion exists between this Circuit

and other circuits does not rise to the level of extraordinary circumstances required for interlocutory appeal.  See *Lakeside Feeders, Ltd. v. Chicago Meat Processors, Inc.*, 35 F. Supp. 2d 638, 643 (N.D. Ill. 1999) (finding that because its opinion did not conflict with any *Seventh Circuit* precedent, there was no substantial ground for a difference of opinion necessary to merit an interlocutory appeal); *In re Brand Name Prescription Drugs Antitrust Litigation*, 878 F. Supp. 1078, 1081-1082 (N.D. Ill. 1995) (in determining whether there are substantial grounds for a difference of opinion with respect to the issue before the court, the court must determine whether there is a difficult central question of law which is not settled by controlling authority *of the sitting court*); *In Re UAL Corp. L 1244013*, *3-4 (N.D. Ill. 2004) (finding no substantial grounds for interlocutory appeal because no "difficult central question of law which is not settled in the Seventh Circuit").

Where, as here, the law of the sitting Court is clear, no substantial ground for difference of opinion exists.

> Interlocutory review should not be used merely to provide review of difficult rulings in hard cases.  Rather, the existence of a difficult central question of law which is not settled by controlling authority must be demonstrated.  If the controlling court of appeals has ruled on a question, then no substantial ground for difference of opinion exists, and there is no reason for immediate appeal.

*Brand Name Drugs,* 878 F. Supp. at 1081 -1082 (internal quotations omitted) (quoting *McCann v. Communications Design Corp.,* 775 F. Supp. 1506, 1534 (D. Conn. 1991);  *In re Heddendorf,* 263 F.2d 887, 889 (1st Cir. 1959) (citing *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)); *Walker v. Eastern Air Lines, Inc.,* 785 F. Supp. 1168, 1174 (S.D.N.Y. 1992)). Cinergy does not have a right to interlocutory appeal simply because the law of this Circuit differs from the law of other Circuits.

This question of law is settled in this Circuit. This Court, in both this case and in *SIGECO*, has ruled consistently on this issue. *See United States v. Southern Ind. Gas & Elec. Co.*, 245 F. Supp. 2d 994, 998 (S.D. Ind. 2003) (holding that the PSD permit provisions apply when there will be an increase in the total annual emissions); *Emissions Order* at 7-8. No other case in this Circuit, either before or after those opinions, has contradicted them. In *Wisconsin Elec. Power Co. v. Reilly*, 893 F.2d 901 (7th Cir. 1990) (*"WEPCO")*, the Seventh Circuit stated that the United States should measure future emissions based on a projection of future actual emissions. *See Emissions Order* at 4. As this Court has explained, nothing in the *WEPCO* decision contradicts the Court's conclusion that emissions increases under the applicable regulations must be measured, for NSR purposes, as actual annual emissions, taking into account both hourly rates *and* hours of operation. *Emissions Opinion,* 2005 WL 2098269 at *5 ("Nothing in the *WEPCO* decision directed EPA to ignore the impact a physical change would have on the actual future operating hours of a unit. The Seventh Circuit in *WEPCO* recognized that for NSPS purposes, the EPA would determine whether a source's hourly rate increased and that for PSD purposes, the EPA would determine whether a source's total amount of emissions would increase.") (citing *WEPCO,* 893 F.2d at 905).[3]

---

[3] Indeed, no Circuit court has ever held that the *WEPCO* decision supports Cinergy's argument that hours of operation must be held constant for the purposes of measuring actual annual emissions. *See Lakeside Feeders,* 35 F. Supp. 2d at 643 ("[Movant] claims that this court's previous opinion is in conflict with Seventh Circuit precedent . . . . However, [Movant] has provided this court with no Seventh Circuit case law which stands for that proposition. [Movant] has cited decisions by the United States Courts of Appeals for the Second and Ninth Circuits. These cases, however, do not discuss Seventh Circuit case law . . . . Finding that its previous opinion is not in conflict with any Seventh Circuit precedent as explained throughout this opinion and, thus, there is no substantial ground for a difference of opinion, this court declines to grant [Movant] an interlocutory appeal."); *United States v. Duke Energy*, 411 F.3d 539 (4th Cir. 2005) (despite being the only Circuit to rule in favor of Cinergy's proposed

Even if the proper emissions test were not settled law in this Circuit, "[w]here a controlling court of appeals has not decided an issue, it must still be demonstrated that a 'substantial likelihood' exists that the district court ruling will be reversed on appeal." *Brand Name Drugs*, 878 F. Supp. at 1081-1082 (quoting *TCF Banking and Sav., F.A. v. Arthur Young & Co.,* 697 F. Supp. 362, 366 (D. Minn. 1988)). No such substantial likelihood exists here.[4/] The only Circuit to have ruled differently than *WEPCO* and this Court is the Fourth Circuit, which reasoned that the methods of measuring emissions increase must be the same in both the NSPS and PSD statutes. *Duke Energy*, 411 F.3d at 546-47. *See also United States v. Alabama Power*, 372 F. Supp. 2d 1283, 1307 (N.D. Ala. 2005) (using the *Duke* district court's reasoning to conclude that an emissions increase must be measured in terms of hourly rate). Other courts addressing this issue, however, have reasoned similarly to this Court, and this Court based its reasoning in part on the reasoning of the District of Columbia Circuit, which is the sole court charged with opining on the validity of regulations. *See Enviro Tech International, Inc. v. EPA*, 371 F.3d 370 (7th Cir. 2004). *See New York v. U.S. EPA*, 413 F.3d (D.C. Cir. 2005); *Emissions Opinion* at 7 (noting that "the D.C. Circuit held that nothing in the statutory language or history suggested that in enacting the 1997 Clean Air Act Amendments Congress intended to incorporate the NSPS regulatory definition of "modification into the PSD statute"). *See also United States v. Ohio Edison*, 276 F. Supp. 2d 829, 850-52 and 855-57 (S.D. Ohio 2003)

---

emissions increase test, doing so without discussing whether the *WEPCO* decision supports that test).

[4/]   This case is therefore distinguishable from *Duke Energy*, 411 F.3d 539, which was decided in a Circuit that had not yet ruled on this question and was doing so at a time when no other court had ruled similarly to the district court in that case.

(rejecting the conclusion that PSD is triggered only by an increase in the maximum hourly rate of emissions). Given that there is no ambiguity on this issue within the Seventh Circuit, and that courts outside this Circuit have decided this issue similarly, there is no substantial likelihood that this Court will be reversed on appeal. Accordingly, there are no substantial grounds for difference of opinion as to the law of this Circuit with regard to the issue at hand.

B.  Appeal from the order would not materially advance the ultimate termination of the litigation.

In addition to lacking substantial grounds for difference of opinion, Cinergy's proposed interlocutory appeal would also fail to materially advance the ultimate termination of this litigation. Courts in this Circuit have held that certification for interlocutory appeal should be granted "sparingly and with discrimination" in part because interlocutory appeals "tend to cause unnecessary delays in the lower court's proceedings and tend to waste overburdened judicial resources." *Buntrock*, 2003 WL 260711 *1 (quoting *Lakeside Feeders,* 35 F. Supp. 2d at 643; *Coopers & Lybrand*, 437 U.S. at 473-74). Thus, courts should consider whether certification "would only prolong the life of [the] litigation at all the parties' expense". *Harris v. Karri-On Campers, Inc.,* 640 F.2d 65, 68 (7th Cir. 1981).

In this case, an interlocutory appeal of the emissions issue would only prolong this litigation, and would waste both the Court's and the parties' resources. This Court is well-supported in its statement of the law on the proper emissions test for NSR purposes and, as stated above, is contradicted on this issue by no decision in the Seventh Circuit. Therefore, the probability of reversal is low. *See Kirkland & Ellis,* 1996 WL 674072, *3 (Courts should consider the probability of reversal in determining whether an immediate appeal will materially

advance the ultimate termination of a case) (quoting 16 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3930 (1977)). If, as is expected, Cinergy lost its appeal to the Seventh Circuit, the Court and the parties will face the same trial we now face.

Further, as an interlocutory appeal would not automatically stay the present litigation, even if Cinergy's position were adopted by the Seventh Circuit, it would not reduce the amount of resources dedicated to this litigation. This case is set for a trial in February 2006, which would go forward on the other issues in the case regardless of the status of the appeal of the *Emissions Opinion*. "[I]f discovery and pre-trial matters have progressed to the point where the case could be set for trial in the not-too-distant future, a motion for immediate appeal should be denied." *See Giguere v. Vulcan Materials Co.*, 1988 WL 119064, *2 (N.D. Ill. 1988) ("Certification [for interlocutory appeal] should be discouraged if it appears that the case would eventually have to go to trial in any event.") (internal quotation omitted).

Even if the Seventh Circuit were to rule on Cinergy's proposed interlocutory appeal prior to the February 2006 trial date in this case, which is by no means guaranteed, it would still be likely that such an interlocutory decision would give rise ultimately to further appeals. Finally, if Cinergy also loses its argument on the applicable standard for routine maintenance, repair, and replacement, it will likely also appeal that issue to the Seventh Circuit. *See Spencer v. Liberty Mut. Ins. Corp.*, 381 F. Supp. 2d 811, 826 (S. D. Ind. 2005) (citing chance of multiple appeals as a reason to deny motion for certification for interlocutory appeal).

Because the likelihood of Cinergy prevailing in the Seventh Circuit on its appeal of this Court's Emissions Order is low, and because an interlocutory appeal would not reduce the burden on this Court or the parties and would give rise to the significant possibility of multiple appeals,

an interlocutory appeal on this issue would not materially advance the ultimate termination of this litigation.

## CONCLUSION

For the foregoing reasons, Cinergy's Motion to Certify an Interlocutory Appeal should be denied.

September 28, 2005

Respectfully Submitted,

Kelly A. Johnson
Acting Assistant Attorney General
Environment & Natural Resources Division

/s/ Katherine L. Vanderhook
_____
SARAH HIMMELHOCH
RICHARD GLADSTEIN
JEFFREY K. SANDS
LARRY M. CORCORAN
DEBORAH N. BEHLES
KATHERINE L. VANDERHOOK
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20530
202-514-3900
katherine.vanderhook@usdoj.gov

SUSAN W. BROOKS
United States Attorney
Southern District of Indiana

THOMAS E. KIEPER
Assistant United States Attorney
Southern District of Indiana

10 West Market Street, Suite 2100
Indianapolis, IN  46204-3048