UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, )<br>     Plaintiffs, )<br>)<br>STATE OF NEW YORK, STATE OF NEW )<br>JERSEY, STATE OF CONNECTICUT, )<br>HOOSIER ENVIRONMENTAL COUNCIL, )<br>     Plaintiff-Intervenors, )<br>)<br>vs. )<br>)<br>CINERGY CORP., PSI ENERGY, INC., and )<br>THE CINCINNATI GAS & ELECTRIC )<br>COMPANY, )<br>     Defendants. ) | 1:99-cv-1693-LJM-VSS | |

**ORDER ON DEFENDANTS' MOTION**
**FOR SUMMARY JUDGMENT ON STALE CLAIMS**

This matter is before the Court on the motion of the defendants, Cinergy Corp., PSI Energy, Inc., and The Cincinnati Gas & Electric Company (collectively "Cinergy"), for summary judgment on certain claims brought against them by the plaintiffs, the United States of America (the "USA"), and the plaintiff-intervenors, the states of New York, New Jersey, and Connecticut (the "States"), and the Hoosier Environmental Council and the Ohio Environmental Council (the "Citizens"), (collectively "Plaintiffs"). Cinergy argues that several of the Plaintiffs' Clean Air Act claims are barred by the federal statute of limitations, 28 U.S.C. § 2462, and by the concurrent remedy doctrine. For the reasons set forth herein, Cinergy's motion is **GRANTED in part and DENIED in part**.

**I. BACKGROUND**

The Clean Air Act (the "Act") includes rules that require emitting sources to obtain permits

before undertaking construction projects that would increase emissions. Prevention of Significant Deterioration ("PSD") provisions and Nonattainmnet New Source Review ("NNSR") provisions are collectively known as the New Source Review ("NSR") program.

The USA first filed this enforcement action in November, 1999, alleging Cinergy violated PSD and NNSR provisions of the Act at its Cayuga and Beckjord plants. The USA soon amended its complaint to include claims relating to the Gallagher and Wabash River plants. The States entered the lawsuit in August, 2001; the Citizens entered the lawsuit in May, 2002. In December, 2002, the USA amended its complaint a second time to include claims relating to Cinergy's Gibson and Miami Fort plants. Plaintiffs filed amended complaints again in June, 2004, adding four more projects. Plaintiffs allege that, *inter alia*, several projects at Cinergy's power plants required preconstruction permits, and that Cinergy's failure to obtain preconstruction permits constitutes NSR violations. Plaintiffs seek civil penalties and injunctive relief that would require Cinergy to bring its plants into compliance with the Act.

As to certain projects, Cinergy asserts that they were completed over five years before Plaintiffs brought their lawsuits. The relevant projects (the "Older Projects") and their completion dates are as follows:[1]

1. Gallagher Plant, Unit 1, replacement of radiant superheater tubes – Completed December 12, 1992;

2. Gallagher Plant, Unit 1, replacement of boiler high temperature superheater section – Completed April 9, 1994;

3. Gallagher Plant, Unit 1, replacement of pulverizer – Completed July 4, 1998;

---

[1]A number of projects originally at issue in Cinergy's motion for summary judgment have since been dismissed by agreement of the parties. *See* Docket Nos. 460 and 537. Those projects will not be discussed in this order.

4. Gallagher Plant, Unit 2, replacement of radiant superheater tubes – Completed December 31, 1992;

5. Gallagher Plant, Unit 2, retubing condenser – Completed December 7, 1990;

6. Gallagher Plant, Unit 3, replacement of pulverizers – Completed April 14, 1999;

7. Miami Fort Plant, Unit 7, phase one of replacement of primary superheater – Completed October 15, 1990;

8. Miami Fort Plant, Unit 7, phase two of replacement of primary superheater – Completed May 19, 1992;

9. Miami Fort Plant, Unit 7, replacement of boiler's upper waterwall – Completed October 15, 1990;

10. Beckjord Plant, Unit 1, replacement of superheater, economizer, reheater, wall tubes and coal bunker – Completed February 19, 1988;

11. Beckjord Plant, Unit 2, replacement of furnace wall tubes, superheater, reheater, and coal bunker – Completed January 29, 1987;

12. Beckjord Plant, Unit 3, replacement of superheater outlets, secondary reheater outlet header, primary reheater, hoppers, waterwalls and high temperature headers, and turbine refreshment – Completed January 25, 1986;

13. Beckjord Plant, Unit 3, replacement of high temperature headers, superheater, primary and secondary reheaters, and turbine refurbishment – Completed January 25, 1986;

14. Beckjord Plant, Unit 5, replacement of economizer – Completed March 31, 1988;

15. Beckjord Plant, Unit 5, replacement of high temperature reheater and reheater tubing – Completed February 9, 1991;

16. Beckjord Plant, Unit 5, replacement of condenser tubing – Completed February 9, 1991;

17. Beckjord Plant, Unit 6, replacement of turbine blades and boiler feed pump motors – Completed November 15, 1991;

18. Wabash River Plant, Unit 2, replacement of front wall radiant superheater tubes – Completed July 14, 1989;

19. Wabash River Plant, Unit 2, replacement of high temperature finishing superheater and upper reheater assemblies – Completed May 1, 1992;

20. Wabash River Plant, Unit 3, replacement of finishing supeheater, intermediate superheater, radiant superheater and lower reheater tube bundles – Completed October 22, 1989;

21. Wabash River Plant, Unit 5, replacement of upper economizer boiler tube hangers and hanger rods, repair of boiler structure, and realignment of steam headers – Completed May 21, 1990.

Affidavit of Michael L. Connley ("Connley Aff.") App. A. For the purposes of this motion, the Plaintiffs do not dispute the dates on which Cinergy asserts the Older Projects were completed. Pltfs' Br. at 2 n.3.

## II. STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990), *cert. denied*, 111 S. Ct. 1317 (1991). Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which she relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *See Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See*

*Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to [its] case, one on which [it] would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

### III. DISCUSSION

#### A. ACCRUAL

It is well settled that the general federal statute of limitations, found at 28 U.S.C. § 2462, is applicable to the Act. *See United States of America v. Southern Ind. Gas and Elec. Co.*, No. IP 99-1692-C-M/F, 2002 WL 1760752 (S.D. Ind. July 26, 2002) ("*SIGECO*"). The statute applies to "action[s], suit[s] or proceeding[s] for enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise." 28 U.S.C. § 2462. Under that statute, a claim "first accrues" on the date that a violation first occurs. *3M Co. v. Browner*, 17 F.3d 1453, 1462 (D.C. Cir. 1994). However, where a violation is ongoing, the statute of limitations is tolled for so long as the violation continues. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380 (1982). This Court has already determined, in a similar case, that a violation of the Act's preconstruction permit regulations is complete at the time the construction project is completed. *See SIGECO* at 8. The USA argues that the violations are ongoing because preconstruction permits must contain emissions limitations; thus, the continued operation of the facilities is an ongoing violation of the preconstruction permitting process. As the Court explained in *SIGECO*:

> [T]he government cites SIGECO with violating . . . *construction permit* requirements, not *operations permit* requirements. The distinction between preconstruction permit violations and operation permit violations is crucial. It is

> generally recognized that failure to obtain an operations permit is a continuing violation for each day of operation without the permit. . . . In contrast, failure to obtain a preconstruction permit is a discrete violation that occurs at the time of construction.

*SIGECO*, at *4 (emphasis in original) (internal citations omitted). The Court declines the USA's invitation to revisit its reasoning in *SIGECO*.

The Plaintiffs also ask the Court to except the NNSR preconstruction permitting claims from the five-year statute of limitations because NNSR permits are permits to construct *and* operate. 42 U.S.C. §§ 7502(c)(5) and 7503(a). Thus, the Plaintiffs argue, a violation of the NNSR rule is an ongoing violation so long as the source continues to operate. However, the owner or operator is still required to obtain the permit *prior to* construction. The Court agrees with Cinergy that it cannot be liable for failing to operate according to a non-existent preconstruction permit. *See SIGECO*, at *5 n.3. Each of the alleged violations was complete at the time each Older Project was complete.

### B. CIVIL FINES

In this case, several of the Older Projects were completed more than five years before this lawsuit began on November 3, 1999. *See* Connley Aff. ¶¶ 6-7. Additionally, two of the Older Projects were completed more than five years prior to their addition to this lawsuit in June, 2004. *Id.* ¶ 7. Those projects are the coal pulverizer replacements at Gallagher Units 1 and 3, which are the partial subject of the USA's fifth, sixth, seventh, and eighth claims for relief. Cinergy argues that because those violations were complete more than five years prior to their addition to this lawsuit, they also are subject to the five-year statute of limitations. The Plaintiffs do not dispute Cinergy's argument that the added claims do not relate back to the initial complaint. Thus, each of the Older

Projects is subject to 28 U.S.C. § 2462, which bars claims for civil penalties after five years. The Plaintiffs' claims for civil fines on those claims are time-barred.

### C.  INJUNCTIVE RELIEF AS A PENALTY

The larger dispute here is whether the Plaintiffs' requests for injunctive relief also are civil penalties barred by 28 U.S.C. § 2462. The statute does not define "penalty." The Tenth Circuit Court of Appeals, in *United States v. Telluride Co.*, 146 F.3d 1241, 1246 (10th Cir. 1998), defined "a penalty for purposes of § 2462 as a sanction or punishment imposed for violating a public law which goes beyond compensation for the injury caused by the defendant."

In *Johnson v. SEC*, 87 F.3d 484, 487 (D. D.C. 1996), the court explained that where an action is essentially private, and brought to compensate the private individual, it is not penal. The court concluded that "a 'penalty,' as the term is used in § 2462, is a form of punishment imposed by the government for unlawful or proscribed conduct, which goes beyond remedying the damage caused to the harmed parties by the defendant's action." *Johnson*, 87 F.3d at 488. Yet the court in *Telluride* chose not to distinguish between public and private injury, finding that an injunction that aims to make the injured party whole is not a penalty even if imposed by the government for a public injury. *Telluride*, 146 F. 3d at 1246.

The weight of legal authority favors the Plaintiffs' position. "Traditionally, 'statutes of limitations are not controlling measures of equitable relief.'" *United States v. American Elec. Power Serv. Corp.*, 136 F. Supp. 2d 808, 811 (S.D. Ohio 2001) (internal citation omitted). Several courts have refused to apply the statute of limitations to claims for injunctive relief in the Act's enforcement suits. *See, i.e.*, *New York v. Niagara Mohawk Power Corp.*, 263 F. Supp. 2d 650, 663 n.22

(W.D.N.Y. 2003); *United States v. Illinois Power*, 245 F. Supp. 2d 951, 958 n.3  (S.D. Ill. 2003); *United States v. Westvaco Corp.*, 144 F. Supp. 2d 439, 443 n.2 (D. Md. 2001); *American Elec. Power Serv. Corp.*, 136 F. Supp. 2d at 811.

Cinergy argues that the Plaintiffs' claims for injunctive relief are punitive in nature because Cinergy will have to "expend over a billion dollars to install pollution-control equipment." Def. Br. at 12.  Cinergy further asserts that the pollution controls it would have to undertake were not available or cost-justified at the time of the original project.  *Id.*   Thus, Cinergy argues, the injunction does not merely put the injured parties whole, because it goes beyond the best available control technology or lowest achievable emissions rate at the time of the project.  The Court agrees with the Plaintiffs that an injunction is not punitive simply because compliance with the law would have been less costly at the time of construction.[2]

The injunctions Plaintiffs seek are not penalties.  Following the test in *Telluride* and the decisions in other NSR enforcement suits, the Court finds in favor of the Plaintiffs.

### D.  CONCURRENT REMEDY

Cinergy also argues that the Plaintiffs' claims are barred by the concurrent remedy doctrine. The concurrent remedy doctrine holds that "equity will withhold its relief in such cases where the applicable statue of limitations would bar the concurrent legal remedy." *Cope v. Anderson*, 331 U.S.

---

[2]However, as the courts explained in *Westvaco Corp.* and in *United States v. Campbell Soup Co.*, a significant lapse of time between the violation and the USA's filing suit may be "relevant to the court's decision whether or not to grant any injunctive or other equitable relief." *Westvaco Corp.*,  144 F. Supp. 2d at 443 n.2 (quoting *United States v. Campbell Soup Co.*, No. CIV-S-95-1854 DFL, 1997 WL 258894, *3 (E.D. Cal. Mar. 11, 1997)); *see also AEP II*, 137 F. Supp. 2d at 1068.

461, 464 (1947). However, the doctrine does not apply to suits brought by the United States in its official enforcement capacity. *E.I. Dupont de Nemours & Co. v. Davis*, 264 U.S. 456, 462 (1924). Like the statute of limitations issue, several courts have addressed this principle in the context of NSR enforcement suits, refusing to apply the concurrent remedy doctrine to bar claims the USA brings for injunction relief. *See American Elec. Power Serv. Corp.*, 136 F. Supp. 2d at 811; *United States v. Murphy Oil USA, Inc.*, 143 F. Supp. 2d 1054, 1087 (W.D. Wis. 2001); *see also Telluride,* 146 F.3d at 1249 (Clean Water Act).

Another reason to allow the government to maintain its claims for equitable relief – to ensure that the public interest does not suffer from the lack of diligence of public officers – also operates in favor of the States. *See AEP I*, 136 F. Supp. 2d at 811. The States are acting as enforcers to protect the public interest, just like federal government. Thus, the concurrent remedy rule is inapplicable to the USA and to the States.

Moreover, regardless of a government exception to the concurrent remedy doctrine, the civil fines and the equitable remedies the Plaintiffs seek are not concurrent, because they have different goals and effects. For example, the citizen suit provisions of the Act create an equitable remedy to stop threats to the environment. Civil fines collected through a citizen suit must be paid to the United States, not to the citizens; thus, "the primary purpose of civil penalties is deterrence, not reward to the Plaintiffs." *AEP II*, 137 F. Supp. 2d at 1068 (citing 42 U.S.C. § 7604(g)). As a result of this distinction, the concurrent remedy doctrine does not operate to bar the Citizens' suit for injunctive relief.

## IV.  CONCLUSION

For all of the reasons set forth above, Cinergy's motion for summary judgment on the Plaintiffs' claims against it for civil fines related to the Older Projects is **GRANTED**.  Cinergy's motion for summary judgment on Plaintiffs' claims against it for injunctive relief related to the Older Projects is **DENIED**.

IT IS SO ORDERED this 1st day of November, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distributed electronically to:

Scott R. Alexander
SOMMER BARNARD ATTORNEYS, PC
salexander@sommerbarnard.com

Kevin P. Auerbacher
STATE OF NEW JERSEY
DEPT. OF LAW & PUBLIC SAFETY
auerbkev@law.dol.lps.state.nj.us

Christopher D. Ball
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christopher.ball@dol.lps.state.nj.us

Deborah Nicole Behles
U.S. DEPARTMENT OF JUSTICE
deborah.behles@usdoj.gov

Samuel B. Boxerman
SIDLEY AUSTIN BROWN & WOOD LLP
sboxerman@sidley.com

David T. Buente
SIDLEY AUSTIN BROWN & WOOD LLP
dbuente@sidley.com

Robert R. Clark
SOMMER BARNARD ATTORNEYS, PC
rclark@sommerbarnard.com

Larry Martin Corcoran
ENVIRONMENTAL & NATURAL RESOURCES DIVISION
larry.corcoran@usdoj.gov

Michael E. DiRienzo
KAHN DEES DONOVAN & KAHN
miked@k2d2.com

Steven David Ellis
ENVIRONMENTAL & NATURAL RESOURCES
steven.ellis@usdoj.gov

Julie L. Ezell
CINERGY SERVICES, INC.
julie.ezell@cinergy.com

Richard Mark Gladstein
U.S. DEPARTMENT OF JUSTICE
richard.gladstein@usdoj.gov

Thomas Charles Green
SIDLEY AUSTIN BROWN & WOOD LLP
tcgreen@sidley.com

Maurice A. Griffin
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
maurice.griffin@dol.lps.state.nj.us

R. Keith Guthrie
kgmail@comcast.net

Sarah Dale Himmelhoch
U.S. DEPARTMENT OF JUSTICE
sarah.himmelhoch@usdoj.gov

Ann Renfrew Johnston
LAW OFFICE OF ANN JOHNSTON
annrjohnston@aol.com

Eugene J. Kelly Jr.
NEW YORK STATE ATTORNEY GENERAL
epaejk@oag.state.ny.us

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

James A. King
PORTER WRIGHT MORRIS & ARTHUR LLP
jking@porterwright.com

Christine F. Lewis
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christine.lewis@dol.lps.state.nj.us

James A. Lofton
U.S. DEPARTMENT OF JUSTICE
jim.lofton@usdoj.gov

Debra McVicker Lynch
SOMMER BARNARD ATTORNEYS, PC
dlynch@sommerbarnard.com

Jon C. Martin
STATE OF NEW JERSEY
martijon@law.dol.lps.state.nj.us

Kimberly P. Massicotte
OFFICE OF THE ATTORNEY GENERAL
kimberly.massicotte@po.state.ct.us

Carmel Alicia Motherway
CONNECTICUT ATTORNEY GENERAL
carmel.motherway@po.state.ct.us

Michael Joseph Myers
NEW YORK STATE DEPARTMENT OF LAW
michael.myers@oag.state.ny.us

Stephen M. Nickelsburg
SIDLEY AUSTIN BROWN & WOOD LLP
snickels@sidley.com

Scott E. North
PORTER WRIGHT MORRIS & ARTHUR LLP
snorth@porterwright.com

John D. Papageorge
SOMMER BARNARD ATTORNEYS, PC
jpapageorge@sommerbarnard.com

Crissy Lyn Pellegrin
ENVIRONMENTAL PROTECTION AGENCY
pellegrin.crissy@epa.gov

Jean Patrice Reilly
STATE OF NEW JERSEY
reilljea@law.dol.lps.state.nj.us

Robert T. Rosenthal
NEW YORK ATTORNEY GENERAL'S OFFICE
robert.rosenthal@oag.state.ny.us

Jeffrey K. Sands
UNITED STATES DEPT. OF JUSTICE
jeffrey.sands@usdoj.gov

J. Jared Snyder
OFFICE OF THE ATTORNEY GENERAL
jared.snyder@oag.state.ny.us

Jose A. Suarez
OFFICE OF THE ATTORNEY GENERAL
jose.suarez@po.state.ct.us

Kathryn B. Thomson
SIDLEY AUSTIN BROWN & WOOD LLP
kthomson@sidley.com

Katherine Lynn Vanderhook
UNITED STATES DEPARTMENT OF JUSTICE
katherine.vanderhook@usdoj.gov

Gaylene Vasaturo
U.S. ENVIRONMENTAL PROTECTION AGENCY
vasaturo.gaylene@epa.gov

Frank R. Volpe
SIDLEY AUSTIN BROWN & WOOD LLP
fvolpe@sidley.com

Distributed via U.S. Postal Service to:

Barbara Fruehling Gambill
Cinergy Services Inc.
Atrium II 25th Floor
P O Box 960
Cincinnati, OH 45201-0960