UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> <br> STATE OF NEW YORK, STATE OF NEW <br> JERSEY, STATE OF CONNECTICUT, <br> HOOSIER ENVIRONMENTAL COUNCIL, <br> and OHIO ENVIRONMENTAL COUNCIL, <br>     Plaintiff-Intervenors, <br> <br> vs. <br> <br> CINERGY CORP., PSI ENERGY, INC., and <br> THE CINCINNATI GAS & ELECTRIC <br> COMPANY, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 1:99-cv-1693-LJM-JMS |

### ORDER ON MOTION FOR SUMMARY JUDGMENT ON CLAIMS BASED ON PROJECTS FOR WHICH PLAINTIFFS SHOW NO EMISSIONS INCREASE

This cause is before the Court on Defendants', Cinergy Corp., Cinergy Services, Inc., PSI Energy, Inc., and the Cincinnati Gas & Electric Co. (the defendants, collectively, "Cinergy"), Motion for Summary Judgment on Claim Based on Projects for Which Plaintiffs Show No Emissions Increase (Docket No. 572). This matter has been fully briefed and is ripe for ruling. For the reasons stated herein, Cinergy's motion is **GRANTED in part and DENIED in part.**

### I. BACKGROUND

The United States of America ("USA") initiated this lawsuit against Cinergy alleging, *inter alia*, that Cinergy violated the New Source Review ("NSR")[1] provisions of the Clean Air Act

---

[1] NSR includes both the Prevention of Significant Deterioration ("PSD") provisions and the Nonattainment New Source Review ("NNSR") provisions.

("CAA") when it made physical changes to units at various power plants that constitute "major modifications" as defined by the CAA. A major modification consists of any physical change that would result in a significant net emissions increase of a pollutant covered by the CAA. *See* 40 C.F.R. § 52.21. USA contends that Cinergy was required to obtain permits for installing pollution controls as required by the NSR provisions of the CAA prior to modifying its plants. The states of New York, New Jersey, and Connecticut, along with the Hoosier Environmental Council and the Ohio Environmental Council, intervened and joined in this lawsuit (plaintiff-intervenors collectively, "Intervenors").

Cinergy seeks summary judgment on several claims raised by the USA and Intervenors (USA and Intervenors collectively, "Plaintiffs") on the basis that Plaintiffs are unable to demonstrate that several of Cinergy's projects were expected to result in significant net emissions increases in a regulated pollutant. Cinergy relies on the report of Plaintiffs' own expert, Dr. Richard A. Rosen ("Dr. Rosen"). *See* Cinergy's Ex. 1.

For the most part, Plaintiffs do not challenge Cinergy's motion. Instead, Plaintiffs limit their response to just six projects, as follows: replacement of boiler lower slope tubes at Cayuga Unit 1 in 1996 (nitrous oxides emissions ("NOx")); replacement of pulverizers at Gallagher Unit 1 in 1998 (NOx); replacement of pulverizers at Gallagher Unit 3 in 1999 (NOx); replacement of the reheater at Gibson Unit 1 in 1997 (sulfur dioxide emissions ("$SO_2$")); replacement of the finishing superheater, intermediate superheater, radiant superheater, and lower reheater tube bundles at Wabash River Unit 2 in 1989 (NOx and $SO_2$); and replacement of the outlet reheater tube assemblies

2

at Wabash River Unit 4 in 1996 (NOx and $SO_2$).[2]  In addition, Plaintiffs have filed their own motion for partial summary judgment on their claim that Cinergy violated the emissions limits for particulate matter set forth in an Ohio State Implementation Plan ("SIP") at Beckjord Units 1 and 2.  That motion is still pending and will be addressed by separate Order.  *See* Pls.' Mot. for Partial Summ. J. (Docket No. 563); *see also* Corrected Joint Notice Regarding Claims Still Pending (Docket No. 965).

## II.  SUMMARY JUDGMENT STANDARD

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment is the "put up or shut up" moment in a lawsuit.  *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), *reh'g denied*.  Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The nonmoving party

---

[2]  Based on their response to Cinergy's motion and the Corrected Joint Notice Regarding Claims Still Pending (Docket No. 965), it appears that Plaintiffs intend to challenge the project at Wabash River Unit 4 for both NOx and $SO_2$ emissions and *not* the project at Unit 5, which Plaintiffs are no longer challenging with respect to emissions of particulate matter.

bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

## III. DISCUSSION

Plaintiffs do not present any response in opposition to Cinergy's motion for the majority of the claims at issue in the instant motion. Therefore, with the exception of Plaintiffs' claims regarding Beckjord Units 1 and 2 and the Ohio SIP, Cinergy's motion is **GRANTED** with respect to the unchallenged claims and those claims are **DISMISSED with prejudice**.

With respect to the remaining six projects, Plaintiffs argue that Cinergy should have the burden of demonstrating the absence of any net increase. Plaintiffs base this argument on their contention that Cinergy has superior knowledge regarding its plants and failed to provide all of the information necessary to complete a netting analysis.

The Court is unpersuaded by Plaintiffs' argument. A replacement is not considered a "modification" under the CAA unless both parts of the definition -- physical change and an increase in emissions -- are satisfied. *See Wis. Elec. Power Co. v. Reilly*, 893 F.2d 901, 907 (7th Cir. 1990), *reh'g and reh'g en banc denied*. Plaintiffs have the burden of demonstrating that Cinergy's projects satisfy both prongs of this definition. *See United States v. S. Ind. Gas & Elec. Co.*, 245 F. Supp. 2d 994, 998 (S.D. Ind. 2003).

In this case, Plaintiffs have failed to present any evidence that would raise a material question of fact on the increased emissions prong for the six disputed projects. The report of Plaintiffs' own expert, Dr. Rosen, fails to indicate that a net increase was calculated for any of the projects. *See* Cinergy's Ex. 1. Moreover, although Plaintiffs accuse Cinergy of failing to provide all of the information needed to perform a proper netting calculation, the Court notes that Plaintiffs have not sought assistance from the Court to ensure that the alleged information was received. Instead, the evidence shows that Freyr Sverrisson ("Mr. Sverrisson") assisted Dr. Rosen in making

those calculations and in drafting Dr. Rosen's report using all of the data available to them. *See* Rosen Dep. at 22, 38-40 (Cinergy's Ex. 5); Sverrisson Dep. at 31, 33-34, 55-58, 63-64, 66-67, 73, 77, 87, 100-03 (Cinergy's Ex. 6). Based on Mr. Sverrisson's testimony, it appears that he and Dr. Rosen had the information necessary to perform the netting calculations, but they were not included in Dr. Rosen's report. Sverrisson Dep. at 100-03. In light of Mr. Sverrisson's testimony, the Court rejects Plaintiffs' arguments that the burden on the netting analysis should be imputed to Cinergy.

As already noted, summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson*, 325 F.3d at 901. Plaintiffs have failed to present any evidence that would raise a question of material fact for the six disputed projects that those projects would result in a significant net increase of emitted pollutants. Therefore, just like with the undisputed claims, Cinergy's motion with respect to those six projects is **GRANTED** and those claims are **DISMISSED with prejudice**.

## IV. CONCLUSION

Defendants', Cinergy Corp., Cinergy Services, Inc., PSI Energy, Inc., and the Cincinnati Gas & Electric Co., Motion for Summary Judgment on Claim Based on Projects for Which Plaintiffs Show No Emissions Increase (Docket No. 572) is **GRANTED in part and DENIED in part**. With the exception of Plaintiffs' claims related to the Ohio State Implementation Plan and Beckjord Units 1 and 2, the Court **GRANTS** judgment in Defendants' favor on all of the claims raised in the instant motion and **DISMISSES** those claims **with prejudice**.

IT IS SO ORDERED this 28th day of September, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Electronically distributed to:[3]

Scott R. Alexander
SOMMER BARNARD ATTORNEYS, PC
salexander@sommerbarnard.com

Kevin P. Auerbacher
STATE OF NEW JERSEY, DEPT. OF LAW & PUB. SAFETY
auerbkev@law.dol.lps.state.nj.us

Christopher D. Ball
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christopher.ball@dol.lps.state.nj.us

Deborah Nicole Behles
U.S. DEPARTMENT OF JUSTICE
deborah.behles@usdoj.gov

Samuel B. Boxerman
SIDLEY AUSTIN LLP
sboxerman@sidley.com

Robert R. Clark
SOMMER BARNARD ATTORNEYS, PC
rclark@sommerbarnard.com

Larry Martin Corcoran
ENVIRONMENTAL & NATURAL RESOURCES DIVISION
larry.corcoran@usdoj.gov

Michael E. DiRienzo
KAHN DEES DONOVAN & KAHN
miked@k2d2.com

Steven David Ellis
ENVIRONMENTAL & NATURAL RESOURCES
steven.ellis@usdoj.gov

Julie L. Ezell
DUKE ENERGY LEGAL DEPARTMENT
julie.ezell@duke-energy.com

Cynthia Marie Ferguson
ENVIRONMENTAL & NATURAL RESOURCES
cynthia.ferguson@usdoj.gov

Richard Mark Gladstein
U.S. DEPARTMENT OF JUSTICE
richard.gladstein@usdoj.gov

Thomas Charles Green
SIDLEY AUSTIN LLP
tcgreen@sidley.com

Maurice A. Griffin
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
maurice.griffin@dol.lps.state.nj.us

R. Keith Guthrie
kgmail@comcast.net

Sarah Dale Himmelhoch
U.S. DEPARTMENT OF JUSTICE
sarah.himmelhoch@usdoj.gov

Eugene J. Kelly Jr.
NEW YORK STATE ATTORNEY GENERAL
eugene.kelly@oag.state.ny.us

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

James A. King
PORTER WRIGHT MORRIS & ARTHUR LLP
jking@porterwright.com

Christine F. Lewis
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christine.lewis@dol.lps.state.nj.us

---

[3] The Court will not mail copies of this Order to those attorneys of record who have not provided their email address to the Court. As of September 1, 2004, the failure to register for the Court's electronic filing system constitutes a violation of Local Rule 5.7(b). It is the responsibility of co-counsel who are registered to ensure that the entry is distributed to all non-registered counsel, and registered counsel should urge all counsel to comply with the local rule and register to use the Court's electronic filing system so that they may receive notice of future entries from the Court via email. Information on how to register may be found on the Court's website at http://www.insd.uscourts.gov/ecf_info.htm.

Jonathan F. Lewis
CLEAN AIR TASK FORCE
jlewis@catf.us

James A. Lofton
U.S. DEPARTMENT OF JUSTICE
jim.lofton@usdoj.gov

Debra McVicker Lynch
SOMMER BARNARD ATTORNEYS, PC
dlynch@sommerbarnard.com

Jon C. Martin
STATE OF NEW JERSEY, DEPT. OF LAW & PUB. SAFETY
martijon@law.dol.lps.state.nj.us

Kimberly P. Massicotte
OFFICE OF THE ATTORNEY GENERAL
kimberly.massicotte@po.state.ct.us

Carmel Alicia Motherway
CONNECTICUT ATTORNEY GENERAL
carmel.motherway@po.state.ct.us

Michael Joseph Myers
NEW YORK STATE DEPARTMENT OF LAW
michael.myers@oag.state.ny.us

John D. Papageorge
SOMMER BARNARD ATTORNEYS, PC
jpapageorge@sommerbarnard.com

Crissy Lyn Pellegrin
ENVIRONMENTAL PROTECTION AGENCY
pellegrin.crissy@epa.gov

Jean Patrice Reilly
STATE OF NEW JERSEY, DEPT. OF LAW & PUB. SAFETY
reilljea@law.dol.lps.state.nj.us

Robert T. Rosenthal
NEW YORK ATTORNEY GENERAL'S OFFICE
robert.rosenthal@oag.state.ny.us

Jeffrey K. Sands
U.S. DEPARTMENT OF JUSTICE
jeffrey.sands@usdoj.gov

J. Jared Snyder
OFFICE OF THE ATTORNEY GENERAL
jared.snyder@oag.state.ny.us

Kathryn B. Thomson
SIDLEY AUSTIN LLP
kthomson@sidley.com

Katherine Lynn Vanderhook
U.S. DEPARTMENT OF JUSTICE
katherine.vanderhook@usdoj.gov

Gaylene Vasaturo
ENVIRONMENTAL PROTECTION AGENCY
vasaturo.gaylene@epa.gov

Frank R. Volpe
SIDLEY AUSTIN BROWN & WOOD LLP
fvolpe@sidley.com