UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| STATE OF NEW YORK, STATE OF NEW | ) | |
| JERSEY, STATE OF CONNECTICUT, | ) | |
| HOOSIER ENVIRONMENTAL COUNCIL, | ) | |
| and OHIO ENVIRONMENTAL COUNCIL, | ) | |
|     Plaintiff-Intervenors, | ) | |
| | ) | |
| vs. | ) | 1:99-cv-1693-LJM-JMS |
| | ) | |
| CINERGY CORP., PSI ENERGY, INC., and | ) | |
| THE CINCINNATI GAS & ELECTRIC | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |

### ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PARTICULATE MATTER VIOLATIONS AT BECKJORD

This cause is before the Court on Plaintiff's, United States of America ("USA"), and Plaintiff-Intervenors', Hoosier Environmental Council and Ohio Environmental Council (USA and Plainiff-Intervenors collectively, "Plaintiffs"), Motion for Partial Summary Judgment on Particulate Matter Violations at Beckjord (Docket No. 563). This matter has been fully briefed and is ripe for ruling. For the reasons discussed herein, Plaintiffs' motion is **GRANTED**.

### I. BACKGROUND

USA initiated this lawsuit against defendants, Cinergy Corp., PSI Energy, Inc., and the Cincinnati Gas & Electric Company (collectively, "Defendants") seeking civil penalties and injunctive relief for alleged violations of the Clean Air Act (the "CAA") based on modifications that

Defendants had made at several of their plants in Indiana and Ohio. Plaintiff-Intervenors and the States of New York, New Jersey, and Connecticut, later intervened in this lawsuit asserting claims similar to those alleged by USA. Plaintiffs subsequently amended their complaints and asserted that Defendants had violated the terms of a 1998 Administrative Order and Ohio State Implementation Plan ("SIP") provisions that established limits on particulate matter ("PM") emissions.

The relevant facts are not in dispute. On February 25, 1998, Cinergy voluntarily entered into an Administrative Order Consent ("AOC") with the Environmental Protection Agency ("EPA"). Pursuant to the terms of the AOC, Cinergy agreed to follow a three-year compliance plan to address PM problems at the Beckjord Plant. *See* Pls.' Ex. 1. Cinergy agreed to conduct semi-annual emissions tests for PM at the Beckjord Plant from 1998 through 2000 and to "maintain continuous compliance" with PM emissions limits established by Ohio law and incorporated into the Ohio SIP. *See id.* In exchange, EPA agreed to forebear the pursuit of claims for prior violations of the law.

Subsequently, the PM emissions exceeded the limits set forth in the Ohio SIP. Specifically, violations occurred on the following dates: October 12, 1999; October 21-22, 1999; May 4, 2000; and May 26, 2000. After each of those occurrences, Cinergy notified the EPA that the PM emissions had exceeded allowable limits. *See* Pls.' Exs. 10-11, 20-23. Cinergy concedes in its response in opposition to the instant motion that the PM emissions exceeded the allowable limits.

## II.  SUMMARY JUDGMENT STANDARD

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

2

> show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), *reh'g denied*. Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of

the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co*., 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co*., 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

## III. DISCUSSION

Although Defendants concede that violations occurred on the four time periods in question, they oppose the instant motion for partial summary judgment. Only two of Defendants' argument merit any serious discussion.

First, Defendants contend that Cinergy cannot be liable for violations of the AOC. Defendants argue that the AOC cannot be enforced because there was no consideration for the agreement. Specifically, Defendants argue that Cinergy simply agreed to comply with Ohio law, something that it was already obligated to do. The Court is unpersuaded by this argument. As Cinergy has stressed in this lawsuit, it was not an owner or operator of the Beckjord Plant. Therefore, its promise to ensure compliance with Ohio law went beyond what it was already obligated to do. Moreover, Cinergy agreed that it would follow a three-year compliance program with semi-annual testing. In exchange for these agreements by Cinergy, the EPA agreed to forbear action for prior violations. Under these circumstances, there was sufficient consideration for the AOC to be enforceable.

4

Defendants' other argument is that Cinergy should not be subjected to penalization under both the Ohio SIP and the AOC for what are the exact same violations. Defendants' argument ignores the fact that the Plaintiffs are seeking to impose liability for the violations against all liable parties under the laws applicable to each individual party. In other words, the Plaintiffs' claims based on the Ohio SIP are being brought against Cinergy Services, Inc., and the Cincinnati Gas & Electric Co., and their claims based on the AOC are being brought against Cinergy Corp. as a signatory to that document. Thus, Defendants' concerns about double penalization are unfounded. In any event, the issue of the imposition of any penalties is not currently before the Court and need not be decided at this time. The only issue that need to be decided are whether Defendants may be held liable under both the Ohio SIP and the AOC for the PM emissions violations. Based on Defendants' own admissions, the Court concludes that they can and, therefore, **GRANTS** Plaintiffs' motion for partial summary judgment on this issue.

## IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's, United States of America, and Plaintiff-Intervenors', Hoosier Environmental Council and Ohio Environmental Council, Motion for Partial Summary Judgment on Particulate Matter Violations at Beckjord (Docket No. 563) is **GRANTED**.

IT IS SO ORDERED this 28th day of September, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Electronically distributed to:[1]

Scott R. Alexander
SOMMER BARNARD ATTORNEYS, PC
salexander@sommerbarnard.com

Kevin P. Auerbacher
STATE OF NEW JERSEY, DEPT. OF LAW & PUB. SAFETY
auerbkev@law.dol.lps.state.nj.us

Christopher D. Ball
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christopher.ball@dol.lps.state.nj.us

Deborah Nicole Behles
U.S. DEPARTMENT OF JUSTICE
deborah.behles@usdoj.gov

Samuel B. Boxerman
SIDLEY AUSTIN LLP
sboxerman@sidley.com

Robert R. Clark
SOMMER BARNARD ATTORNEYS, PC
rclark@sommerbarnard.com

Larry Martin Corcoran
ENVIRONMENTAL & NATURAL RESOURCES DIVISION
larry.corcoran@usdoj.gov

Michael E. DiRienzo
KAHN DEES DONOVAN & KAHN
miked@k2d2.com

Steven David Ellis
ENVIRONMENTAL & NATURAL RESOURCES
steven.ellis@usdoj.gov

Julie L. Ezell
DUKE ENERGY LEGAL DEPARTMENT
julie.ezell@duke-energy.com

Cynthia Marie Ferguson
ENVIRONMENTAL & NATURAL RESOURCES
cynthia.ferguson@usdoj.gov

Richard Mark Gladstein
U.S. DEPARTMENT OF JUSTICE
richard.gladstein@usdoj.gov

Thomas Charles Green
SIDLEY AUSTIN LLP
tcgreen@sidley.com

Maurice A. Griffin
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
maurice.griffin@dol.lps.state.nj.us

R. Keith Guthrie
kgmail@comcast.net

Sarah Dale Himmelhoch
U.S. DEPARTMENT OF JUSTICE
sarah.himmelhoch@usdoj.gov

Eugene J. Kelly Jr.
NEW YORK STATE ATTORNEY GENERAL
eugene.kelly@oag.state.ny.us

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

James A. King
PORTER WRIGHT MORRIS & ARTHUR LLP
jking@porterwright.com

Christine F. Lewis
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christine.lewis@dol.lps.state.nj.us

---

[1] The Court will not mail copies of this Order to those attorneys of record who have not provided their email address to the Court. As of September 1, 2004, the failure to register for the Court's electronic filing system constitutes a violation of Local Rule 5.7(b). It is the responsibility of co-counsel who are registered to ensure that the entry is distributed to all non-registered counsel, and registered counsel should urge all counsel to comply with the local rule and register to use the Court's electronic filing system so that they may receive notice of future entries from the Court via email. Information on how to register may be found on the Court's website at http://www.insd.uscourts.gov/ecf_info.htm.

Jonathan F. Lewis
CLEAN AIR TASK FORCE
jlewis@catf.us

James A. Lofton
U.S. DEPARTMENT OF JUSTICE
jim.lofton@usdoj.gov

Debra McVicker Lynch
SOMMER BARNARD ATTORNEYS, PC
dlynch@sommerbarnard.com

Jon C. Martin
STATE OF NEW JERSEY, DEPT. OF LAW & PUB. SAFETY
martijon@law.dol.lps.state.nj.us

Kimberly P. Massicotte
OFFICE OF THE ATTORNEY GENERAL
kimberly.massicotte@po.state.ct.us

Carmel Alicia Motherway
CONNECTICUT ATTORNEY GENERAL
carmel.motherway@po.state.ct.us

Michael Joseph Myers
NEW YORK STATE DEPARTMENT OF LAW
michael.myers@oag.state.ny.us

John D. Papageorge
SOMMER BARNARD ATTORNEYS, PC
jpapageorge@sommerbarnard.com

Crissy Lyn Pellegrin
ENVIRONMENTAL PROTECTION AGENCY
pellegrin.crissy@epa.gov

Jean Patrice Reilly
STATE OF NEW JERSEY, DEPT. OF LAW & PUB. SAFETY
reilljea@law.dol.lps.state.nj.us

Robert T. Rosenthal
NEW YORK ATTORNEY GENERAL'S OFFICE
robert.rosenthal@oag.state.ny.us

Jeffrey K. Sands
U.S. DEPARTMENT OF JUSTICE
jeffrey.sands@usdoj.gov

J. Jared Snyder
OFFICE OF THE ATTORNEY GENERAL
jared.snyder@oag.state.ny.us

Kathryn B. Thomson
SIDLEY AUSTIN LLP
kthomson@sidley.com

Katherine Lynn Vanderhook
U.S. DEPARTMENT OF JUSTICE
katherine.vanderhook@usdoj.gov

Gaylene Vasaturo
ENVIRONMENTAL PROTECTION AGENCY
vasaturo.gaylene@epa.gov

Frank R. Volpe
SIDLEY AUSTIN BROWN & WOOD LLP
fvolpe@sidley.com