UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| STATE OF NEW YORK, STATE OF NEW | ) | |
| JERSEY, STATE OF CONNECTICUT, | ) | |
| HOOSIER ENVIRONMENTAL COUNCIL, | ) | |
| and OHIO ENVIRONMENTAL COUNCIL, | ) | |
| Plaintiff-Intervenors, | ) | |
| | ) | |
| vs. | ) | 1:99-cv-1693-LJM-JMS |
| | ) | |
| CINERGY CORP., PSI ENERGY, INC., and | ) | |
| THE CINCINNATI GAS & ELECTRIC | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |

## ORDER ON MOTION TO STRIKE

This cause is before the Court on Plaintiffs' Motion to Strike Defendants' Untimely Deposition Designations (Docket No. 1178). Plaintiffs urge the Court to strike that portion of Defendants' reply in support of deposition designations labeled "Additional Deposition Designations." *See* Defs.' Reply at 35-41 (Docket No. 1169). Plaintiffs argue that the additional designations were untimely filed. In response, Defendants assert that they complied with the Court's deadlines, that their reply is proper and no different than the category of "sur-designations" in Plaintiffs' reply in support of deposition designations, and that Plaintiffs cannot show that they are prejudiced by the filings.

The facts relevant to the instant dispute begin with the latest schedule established for the filing of deposition designations. On July 11, 2007, the magistrate judge set the following deadlines: initial designations filed by January 7, 2008; objections/responses filed by January 28, 2008; and

objections/replies field by February 7, 2008. *See* Entry for July 11, 2007 (Docket No. 969). Subsequently, on February 6, 2008, the magistrate judge extended the deadline for objections/replies to February 11, 2008. *See* Order on Plaintiffs' Unopposed Motion for Extension of Time (Docket No. 1045).

Both parties filed their replies on February 11, 2008. Plaintiffs' reply included some twenty "sur-designations" countering some of the responsive deposition designations listed by Defendants in their objections/responses filed on January 28, 2008. The "sur-designations" were based on deposition transcripts that had already been designated by one of the parties and, for the most part, included only a few pages. In some cases, the citations were even to pages that had already been designated. In contrast, Defendants did not include any "sur-designations"; however, Defendants listed designations for some twenty-one witnesses that "were inadvertently omitted from [Defendants'] January 7th filing." *See* Defs.' Reply at 35 (Docket No. 1169). Some of those designations were for depositions of witnesses that Defendants had never even mentioned in their initial designations. Other than stating that the items were inadvertently omitted, Defendants offered no other explanation for the new material and did not seek leave of the Court prior to filing the new material.

Having reviewed the deposition designations and the parties' memorandum on the issue, the Court is unpersuaded by Defendants' arguments. As the Seventh Circuit has recognized, courts have a legitimate interest in ensuring that parties adhere to the deadlines established by scheduling orders. *See Campania Mgmt., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002). In fact, the Seventh Circuit encourages the district courts "to use a firm hand when shepherding cases to trial, carefully and thoughtfully adhering to the deadlines established after consultation with the

parties . . . to 'secure the just, speedy, and inexpensive determination of every action.'" *Id.* at 851-52 (quoting FED. R. CIV. P. 1). Moreover, when a party fails to comply with a deadline imposed in a scheduling order, the Federal Rules of Civil Procedure provide that the schedule will not be modified "except upon a showing of good cause and by leave of the district court." *Id.* at 851 (quoting FED. R. CIV. P. 16(b)).

Here, in spite of Defendants' protestations to the contrary, the additional filings are untimely. Defendants' assertion that the designations were omitted is, in essence, an admission that the designations should have been included in the January 7th filing. Defendants' failure to show good cause for omitting the additional designations and their failure to seek leave of the Court prior to filing the additional designations are both inexcusable. The Court's deadlines are to be respected rather than disregarded at a party's whim, particularly where, as here, the deadlines are set after consultation with the parties. This cause has been pending for over eight years since the original Complaint was filed in early November 1999. Moreover, Defendants had nearly six months from the July 11, 2007, Entry to prepare its initial designations.

Defendants' other arguments are equally unavailing. Defendants' insistence that Plaintiffs demonstrate prejudice for Defendants' noncompliance with a Court-imposed deadline is absurd as it would render deadlines meaningless. Further, the argument ignores the requirement under Rule 16(b) that a party seeking to alter or modify a deadline must seek leave of the court and demonstrate good cause to do so. Finally, with just under two months to go before the trial in this cause is expected to start, Defendants' argument fails to take into account the disruption untimely and newly designated material causes to both Plaintiffs' and the Courts' time for trial preparation.

Likewise, the Court is unpersuaded by Defendants' attempts to liken its additional designations to Plaintiffs' sur-designations. The two things are entirely dissimilar. The sur-designations are clearly rebuttal material directed at pages within the same deposition. In stark contrast, Defendants' additional designations are not directly rebutting any designations; they are new material that was omitted, in many cases involving entirely new witnesses and depositions. To imply otherwise would be disingenuous.

Having concluded that the additional designations are untimely, the Court must now consider the proper remedy. The Court is convinced that several of the additional designations should be struck; however, a few of the designations are simply extra pages for witnesses and depositions that Defendants did timely identify, and the Court sees little harm in permitting those designations to stand. Therefore, Plaintiffs' motion is **GRANTED in part and DENIED in part**, and the following additional designations are **STRUCK** from the record:

| **Witness** | **Case and Deposition** |
| --- | --- |
| Steven Botsford | *U.S. v. Ohio Edison* (July 10, 2002) |
| Bonnie Bush | *U.S. v. Ohio Edison* (Aug. 1-2, 2001) |
| Yogesh Doshi | *U.S. v. Ohio Edison* (July 24, 2002) |
| Sally Harmon | *U.S. v. Duke Energy Corp.* (Jan. 29, 2002) |
| Henry Hornikel | *U.S. v. Ohio Edison* (July 23, 2002) |
| David Schulz | *U.S. v. Ohio Edison* (July 30-31, 2001) |
| Walter Stevenson | *U.S. v. Duke Energy Corp.* (Sept. 10, 2002) |
| Lawrence Stiller | *U.S. v. Ohio Edison* (Aug. 9, 2002) |
| Harold Strohmeyer | *U.S. v. Ohio Edison* (Aug. 6, 2002) |

| | |
|---|---|
| Thomas Szymanski | *U.S. v. Ohio Edison* (Aug. 8, 2002) |
| Michael Trutna | *U.S. v. Ohio Edison* (Jan. 28, 2002) |
| John Walsh | *U.S. v. Ohio Edison* (July 24, 2002). |

IT IS SO ORDERED this 12th day of March, 2008.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

**Electronically distributed to:**

Scott R. Alexander
SOMMER BARNARD ATTORNEYS, PC
salexander@sommerbarnard.com

Kevin P. Auerbacher
STATE OF NEW JERSEY, DEPT. OF LAW & PUB. SAFETY
auerbkev@law.dol.lps.state.nj.us

Christopher D. Ball
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christopher.ball@dol.lps.state.nj.us

Deborah Nicole Behles
U.S. DEPARTMENT OF JUSTICE
deborah.behles@usdoj.gov

Thomas Andrew Benson
U.S. DEPARTMENT OF JUSTICE
thomas.benson@usdoj.gov

Samuel B. Boxerman
SIDLEY AUSTIN LLP
sboxerman@sidley.com

Robert R. Clark
SOMMER BARNARD ATTORNEYS, PC
rclark@sommerbarnard.com

Larry Martin Corcoran
ENVIRONMENTAL & NATURAL RESOURCES DIVISION
larry.corcoran@usdoj.gov

Carol Lynn DeMarco
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
carol.demarco@dol.lps.state.nj.us

Michael E. DiRienzo
KAHN DEES DONOVAN & KAHN
miked@k2d2.com

Steven David Ellis
ENVIRONMENTAL & NATURAL RESOURCES
steven.ellis@usdoj.gov

Julie L. Ezell
DUKE ENERGY LEGAL DEPARTMENT
julie.ezell@duke-energy.com

Cynthia Marie Ferguson
ENVIRONMENTAL & NATURAL RESOURCES
cynthia.ferguson@usdoj.gov

Richard Mark Gladstein
U.S. DEPARTMENT OF JUSTICE
richard.gladstein@usdoj.gov

Thomas Charles Green
SIDLEY AUSTIN LLP
tcgreen@sidley.com

Maurice A. Griffin
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
maurice.griffin@dol.lps.state.nj.us

R. Keith Guthrie
kgmail@comcast.net

Sarah Dale Himmelhoch
U.S. DEPARTMENT OF JUSTICE
sarah.himmelhoch@usdoj.gov

Eugene J. Kelly Jr.
NEW YORK STATE ATTORNEY GENERAL
eugene.kelly@oag.state.ny.us

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

James A. King
PORTER WRIGHT MORRIS & ARTHUR LLP
jking@porterwright.com

Joseph M. Kowalczyk
NEW YORK STATE ATTORNEY GENERAL
joseph.kowalczyk@oag.state.ny.us

Christine F. Lewis
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christine.lewis@dol.lps.state.nj.us

Jonathan F. Lewis
CLEAN AIR TASK FORCE
jlewis@catf.us

James A. Lofton
U.S. DEPARTMENT OF JUSTICE
jim.lofton@usdoj.gov

Debra McVicker Lynch
SOMMER BARNARD ATTORNEYS, PC
dlynch@sommerbarnard.com

Jon C. Martin
STATE OF NEW JERSEY, DEPT. OF LAW & PUB. SAFETY
martijon@law.dol.lps.state.nj.us

Kimberly P. Massicotte
OFFICE OF THE ATTORNEY GENERAL
kimberly.massicotte@po.state.ct.us

Carmel Alicia Motherway
CONNECTICUT ATTORNEY GENERAL
carmel.motherway@po.state.ct.us

Michael Joseph Myers
NEW YORK STATE DEPARTMENT OF LAW
michael.myers@oag.state.ny.us

John D. Papageorge
SOMMER BARNARD ATTORNEYS, PC
jpapageorge@sommerbarnard.com

Crissy Lyn Pellegrin
ENVIRONMENTAL PROTECTION AGENCY
pellegrin.crissy@epa.gov

Jean Patrice Reilly
STATE OF NEW JERSEY, DEPT. OF LAW & PUB. SAFETY
reilljea@law.dol.lps.state.nj.us

Danielle Brody Rosengarten
U.S. DEPARTMENT OF JUSTICE
danielle.rosengarten@usdoj.gov

Robert T. Rosenthal
NEW YORK ATTORNEY GENERAL'S OFFICE
robert.rosenthal@oag.state.ny.us

Jeffrey K. Sands
U.S. DEPARTMENT OF JUSTICE
jeffrey.sands@usdoj.gov

J. Jared Snyder
OFFICE OF THE ATTORNEY GENERAL
jared.snyder@oag.state.ny.us

Kathryn B. Thomson
SIDLEY AUSTIN LLP
kthomson@sidley.com

Katherine Lynn Vanderhook
U.S. DEPARTMENT OF JUSTICE
katherine.vanderhook@usdoj.gov

Gaylene Vasaturo
ENVIRONMENTAL PROTECTION AGENCY
vasaturo.gaylene@epa.gov

Frank R. Volpe
SIDLEY AUSTIN LLP
fvolpe@sidley.com