IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| STATE OF NEW YORK, STATE OF NEW JERSEY, STATE OF CONNECTICUT, HOOSIER ENVIRONMENTAL COUNCIL, and OHIO ENVIRONMENTAL COUNCIL, | ) ) ) ) ) |
| | ) Civil Action No. 1:99-cv-1693-LJM-JMS |
| Plaintiff-Intervenors, | ) |
| | ) |
| v. | ) |
| | ) |
| CINERGY CORP., PSI ENERGY, INC., and THE CINCINNATI GAS & ELECTRIC COMPANY, | ) ) ) |
| | ) |
| Defendants. | ) |

**CINERGY'S OBJECTION TO DRAFT FINAL JURY INSTRUCTION REGARDING POST-PROJECT ACTUAL EMISSION DATA AT WABASH RIVER 4**

In its May 1 Draft Final Jury Instructions, the Court proposed to allow the jury to find liability based upon post-project emissions data at Wabash River 4. *See* Draft Final Jury Instructions at 30 (Docket 1280-4). We respectfully submit that such an instruction would be in error.

**ARGUMENT**

Evidence of post-project data on generation or emissions levels already has been generally, and correctly, excluded. Order of March 30, 2008 (Docket No. 1237). Liability under NSR rests exclusively on a prediction of whether a modification reasonably should have been expected to cause a significant net increase in emissions. Draft, Final Jury Instructions at 26 (May 1, 2008); *see United States v. S. Ind. Gas & Elec. Co.*, No. IP99-1692-C-M/F, 2002 WL

1629817 (July 18, 2002 S. D. Ind.) (upholding Plaintiffs objection to the use of post-project actual data for all projects (including post-1992 projects) because "whether SIGECO's projects required a preconstruction permit must be determined by reviewing evidence of the projected post-project emissions increases, and not by reviewing evidence of the actual post-project emissions data."); *see* 40 C.F.R. § 52.21; *WEPCO v. Reilly,* 893 F.2d 901 (1990).

There is nothing about the Wabash River 4 project that warrants a different approach. Plaintiffs have testimony from their experts that Cinergy should have predicted a 141 ton increase in annual $SO_2$ emissions, using the exact same methodology that applies to all the other projects in this case. Indeed, Plaintiffs represented in an earlier filing on this very issue that they "are not proceeding under *any* claims under [the so-called backstop] provision," and that, "[c]onsequently, post-project actual emissions are irrelevant for purposes of the liability phase of this trial." Memorandum of Law in Support of Plaintiffs' *Motion in Limine* to Exclude Evidence of Post-Project Actual Emissions and Any Other Argument or Evidence Aimed at Jury Nullification (Dec. 22, 2005) (Docket No. 800) at 1 n.1 (emphasis added).

Moreover, there is nothing in the 1992 NSR rules – including the so-called backstop provision – that would make post-project actual data relevant to Wabash River 4. After *WEPCO*, the EPA in the 1992 Rules created an <u>*optional*</u> safe harbor methodology – the "representative actual annual emissions" test – for electric utilities. 57 Fed. Reg. 32,314, 32,337 (July 21, 1992) (adding "representative actual annual emissions" under 40 C.F.R. § 52.21(b)(33)). The plain language of the 1992 rules emphasizes the optional nature of this safe harbor or "backstop" provision:

> For an electric utility steam generating unit . . . actual emissions of the unit following the physical or operational change shall equal the representative actual annual emissions of the unit, <u>*provided the source owner or operator*</u> maintains and submits to the

2

> Administrator on an annual basis for a period of five years from the date the unit resumes regular operations, information demonstrating that the physical change or operational change did not result in an emissions increase.

40 C.F.R. § 52.21(b)(21)(v) (1992) (emphasis added). Cinergy did not "opt in" to the alternative " 'representative actual annual emissions' methodology" offered by the 1992 rules. Therefore, the so-called "backstop" provisions – i.e., actual, post project emissions – are not relevant.

EPA repeatedly has acknowledged the optional nature of the 1992 rules. For example, EPA argued in the *TVA* proceeding that the alternative "backstop" methodology of the 1992 Rules was "provisional" and only applied if the source opted to submit the actual emissions data. *In re Tennessee Valley Authority*, Initial Brief of EPA Enforcement, CAA Docket No. 00-6 (June 15, 2000). See also EPA 30(b)(6) Deposition, *United States v. E. Ky. Power Coop., Inc.*, Case No. 04-34-KSF (E.D. Ky. July 20, 2005) at 1-6, 19-20 (the alternative methodology of the 1992 rules was an approach that a utility could use "at the option of the utility.").[1] See also *United States v. Duke Energy*, 278 F.Supp. 2d 619, 647 n.25 (M.D.N.C 2003) ("even for projects undertaken after the dates in which the WEPCo rule was adopted," the alternative rule's reliance upon post-project was not applicable because Duke had chosen to "opt out"). Because Cinergy did not opt in, the backstop (actual post project) data is not relevant.

## CONCLUSION

For the reasons provided above, Defendants respectfully request that the Court grant Cinergy's Motion to Exclude Post-Project Data Related to the Wabash River 4 Project.

---

[1] Plaintiffs have also argued that post-project data related to Wabash River 4 is relevant for purposes of rebutting anticipated testimony from Cinergy's experts. Cinergy concedes that if its experts introduce data on post-project emissions, Plaintiffs would be entitled to introduce their own post-project data arguments. But, Cinergy will not introduce any data reflecting post-project emissions or generation.

DATED: May 4, 2008

>Respectfully Submitted,
>
>PSI ENERGY, INC. AND THE CINCINNATI GAS & ELECTRIC COMPANY
>
>By: /s/ Robert R. Clark
>
>By: /s/ Kathryn B. Thomson
>
>Attorneys for PSI Energy, Inc. and The Cincinnati Gas & Electric Company
>
>THOMAS C. GREEN
>MARK D. HOPSON
>SAMUEL B. BOXERMAN
>KATHRYN B. THOMSON
>FRANK R. VOLPE
>Sidley Austin LLP
>1501 K Street, NW
>Washington, DC 20005
>(202) 736-8131
>
>SCOTT R. ALEXANDER
>ROBERT R. CLARK
>DEBRA MCVICKER LYNCH
>JOHN D. PAPAGEORGE
>Taft Stettinius & Hollister LLP
>One Indiana Square, Suite 3500
>Indianapolis, IN 46204
>
>JAMES A. KING
>Porter Wright Morris & Arthur LLP
>41 South High Street
>Columbus, OH 43215
>
>JULIE L. EZELL
>Duke Energy Shared Services, Inc.
>1000 East Main Street
>Plainfield, IN 46168-1782

4

## CERTIFICATE OF SERVICE

      I hereby certify that on May 4, 2008, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**FOR PLAINTIFF, UNITED STATES OF AMERICA:**

Jeffrey K. Sands
E-mail:  jeffrey.sands@usdoj.gov
Sarah Dale Himmelhoch
E-mail:  sarah.himmelhoch@usdoj.gov
Larry Martin Corcoran
E-mail:  larry.corcoran@usdoj.gov
James Lofton
E-mail:  jim.lofton@usdoj.gov
Katherine Vanderhook
E-mail:  katherine.vanderhook@usdoj.gov
Cynthia Ferguson
E-mail:  cynthia.ferguson@usdoj.gov
Deborah Behles
E-mail:  deborah.behles@usdoj.gov
Thomas Benson
E-mail:  thomas.benson@usdoj.gov
Danielle Rosengarten
E-mail:  danielle.rosengarten@usdoj.gov
Environmental and Natural Resources Division
United States Department of Justice

Gaylene Vasaturo
E-mail:  vasaturo.gaylene@epa.gov
Charles V. Mikalian
E-mail:  mikalian.charles@epa.gov
Ignacio L. Arrazola
E-mail:  arrazola.ignacio@epa.gov
Thomas Williams
E-mail:  williams.tom@epa.gov
United States Environmental Protection Agency

Thomas E. Kieper
E-mail:  tom.kieper@usdoj.gov
United States Attorney's Office

**FOR PLAINTIFF-INTERVENOR, THE STATE OF NEW YORK:**

Robert T. Rosenthal
E-mail:  robert.rosenthal@oag.state.ny.us
J. Jared Snyder
E-mail:  jared.snyder@oag.state.ny.us
Joseph M. Kowalczyk
E-mail:  joseph.kowalczyk@oag.state.ny.us
New York State Attorney General

**FOR PLAINTIFF-INTERVENOR, THE STATE OF CONNECTICUT:**

Carmel Alicia Motherway
E-mail:  carmel.motherway@po.state.ct.us
R. Keith Guthrie
E-mail:  kgmail@comcast.net
Connecticut Attorney General

**FOR PLAINTIFF-INTERVENOR, THE STATE OF NEW JERSEY:**

Kevin P. Auerbacher
E-mail: auerbkev@law.dol.lps.state.nj.us
Jean Patrice Reilly
E-mail: reilljea@law.dol.lps.state.nj.us
Jon C. Martin
E-mail: martijon@law.dol.lps.state.nj.us
State of New Jersey, Department of Law
 & Public Safety
New Jersey Office of the Attorney General

Christine F. Lewis
Email: christine.lewis@dol.lps.state.nj.us
Christopher D. Ball
Email: christopher.ball@dol.lps.state.nj.us
Maurice A. Griffin
E-mail: maurice.griffin@dol.lps.state.nj.us
Carol DeMarco
E-mail: carol.demarco@dol.lps.state.nj.us

**FOR THE DEFENDANTS:**

Julie L. Ezell
E-mail: julie.ezell@cinergy.com
Cinergy Services, Inc.

James A. King
E-mail: jking@porterwright.com
Porter Wright Morris & Arthur, LLP

Scott R. Alexander
E-mail: salexander@taftlaw.com
Robert R. Clark
E-mail: rclark@taftlaw.com
Debra McVicker Lynch
E-mail: dlynch@taftlaw.com
John D. Papageorge
E-mail: jpapageorge@taftlaw.com
Taft Stettinius & Hollister LLP

Samuel B. Boxerman
E-mail: sboxerman@sidley.com
Kathryn B. Thomson
E-mail: kthomson@sidley.com
Thomas Charles Green
E-mail: tcgreen@sidley.com
Frank R. Volpe
E-mail: fvolpe@sidley.com
Mark D. Hopson
E-mail: mhopson@sidley.com
Sidley Austin LLP

**FOR PLAINTIFFS-INTERVENORS, HOOSIER ENVIRONMENTAL COUNCIL AND OHIO ENVIRONMENTAL COUNCIL:**

Jonathan Lewis
jlewis@catf.us
Clean Air Task Force

By:   /s/ Kathryn B. Thomson
        Attorney
     Sidley Austin LLP
     1501 K Street, NW
     Washington, DC 20005
     kthomson@sidley.com