IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| STATE OF NEW YORK, STATE OF NEW JERSEY, STATE OF CONNECTICUT, HOOSIER ENVIRONMENTAL COUNCIL, and OHIO ENVIRONMENTAL COUNCIL, | ) ) ) ) |
| | ) Civil Action No. 1:99-cv-1693-LJM-JMS |
| Plaintiff-Intervenors, | ) |
| | ) |
| v. | ) |
| | ) |
| CINERGY CORP., PSI ENERGY, INC., and THE CINCINNATI GAS & ELECTRIC COMPANY, | ) ) ) |
| | ) |
| Defendants. | ) |

### REPLY IN SUPPORT OF RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON CERTAIN CLAIMS AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL

Defendants PSI Energy, Inc., and The Cincinnati Gas & Electric Company (collectively, "Cinergy") submit this Reply in further support of their Renewed Motion for Entry of Judgment on Certain Claims (May 30, 2008) (Docket No. 1342) and in opposition to Plaintiffs' Motion for Voluntary Dismissal (June 2, 2008) (Docket No. 1344). As explained below, Plaintiffs' objections to Cinergy's Motion have no merit. Thus, the Court should enter judgment in favor of the Defendants as a matter of law with respect to each unproven claim. (The unproven claims are identified in Cinergy's Motion).

*First*, this case was filed nearly nine years ago, and Plaintiffs have had every

possible opportunity to gather evidence relating to these projects and pursue their unproven claims through dispositive motions or at trial; yet they have failed to pursue those claims. Indeed, during the nine years this case has been pending, Plaintiffs have had the benefit of extensive discovery, including: countless depositions; interrogatories; requests to admit; and document requests yielding literally millions of pages of paper.  At the close of Plaintiffs' extensive discovery campaign, they choose not to seek summary judgment on these claims, opting instead to push forward to trial.  But at no point during the two and a half week trial on liability did Plaintiffs present *any* evidence whatsoever relating to the unproven claims under the legal standards imposed by this Court.  As a consequence, Plaintiffs have presented no material facts that support their claims and Cinergy is entitled to judgment as a matter of law under either Fed. R. Civ. Pro. 50 or 56.

*Second*, Plaintiffs' assertion that Federal Rules of Civil Procedure 50 and 56 are inapplicable misses the mark entirely.  It is well known that the standards for summary judgment and judgment as a matter of law are essentially equivalent.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (motion for summary judgment standard "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)"); *see* Fed. R. Civ. P. 50, Committee Note of 1991 (change in nomenclature to accentuate close relationship between Rule 50 and Rule 56).  Thus, because Plaintiffs have failed to present one shred of evidence in support of the unproven claims, judgment for Cinergy is appropriate under either rule.

Plaintiffs also inaccurately assert that Rule 56 is inapplicable because Cinergy failed to specifically identify undisputed issues.  To the extent there is any confusion, Cinergy will be clear:  Plaintiffs have offered not one single fact to support a finding of liability for any of the claims identified in Cinergy's Motion.  Plaintiffs had countless opportunities to present

evidence concerning the unproven claims to the Court and the jury, but the record is bereft of any such evidence. These are the undisputed facts.

Plaintiffs' contention that Rule 50 does not apply is equally misguided. A motion for judgment as a matter of law after the verdict is a "*renewal* of an earlier motion made at the close of evidence." Fed. R. Civ. Pro. 50(b), Committee Note of 1991 (emphasis added). In the instant case, Cinergy has properly renewed the motion for entry of judgment that it filed at the close of Plaintiffs' case. *See* (May 15, 2008) (Docket No. 1320). Moreover, because Cinergy is seeking the same relief it sought at that time, Plaintiffs have been on notice of the perceived deficiencies in their case since before the close of trial. Although this Court denied Cinergy's request for entry of judgment at the time, it stated that "Defendants may *renew* their request if they desire after the case has been submitted to the jury for consideration and the jury has rendered a verdict." (May 16, 2008) (Docket No. 1327) (emphasis added).

*Third*, Plaintiffs' suggestion that these claims be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) ignores the clear requirements of that rule. Even worse, Plaintiffs' interpretation of the rule would result in a gross injustice to Cinergy by allowing Plaintiffs to take a second bite at the apple indefinitely after fully surveying Cinergy's trial strategy and making a calculated call to drop the claims identified in Cinergy's Motion prior to trial. Giving Plaintiffs a second chance to litigate the unproven claims would also place a tremendous and unjustified strain on judicial resources, particularly when weighed against Plaintiffs' failure to mine any evidence worth presenting at the first trial.

Moreover, Federal Rule of Civil Procedure 41(a)(2) applies to: (i) entire actions (ii) dismissed at the Plaintiffs' request. Plaintiffs have failed to meet both of these criteria. Rule 41(a)(2) governs the dismissal of *entire actions*, not of individual claims. *Hells Canyon*

*Preservation Council v. United States Forest Service*, 403 F.3d 683, 687 (9th Cir. 2005) ("Nothing in the case law suggests that Rule 41(a) extends to the voluntary withdrawal of individual claims against a defendant remaining in the case."). Furthermore, this rule only applies to situations where Plaintiffs seek dismissal. *See* Rule 41(a)(2) ("an action may be dismissed *at the Plaintiffs request*.") (emphasis added). Here, Plaintiffs never moved to voluntarily dismiss any of the unproven claims. In fact, Cinergy did not realize Plaintiffs were dropping Wabash River Unit 4 until the middle of Ms. Himmelhoch's opening statement. *See* (Tr. Trans. at Vol. II-61 Line 3-7) (Mr. Green: "[l]istening to the Government's opening it's apparent to me they have dropped one of the projects, and I believe it's Wabash River 4. Is that correct? Ms. Himmelhoch: That's correct, sir.").

*Fourth*, if any section of Rule 41 is applicable to this situation, it is Federal Rule of Civil Procedure 41(b) which permits a defendant to request dismissal of any action or claim based on a failure to prosecute. Rule 41(b), unlike Rule 41(a)(2), permits dismissal of individual claims *or* entire actions. *Hells Canyon*, 403 F.3d at 689. Moreover, dismissal pursuant to Rule 41(b) avoids the inequitable result of Rule 41(a)(2), because it operates as an adjudication on the merits. Plaintiffs explicitly abandoned any intent to prosecute these claims. And despite not moving to dismiss, Plaintiffs also recognized that their decision to abandon the claims was binding. *See* Exhibit 1 (Email from S. Himmelhoch to K. Thomson dated April 29, 2008) (recognizing representation not to pursue the claims at issue was "binding").

*Fifth*, there is no logical reason to differentiate between the claim involving Wabash River Unit 4 and the other abandoned claims. Plaintiffs clearly represented that they would not be presenting evidence concerning Wabash River Unit 4 at trial. *See* (Tr. Trans. at Vol. II-61 Line 3-7). Moreover, while Plaintiffs did offer a proffer of evidence of post-project

data on Wabash River Unit 4 had they been allowed to introduce it to the jury, that evidence was explicitly disallowed by this Court's prior rulings on the legal standards that would apply in this case. *See*, *e.g.,* March 20, 2008 Order (Docket No. 1237).  Furthermore, entry of judgment as a matter of law on Wabash River Unit 4 will not delay resolution of the remedy phase.  The Court has not entered a final judgment on any of the claims identified in Cinergy's Motion or the claims decided by the jury.  Consequently, absent the granting of an interlocutory appeal – which Cinergy does not seek – none of the claims at issue can be appealed until after Plaintiffs' remedy claims for the four (4) Wabash River projects are resolved.  Thus, there is no real risk that the proceedings will splinter between the 4 Wabash River projects proceeding to remedy and any of the claims addressed in Cinergy's Motion or for which the jury returned a verdict for Cinergy.

   For these reasons Cinergy respectfully requests that the Court enter judgment in defendants favor.

DATED:  June 10, 2008

               Respectfully submitted,

               PSI ENERGY, INC., AND THE CINCINNATI GAS &
               ELECTRIC COMPANY

               By:   /s/  Kathryn B. Thomson
               THOMAS C. GREEN
               MARK D. HOPSON
               SAMUEL B. BOXERMAN
               FRANK R. VOLPE
               Sidley Austin LLP
               1501 K Street, NW
               Washington, DC 20005
               (202) 736-8131

               SCOTT R. ALEXANDER
               ROBERT R. CLARK
               DEBRA MCVICKER LYNCH
               JOHN D. PAPAGEORGE

Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204

JAMES A. KING
Porter Wright Morris & Arthur LLP
41 South High Street
Columbus, OH 43215

JULIE L. EZELL
Duke Energy Shared Services, Inc.
1000 East Main Street
Plainfield, IN 46168-1782

DEAN M. MOESSER
Duke Energy Corp.
5555 San Felipe Street
Houston, TX 77056

## CERTIFICATE OF SERVICE

      I hereby certify that on June 10, 2008, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Kathryn B. Thomson
      Attorney
      Sidley Austin LLP
      1501 K Street, NW
      Washington, DC 20005
      kthomson@sidley.com