UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA et al, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:99-cv-1693-LJM-JMS |
| | ) | |
| CINERGY CORPORATION, | ) | |
|     Defendant. | ) | |

### ENTRY ON MOTION TO COMPEL DISCOVERY

This matter is before the magistrate judge on Plaintiffs' Motion to Compel Discovery (Dkt. # 1494). The motion is fully briefed, and being duly advised, the magistrate judge **GRANTS IN PART AND DENIES IN PART** the motion for the reasons set forth below.

Plaintiffs seek an order compelling Defendant Cinergy Corporation ("Cinergy") to produce the inputs and outputs of the production cost modeling runs conducted by Cinergy to evaluate the retirement of Wabash River units 2, 3 and 5, and provide the dates and names of people within certain third-party agencies with whom Cinergy's counsel has communicated regarding the remedy phase trial. Cinergy asserts work product protection as to each category of information.

### Work Product Doctrine

The work product doctrine is designed to protect from disclosure documents and tangible things otherwise discoverable but prepared in anticipation of litigation, including an attorney's thoughts and mental impressions. *Fed. R. Civ. P. 26(b)(3), Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The threshold determination is "whether the documents sought to be protected were prepared in anticipation of litigation or for trial." *Caremark, Inc., v. Affiliated Computer Services, Inc.,* 195 F.R.D. 610, 614 (N.D. Ill. 2000), citing *Upjohn,* 449 U.S. 383. "Thus,

the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Binks Mfg. Co. v. National Presto Indus., Inc.,* 709 F.2d 1109, 1118-9 (7th Cir. 1983). The burden is on the party opposing production to establish that the work product doctirne immunizes the documents at issue from discovery. *Allen v. Chicago Transit Authority,* 198 F.R.D. 495, 499 (N.D. Ill. 2001), citing *U.S. v. Hamilton,* 19 F.3d 350, 354 (7th Cir. 1994).

Documents that are created in the ordinary course of business, irrespective of litigation, are not protected by the work product doctrine. *U.S. v. Adlman,* 134 F.3d 1194, 1202 (2nd Cir. 1998). "On the other hand, where a document is prepared because of the prospect of litigation, analyzing the likely outcome of that litigation, it does not lose protection merely because it is also created in order to assist with a business decision." *Caremark,* 195 F.R.D. 610, 614, citing *U.S. v. Adlman,* at 1202.

The work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3), which provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney . . .)," except where "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

**Modeling**

During a deposition of Cinergy fact witness Diane Jenner, Plaintiffs learned that Cinergy had conducted a production cost model to determine the impact of permanently retiring Wabash River units 2, 3 and 5 in 2009. Counsel for Cinergy instructed Ms. Jenner not to answer any follow-up questions seeking specific information about the modeling on the basis of attorney-client privilege

and work product protection.

Plaintiffs argue the inputs and outputs for the model are all facts which are not protected from disclosure by the attorney work product doctrine. They further assert that even if the inputs and outputs were protected, they cannot be obtained from any other source, and Plaintiffs have a substantial need for the materials. Plaintiffs also claim that Cinergy has waived any privilege as a result of its failure to produce a privilege log entry for this modeling prior to the Court's order of October 23, 2008 requiring Cinergy to produce any studies on the impact of Wabash River's closure on utility rates.

Cinergy bears the burden of proving the documents Plaintiffs seek are indeed protected from disclosure by the work product doctrine. Cinergy claims the modeling runs were performed at the express request of counsel, were carried out at counsel's direction and request using inputs generated for purposes of this litigation. It asserts the sole reason for the modeling runs was to help Cinergy's counsel develop strategy for purposes of the remedy phase proceedings. Cinergy further states that none of the modeling data was generated during the ordinary course of business.

Plaintiffs respond that Cinergy has failed to meet its burden of showing that the modeling inputs and outputs are protected by the work product doctrine. They assert that "it appears that Cinergy has simply performed two production cost modeling runs using the same inputs that are also used in Cinergy's other business applications." (Reply pg. 2). Plaintiffs further claim that "if Cinergy wants a realistic projection of the effects of any particular remedy proposal, then it would be logical to use its usual baseline inputs and assumptions, so as to accurately compare scenarios." (Reply pg. 3).

The threshold inquiry is whether the documents claimed to be protected were prepared in anticipation of litigation or for trial. It is clear such is the case with the modeling runs. Plaintiffs

claim is essentially that the inputs into the modeling run constitute underlying facts which are not protected because those inputs are used in the ordinary course of Cinergy's business. However, Plaintiffs' assertions, outlined above, are speculative. Cinergy clearly states the inputs used were generated for purposes of this litigation. Thus the inputs were a hypothetical proposed by counsel, with the corresponding outputs flowing therefrom. The Court does not find them to be facts. Further, even if the model itself is used routinely during the normal course of Cinergy's business, this particular modeling run was performed for the express purpose of litigation.

The work product doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his adversaries. Analysis of one's case in anticipation of litigation is a classic example of work product." *United States v. Adlman,* 134 F.3d 1194, 1196-97 (2nd Cir. 1998)(internal quotations and citations omitted). The modeling runs fit precisely into this "classic example of work product." As Cinergy states, "[i]t is commonplace for trial counsel to test theories by instructing others to conduct an analysis for counsel, and it is then the entire analysis - the assumptions, the data created to do the analysis, the results, etc. - that is protected work product." (Response pg. 6).

The work product protection may be overcome where "the party seeking production demonstrates both a substantial need for the materials and that it would suffer undue hardship in procuring the requested information some other way." *Logan v. Commercial Union Ins. Co.,* 96 F.3d 971, 976 (7th Cir. 1996). Plaintiffs assert they have a substantial need for the modeling inputs and outputs because Cinergy intends to argue that the shutdown of Wabash River will result in increased costs to its ratepayers. Cinergy does not contest that it will advance such an argument. However, Cinergy has already been ordered to identify all facts, documents and witnesses upon which it intends to rely in making any argument that rates will have to be raised should the court

order Wabash River to be shut down. (See Dkt. # 1455). Cinergy's response confirms such production has occurred: "Cinergy has provided all analyses that it will actually use at the remedy trial. It has provided the data and documents it may rely on, it has answered the written interrogatories, and it has made the witnesses who developed and will sponsor the analysis at trial available for deposition." (Resp. pg. 9). Plaintiffs have therefore discovered the basis of Cinergy's defense and can prepare for it accordingly.

It appears to the Court that Plaintiffs suspect that the internal modeling may contain information that might be useful to Plaintiff's case. Such suspicion is not sufficient to meet the requisite standard to overcome the work-product protection. Plaintiffs have the burden of showing that they have a substantial need for the modeling data and cannot obtain the substantial equivalent without undue hardship. Cinergy asserts Plaintiffs have ample information both provided by Cinergy and publicly available from which to perform their own modeling analyses, and also "appear to be in possession of modeling software that could process this information and produce outputs similar to those that were generated at the request of Cinergy's attorneys." (Resp. pg. 9). Plaintiffs dispute that their modeling software can accomplish the same task as Cinergy's modeling software.

Regardless, Plaintiffs have not asked for Cinergy's modeling software; they have asked for the modeling inputs and outputs. Indeed, they concede that even if their software could be used rather than Cinergy's, "Plaintiffs do not have access to the very items necessary to effectively run the model - the inputs that Cinergy used ..." (Reply pg. 5). However, those inputs are protected from disclosure by the work product doctrine. Plaintiffs have not shown that they do not have the expertise or cannot procure the expertise to run a similar modeling analysis using the data that is either publicly available or that Cinergy has provided and intends to use at trial. Plaintiffs are not entitled to take "a free ride on the research and thinking of [their] opponent's lawyer." *Hobley v.*

*Burge,* 433 F.3d 946, 949 (7th Cir. 2006).

Lastly, Plaintiffs argue that Cinergy has waived its work product protection because it failed to list the modeling on its privilege log. They contend that the modeling is responsive to the Court's order of October 23, 2008 requiring Cinergy to produce any studies on the impact of Wabash River's closure on utility rates (see Dkt. # 1455), and therefore should have been listed on an accompanying privilege log when all other responsive information was produced. However, Cinergy points out that the parties had previously agreed that any documents prepared by or for counsel after the date of the filing of the original complaint "need not be listed on the respective parties privilege logs." (Resp. Ex. B). Plaintiffs do not dispute this agreement, and consequently, their waiver argument fails.

Therefore, for the reasons set forth above, Plaintiffs motion to compel the modeling inputs and outputs is **DENIED**, as that information is clearly protected by the work-product doctrine and Plaintiffs have not met their burden of showing .

### Third-Party Communications

Plaintiffs seek the date and identification of the participant of any communication between Cinergy's counsel and seven specific third parties as requested in Interrogatory No. 22, as narrowed by Plaintiffs. Cinergy contends this information is also work-product, as it provides insight into counsel's preparation of the case and mental processes. Plaintiffs note that five of the seven entities are listed on Cinergy's preliminary witness list; however, only a "representative" of each entity is identified as a witness, with no specific individual named.

Cinergy makes essentially the same arguments as that made by defendant Jewel Food Stores in *EEOC v. Jewel Food Stores, Inc.,* 231 F.R.D. 343, 347 (N.D. Ill. 2005)("Jewel further argues that merely disclosing whom its attorneys interviewed will invade the attorneys' mental processes, by revealing whom Jewel's attorneys deemed important enough to interview."). The court opined that

"the fact that Jewel (or its counsel) has talked to certain persons who are potential witnesses, without more, reveals little or nothing about which witnesses Jewel considers important." *Id.*

This Court agrees with the *Jewel* court, particularly in light of the fact that the parties here have been routinely updating their witness lists, designating witnesses as likely, possible, and unlikely to be called at trial. Revealing the identities of the individuals with whom Cinergy's counsel has spoken within the seven entities reveals nothing of their import. Furthermore, that Cinergy has "representatives" of five of the seven entities listed as potential witnesses is significant. Plaintiffs should not have to search for the proverbial needle in a haystack to determine the representative to whom Cinergy may have spoken that may be called as a witness at trial. However, Cinergy is not required to provide the date(s) of the communications. The dates may indeed reveal some significance as to the particular entity or individual, as it indicates the timing of Cinergy's contact, and the number of contacts.

Therefore, Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART** with respect to Interrogatory No. 22. Cinergy shall update its response to Interrogatory No. 22 in accordance with the above no later than January 5, 2009.

**SO ORDERED.**

12/30/08

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Copies to:[1]

---

[1]Please note that the court will not mail copies of this entry to those attorneys of record who have not provided their email address to the court. As of September 1, 2004, the failure to register for the court's electronic filing system constitutes a violation of Local Rule 5.7(b). It is the responsibility of co-counsel who are registered to ensure that the entry is distributed to all non-registered counsel, and registered co-counsel also should urge all counsel to comply with the local rule and register to use the court's electronic filing system so that they may receive notice of future entries from the court by email. Information on how to register may be found on the

Scott R. Alexander
TAFT STETTINIUS & HOLLISTER LLP
salexander@taftlaw.com

Kevin P. Auerbacher
STATE OF NEW JERSEY, DEPT. OF LAW & PUBLIC SAFETY
auerbkev@law.dol.lps.state.nj.us

Christopher D. Ball
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christopher.ball@dol.lps.state.nj.us

Deborah Nicole Behles
US DEPARTMENT OF JUSTICE
deborah.behles@usdoj.gov

Thomas Andrew Benson
U.S. DEPARTMENT OF JUSTICE - ENVIRONMENTAL ENFORCEMENT
thomas.benson@usdoj.gov

Samuel B. Boxerman
SIDLEY AUSTIN LLP
sboxerman@sidley.com

Stefanie A. Brand
R J Hughes Justice Complex
25 Market Street
P O Box 093
Trenton, NJ 08625

Phillip Brooks
US DEPARTMENT OF JUSTICE
phillip.brooks@usdoj.gov

Jayna Morse Cacioppo
TAFT STETTINIUS & HOLLISTER LLP
jcacioppo@taftlaw.com

Robert R. Clark
TAFT STETTINIUS & HOLLISTER LLP
rclark@taftlaw.com

Larry Martin Corcoran

---

court's website at http://www.insd.uscourts.gov/ecf_info.htm.

ENVIRONMENTAL AND NATURAL RESOURCES DIVISION
larry.corcoran@usdoj.gov

Mary E. Costigan
R J Hughes Justice Complex
25 Market Street
P O Box 093
Trenton, NJ 08625

Carol Lynn DeMarco
NEW JERSEY ATTORNEY GENERAL'S OFFICE
carol.demarco@dol.lps.state.nj.us

Meghan Colleen Delaney
SIDLEY AUSTIN LLP
mberroya@sidley.com

Michael E. DiRienzo
KAHN DEES DONOVAN & KAHN
miked@k2d2.com

Jason A. Dunn
UNITED STATES DEPARTMENT OF JUSTICE
jason.dunn@usdoj.gov

Steven David Ellis
ENVIRONMENTAL & NATURAL RESOURCES
steven.ellis@usdoj.gov

Julie L. Ezell
DUKE ENERGY LEGAL DEPARTMENT
julie.ezell@duke-energy.com

Cynthia Marie Ferguson
US DEPARTMENT OF JUSTICE - ENVIRONMENT & NATURAL RESOURCES
cynthia.ferguson@usdoj.gov

Myles E. Flint II
US DEPT OF JUSTICE
myles.flint@usdoj.gov

Richard Mark Gladstein
U.S. DEPARTMENT OF JUSTICE
richard.gladstein@usdoj.gov

Thomas Charles Green

SIDLEY AUSTIN LLP
tcgreen@sidley.com

Maurice A. Griffin
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
maurice.griffin@dol.lps.state.nj.us

R. Keith Guthrie
ATTORNEY AT LAW
kgmail@comcast.net

Mark D. Hopson
SIDLEY AUSTIN LLP.
1501 K Street, NW
Washington, DC 20005

Eugene J. Kelly Jr.
NEW YORK STATE ATTORNEY GENERAL
eugene.kelly@oag.state.ny.us

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

James A. King
PORTER WRIGHT MORRIS & ARTHUR LLP
jking@porterwright.com

Joseph M. Kowalczyk
NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
joseph.kowalczyk@oag.state.ny.us

Christine F. Lewis
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christopher.ball@dol.lps.state.nj.us

Jonathan F. Lewis
CLEAN AIR TASK FORCE
jlewis@catf.us

Jennifer Anne Lukas-Jackson
UNITED STATES DEPARTMENT OF JUSTICE
jennifer.lukas-jackson@usdoj.gov

Larry A. Mackey
BARNES & THORNBURG LLP

larry.mackey@btlaw.com

John R. Maley
BARNES & THORNBURG
jmaley@btlaw.com

Jon C. Martin
STATE OF NEW JERSEY
martijon@law.dol.lps.state.nj.us

Kimberly P. Massicotte
OFFICE OF THE ATTORNEY GENERAL
kimberly.massicotte@po.state.ct.us

Dean M. Moesser
DUKE ENERGY CORPORATION
dmmoesser@duke-energy.com

Carmel Alicia Motherway
CONNECTICUT ATTORNEY GENERAL
carmel.motherway@po.state.ct.us

James A. Murphy
R J Hughes Justice Complex
25 Market Street
P O Box 093
Trenton, NJ 08625

Michael Joseph Myers
NEW YORK STATE DEPARTMENT OF LAW
michael.myers@oag.state.ny.us

John D. Papageorge
TAFT STETTINIUS & HOLLISTER LLP
jpapageorge@taftlaw.com

Crissy Lyn Pellegrin
ENVIRONMENTAL PROTECTION AGENCY
pellegrin.crissy@epa.gov

Jean Patrice Reilly
STATE OF NEW JERSEY
martijon@law.dol.lps.state.nj.us

Danielle Brody Rosengarten
US DEPT OF JUSTICE

danielle.rosengarten@usdoj.gov

Robert T. Rosenthal
NEW YORK ATTORNEY GENERAL'S OFFICE
robert.rosenthal@oag.state.ny.us

Jeffrey K. Sands
UNITED STATES DEPT. OF JUSTICE
jeffrey.sands@usdoj.gov

Justin Aaron Savage
UNITED STATES DEPARTMENT OF JUSTICE
justin.savage@usdoj.gov

J. Jared Snyder
OFFICE OF THE ATTORNEY GENERAL
jared.snyder@oag.state.ny.us

Kosta S. Stojilkovic
SIDLEY AUSTIN LLP
kstojilkovic@sidley.com

Kathryn B. Thomson
SIDLEY AUSTIN LLP
kthomson@sidley.com

Katherine Lynn Vanderhook
UNITED STATES DEPARTMENT OF JUSTICE
katherine.vanderhook@usdoj.gov

Gaylene Vasaturo
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
vasaturo.gaylene@epa.gov

Frank R. Volpe
SIDLEY AUSTIN LLP
fvolpe@sidley.com