UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>STATE OF NEW YORK, STATE OF NEW JERSEY, STATE OF CONNECTICUT, HOOSIER ENVIRONMENTAL COUNCIL, and OHIO ENVIRONMENTAL COUNCIL,<br>    Plaintiff-Intervenors,<br><br>vs.<br><br>CINERGY CORP., PSI ENERGY, INC., and THE CINCINNATI GAS & ELECTRIC COMPANY,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:99-cv-1693-LJM-JMS |

## **ORDER**

This matter pends on the Order to Show Cause issued by this Court on December 18, 2008. The Court ordered each of defendants', Cinergy Corp., PSI Energy, Inc., and The Cincinnati Gas & Electric Company (collectively, "Cinergy"), counsel of record as of May 5, 2008, to show cause why they should not be suspended from practice before this Court and why Cinergy and its counsel should not be ordered to pay for plaintiffs', the United States of America ("USA"), and plaintiff-intervenors', the State of New York, the State of New Jersey, the State of Connecticut, the Hoosier Environmental Council, and the Ohio Environmental Council (all plaintiffs, collectively, "Plaintiffs"), attorneys' fees. The Court did not set a disciplinary hearing pursuant to its local rules. The Court instead gave counsel the opportunity to show cause why such a procedure would be unnecessary. The

issue of attorney fees is not a matter of attorney discipline. Rather, fees are an issue of further remedy for the previously found misconduct.

Cinergy has provided the Court with a brief and supporting documentation in response to the Court's Order to Show Cause. The Court finds as follows:

## I. DISCUSSION

The sine qua non of the Court's prior order finding attorney misconduct and calling for a new trial is this colloquy between Cinergy counsel and its witness Mr. Robert Batdorf ("Bardorf"):

Q. Are you currently employed, Mr. Batdorf?

A. No, sir, I am currently retired.

After the jury returned its verdict and during the discovery process for the remedy phase of this case, Cinergy's lawyers disclosed that Batdorf had, approximately one month before trial, signed a consultant agreement with Cinergy in which Batdorf agreed to provide advice and testimony for this litigation and be paid for his time in the amount of $200.00 per hour plus expenses. The agreement clearly indicates that Batdorf was not to be considered an employee of Cinergy, rather he was to be considered an independent contractor.

The Court, in its Order on Plaintiffs' Motion for New Trial, expressed concern that the failure to disclose Batdorf's employment as an independent contractor, coupled with what the Court observed as Cinergy's strategic juxtaposition of its own witnesses as retired and unpaid against Plaintiffs' witness as highly paid experts, compounded the misrepresentation of Batdorf's actual employment circumstances. The Court was further concerned that when Cinergy lawyers asked for permission for Batdorf to remain in the

courtroom for the rest of the trial after his testimony because he was retired and would not be called again, the Court, in granting that permission, put its own imprimatur on the representation that Batdorf was not employed.

The Court also found that the existence of the agreement should have been revealed to Plaintiffs during the discovery process both in response to specific discovery questions asked and pursuant to a continuing duty to provide discovery on any circumstances of the witnesses that changed during the pendency of the case.

In response to the Order to Show Cause, all the counsel of record have filed affidavits. In addition to those affidavits, counsel, for whom this Court has a great deal of respect, filed affidavits opining on various issues in the case. In addition two distinguished professors offered affidavits on issues addressed in this Courts prior ruling. Finally, a thorough brief has been filed on behalf of all lawyers involved.

It is clear from a reading of counsels' affidavits that not all counsel were aware of the remuneration agreement. Some, in fact, were not aware of the agreement until after the verdict was returned. The Court will accept their statements as true and find that they have satisfied in full the show cause requirement. The lawyers are: Mark Hopson, Thomas Green, Kosta Stanko Stojilkovic, Meghan Delaney, Frank Volpe, Samuel Boxerman, James King, John Papageorge, Scott Alexander, Barbara Fruehling Gambill and Debra McVicker Lynch. In addition, while Robert Clark indicates that he might have been aware of the agreement, he was not involved in the trial. Again, all these lawyers have satisfied the show cause requirement and have no further responsibility to the Court on these issues. The only remaining lawyers are: in house counsel Julie E. Ezell ("Ezell") and Dean Moesser ("Moesser"), and trial counsel Kathryn Thompson ("Thompson").

The affidavits of experts all address discrete issues raised in the Court's order. It is significant to note that no expert has approved or even addressed the responsibility of counsel of record in failing to intervene when a witness who is signatory to a consulting agreement and who is being remunerated in proportion to his last salary benefit package from defendants, Cinergy, tells the jury that he is unemployed. No expert has addressed *Hamilton v. General Motors Corporation*, 490 F.2d 233, 229 (7th Cir. 1973), on the issue of payment of non-expert witnesses. No expert has addressed *Paragon Podiatry Lab., Inc. V. KLM Labs., Inc.*, 984 F.2d 1182,1191(Fed. Cir 1993), which warns of half truths when representing consultants as not employed. Finally, no expert has been charged with the responsibility of weighing "the competing policy interests of the finality of judgment against fundamental fairness in light of all the facts" as is this Court when resolving a motion for new trial. *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995).

Two of the expert affidavits are directed at this Court's ruling that the remuneration agreement should have been revealed to Plaintiffs in accordance with the Federal Rules of Civil Procedure for discovery. These affiants are, of course, entitled to their opinions and this Court simply disagrees and stands on the views expressed in its prior Order.

Several experts point out to the Court that consulting agreements are executed between former employers and retirees and emphasize that the payment is for time spent to prepare, advise and testify, but not for the content of their testimony. Some indignation is expressed in the affidavits of others that the remuneration agreement is relevant at all. These consulting agreements are so common as to not be of any great concern opines one expert. Another expert finds that the amount of remuneration is reasonable and should in itself not cast any aspersions upon the testimony.

4

The Court has no quarrel with the right or qualifications of any of these experts to offer these opinions. The Court believes that the effect of the remuneration agreement at issue in this case, whether it was for time or testimony, whether like agreements are so common as to not be of concern, and the overall effect of the agreement upon the outcome of the verdict should be issues openly placed before the jury. In the case at bar, it has been this Court's opinion and remains so that the jury was entitled to know of the agreement and that counsel for Cinergy who were aware of the agreement should have revealed it to the other side both during the discovery process or at the very least as soon as Batdorf told the jury that he was unemployed.

The Court has not found that Batdorf deliberately misinformed the jury as to his employment status. The Court does find that it was the responsibility of Cinergy counsel, upon hearing Batdorf's answer that he was unemployed, to immediately consult with him, advise him of the fact that he was in fact employed as an independent contractor and advise the Court and jury of the truth of his consultant agreement.[1] As the Court has already found, the failure to do so has resulted in the necessity of a new trial.

The Court now turns to the question of whether attorneys Ezell, Moesser and Thompson have shown cause that a separate file for disciplinary action should not be opened and a hearing set. Should lawyers who knew of the existence of the terms of the consultant agreement be disciplined further for failure to protect their client from possible untoward consequences of a statement made to a jury under oath that he may not appreciate is untrue? Should they be further disciplined for failure to reveal the terms of

---

[1] The Court is confident that counsel will advise Batdorf that for tax purposes he was not just retired.

the agreement so that the jury might consider it under the totality of the circumstances in this case in determining whether Cinergy discharged its duties under the Clean Air Act?

Ordinarily a credibility issue will not support a setting aside of a jury verdict. Even so, this Court has found that in conjunction with the expressed themes of the defense, the request that a retired witness be permitted to stay in the courtroom despite a witness separation order, the failure to disclose the agreement either before or after Batdorf's testimony required the verdict to be set aside. Setting aside a verdict is a harsh penalty. A harsh penalty called for by what the Court considers the egregious nature of the attorney inaction.

It is the opinion of this Court that further action against Ezell, Moesser, and Thompson is unnecessary. The publishing of this and prior orders is sufficient. Further proceedings would create time consuming litigation threatening to overtake the issues of the case and draw time and energy away from the Court's and the attorneys' task of bringing this litigation to a close with as little delay as possible. No disciplinary action is recommended by this Court.

The Court reminds counsel that ours is a system of dispute resolution that relies very heavily on the integrity of the means and on the empirically sound and historic theory that if the means are just the end is just. The means upon which we all rely include the rules of evidence, the rules of procedure and the rules of professional conduct. While we sometimes narrowly refer to the system as a whole as an adversary system, we are all called upon to remember that a lawyer has a duty of candor to the court, not just a duty of advocacy for the client. In an effort to zealously advocate for the client, lawyers can forsake their duty of objectivity and become like chamaeleons, indistinguishable from their

clients. It is upon this over advocacy that the Court blames the otherwise untenable position that an individual who has signed a consultant agreement and is being paid some $200.00 per hour plus expenses can wholly truthfully state that he is unemployed. Whether this is sanctionative non-professional behavior as well as over advocacy is not a question this Court will pursue further on the facts before it. For this reason no further action will be taken against any of the three mentioned lawyers.

In addition to the new trial, it is this Court's opinion that Cinergy should pay Plaintiffs' attorneys' fees for bringing this issue to the Court's attention. There will be a new trial precisely because of the conduct attributable to two in house lawyers and one hired counsel. The Court finds that cause has not been shown that Cinergy should not pay Plaintiffs' attorneys' fees. The Court hereby orders Cinergy to pay Plaintiffs' attorneys' fees for bringing this issue to the Court's attention. Plaintiffs' counsel are ordered to prepare and file within thirty days a statement of attorneys' fees necessary for filing and responding to their Motion for New Trial.

## II.  CONCLUSION

For the reasons stated herein, the Court concludes that defendants, Cinergy Corp., PSI Energy, Inc., and The Cincinnati Gas & Electric Company, and their counsel of record as of May 5, 2008, have **SHOWN CAUSE** why said counsel should not be subject to disciplinary proceedings in this Court. However, defendants, Cinergy Corp., PSI Energy, Inc., and The Cincinnati Gas & Electric Company, have **FAILED to SHOW CAUSE** why they should not pay for plaintiffs', the United States of America ("USA"), and plaintiff-intervenors', the State of New York, the State of New Jersey, the State of Connecticut, the

Hoosier Environmental Council, and the Ohio Environmental Council, attorneys' fees for bringing these issues to the Court's attention.  Within thirty (30) days of the date of this Order, plaintiffs', the United States of America ("USA"), and plaintiff-intervenors', the State of New York, the State of New Jersey, the State of Connecticut, the Hoosier Environmental Council, and the Ohio Environmental Council, shall file a statement of attorneys' fees for filing Plaintiffs' Motion for New Trial.

The <u>Hearing on the Order to Show Cause set for Tuesday, January 13, 2009, is hereby **VACATED**</u>.  This cause remains <u>**SET** for a Final Pretrial Conference on the Remedy Phase on Friday, January 16, 2009, at 9:00 a.m., in Courtroom 202</u>, and for a <u>Bench Trial on the Remedy Phase on Monday, February 2, 2009, in Courtroom 202</u>, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana.

IT IS SO ORDERED this 12th day of January, 2009.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distributed electronically to:

Scott R. Alexander
TAFT STETTINIUS & HOLLISTER LLP
salexander@taftlaw.com

Kevin P. Auerbacher
STATE OF NEW JERSEY,
DEPT. OF LAW & PUBLIC SAFETY
auerbkev@law.dol.lps.state.nj.us

Christopher D. Ball
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christopher.ball@dol.lps.state.nj.us

Deborah Nicole Behles
U. S. DEPARTMENT OF JUSTICE
deborah.behles@usdoj.gov

Thomas Andrew Benson
U. S. DEPARTMENT OF JUSTICE,
ENVIRONMENTAL ENFORCEMENT
thomas.benson@usdoj.gov

Samuel B. Boxerman
SIDLEY AUSTIN LLP
sboxerman@sidley.com

Phillip Brooks
U. S. DEPARTMENT OF JUSTICE
phillip.brooks@usdoj.gov

Jayna Morse Cacioppo
TAFT STETTINIUS & HOLLISTER LLP
jcacioppo@taftlaw.com

Robert R. Clark
TAFT STETTINIUS & HOLLISTER LLP
rclark@taftlaw.com

Larry Martin Corcoran
ENVIRONMENTAL AND NATURAL RESOURCES DIVISION
larry.corcoran@usdoj.gov

Carol Lynn DeMarco
NEW JERSEY ATTORNEY GENERAL'S OFFICE
carol.demarco@dol.lps.state.nj.us

Meghan Colleen Delaney
SIDLEY AUSTIN LLP
mberroya@sidley.com

Michael E. DiRienzo
KAHN DEES DONOVAN & KAHN
miked@k2d2.com

Jason A. Dunn
UNITED STATES DEPARTMENT OF JUSTICE
jason.dunn@usdoj.gov

Steven David Ellis
ENVIRONMENTAL & NATURAL RESOURCES
steven.ellis@usdoj.gov

Julie L. Ezell
DUKE ENERGY LEGAL DEPARTMENT
julie.ezell@duke-energy.com

Cynthia Marie Ferguson
U. S. DEPARTMENT OF JUSTICE,
ENVIRONMENT & NATURAL RESOURCES
cynthia.ferguson@usdoj.gov

Myles E. Flint II
U. S. DEPT OF JUSTICE
myles.flint@usdoj.gov

Richard Mark Gladstein
U. S. DEPARTMENT OF JUSTICE
richard.gladstein@usdoj.gov

Thomas Charles Green
SIDLEY AUSTIN LLP
tcgreen@sidley.com

Maurice A. Griffin
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
maurice.griffin@dol.lps.state.nj.us

R. Keith Guthrie
ATTORNEY AT LAW
kgmail@comcast.net

Eugene J. Kelly Jr.
NEW YORK STATE ATTORNEY GENERAL
eugene.kelly@oag.state.ny.us

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

James A. King
PORTER WRIGHT MORRIS & ARTHUR LLP
jking@porterwright.com

Joseph M. Kowalczyk
NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
joseph.kowalczyk@oag.state.ny.us

Christine F. Lewis
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
christopher.ball@dol.lps.state.nj.us

Jonathan F. Lewis
CLEAN AIR TASK FORCE
jlewis@catf.us

Jennifer Anne Lukas-Jackson
UNITED STATES DEPARTMENT OF JUSTICE
jennifer.lukas-jackson@usdoj.gov

Larry A. Mackey
BARNES & THORNBURG LLP
larry.mackey@btlaw.com

John R. Maley
BARNES & THORNBURG
jmaley@btlaw.com

Jon C. Martin
STATE OF NEW JERSEY
martijon@law.dol.lps.state.nj.us

Kimberly P. Massicotte
OFFICE OF THE ATTORNEY GENERAL
kimberly.massicotte@po.state.ct.us

Dean M. Moesser
DUKE ENERGY CORPORATION
dmmoesser@duke-energy.com

Carmel Alicia Motherway
CONNECTICUT ATTORNEY GENERAL
carmel.motherway@po.state.ct.us

Michael Joseph Myers
NEW YORK STATE DEPARTMENT OF LAW
michael.myers@oag.state.ny.us

John D. Papageorge
TAFT STETTINIUS & HOLLISTER LLP
jpapageorge@taftlaw.com

Crissy Lyn Pellegrin
ENVIRONMENTAL PROTECTION AGENCY
pellegrin.crissy@epa.gov

Jean Patrice Reilly
STATE OF NEW JERSEY
martijon@law.dol.lps.state.nj.us

Danielle Brody Rosengarten
U. S. DEPT OF JUSTICE
danielle.rosengarten@usdoj.gov

Robert T. Rosenthal
NEW YORK ATTORNEY GENERAL'S OFFICE
robert.rosenthal@oag.state.ny.us

Jeffrey K. Sands
UNITED STATES DEPT. OF JUSTICE
jeffrey.sands@usdoj.gov

Justin Aaron Savage
UNITED STATES DEPARTMENT OF JUSTICE
justin.savage@usdoj.gov

J. Jared Snyder
OFFICE OF THE ATTORNEY GENERAL
jared.snyder@oag.state.ny.us

Kosta S. Stojilkovic
SIDLEY AUSTIN LLP
kstojilkovic@sidley.com

Kathryn B. Thomson
SIDLEY AUSTIN LLP
kthomson@sidley.com

Katherine Lynn Vanderhook
UNITED STATES DEPARTMENT OF JUSTICE
katherine.vanderhook@usdoj.gov

Gaylene Vasaturo
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
vasaturo.gaylene@epa.gov

Frank R. Volpe
SIDLEY AUSTIN LLP
fvolpe@sidley.com

Distributed via U.S. Postal Service to:

Stefanie A. Brand
R J HUGHES JUSTICE COMPLEX
25 Market Street
P O Box 093
Trenton, NJ 08625

Mary E. Costigan
R J HUGHES JUSTICE COMPLEX
25 Market Street
P O Box 093
Trenton, NJ 08625

James A. Murphy
R J HUGHES JUSTICE COMPLEX
25 Market Street
P O Box 093
Trenton, NJ 08625

Magistrate Judge Debra McVicker Lynch
U.S. COURTHOUSE
46 East Ohio Street
Indianapolis, IN 46204

Barbara Fruehling Gambill
ATTORNEY AT LAW
1281 Mistymeadow Lane
Cincinnati, OH 45230