UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>) | |
| STATE OF NEW YORK,<br>STATE OF NEW JERSEY,<br>STATE OF CONNECTICUT,<br>HOOSIER ENVIRONMENTAL COUNCIL,<br>and OHIO ENVIRONMENTAL COUNCIL,<br>    Plaintiff-Intervenors, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| vs. | ) | 1:99-cv-1693-LJM-JMS |
| CINERGY CORP., PSI ENERGY, INC. and<br>THE CINCINNATI GAS & ELECTRIC<br>COMPANY,<br>    Defendants. | )<br>)<br>)<br>)<br>) | |

## ORDER ON DOCKET NOS. 1611 & 1615

This cause is before the Court on defendants', Cinergy Corp., PSI Energy, Inc. and the Cincinnati Gas & Electric Company (collectively, "Cinergy"), Motion *in Limine* to Preclude Plaintiffs, the United States of America, and plaintiff-intervenors', the States of New York, New Jersey and Connecticut, and the Hoosier Environmental Council and the Ohio Environmental Council (all plaintiffs, collectively, "Plaintiffs"), From Introducing Evidence to "Rebut" Former Defense Expert Kenneth Slater (Docket No. 1611); and Plaintiffs' Cross Motion *in Limine* to Allow Testimony of Mr. Adams in Case in Chief (Docket No. 1615). The Court rules as follows.

## I. BACKGROUND

Cinergy's motion is directed to the circumstances surrounding its substitution of emissions expert Kenneth Slater ("Slater") for emissions expert Matthew Harris ("Harris") before the first liability trial. Because Harris had been diagnosed with a critical illness, with leave of Court Cinergy substituted Slater as a witness to testify at the first liability trial. Plaintiffs had submitted several rebuttal reports in response to Harris' report. However, after receiving Slater's report, Plaintiffs submitted two additional rebuttal reports from previously undisclosed experts, Myron Adams ("Adams") and Dr. Edward Rothman ("Dr. Rothman"), in order to "directly rebut[] the core elements of Mr. Slater's opinion." Pls.' Mem. in Opp'n to Defs.' Mot. to Strike Test. at 1 (Jan. 25, 2008) (Docket No. 1035).

Cinergy did not call Slater at trial. As a result, the Court barred Plaintiffs from calling Adams as a rebuttal witness. Liability I Trial Tr. at 9-1469 (May 20, 2008).

Since the first liability trial in May 2008, Harris' health has improved. As a result, Cinergy has chosen to use Harris as its expert on emissions and has removed Slater from its witness list. Docket No. 1593. But, Plaintiffs have identified Slater as a "may call" witness and have reserved the right to designate his deposition testimony. Docket No. 1598. In addition, Plaintiffs have continued to list Adams and Dr. Rothman as "may call" witnesses. *Id.*

Cinergy argues that Plaintiffs' attempt either to commandeer its expert witness, Slater, or to call Adams and Dr. Rothman as experts when they were designated solely to rebut Slater's opinions is improper. Cinergy states that Plaintiffs' use of Cinergy's expert witnesses for any reason violates Federal Rule of Civil Procedure 26(b)(4)(B) ("FRCP 26(b)(4)(B)") and/or Federal Rules of Evidence 403 and 801(c) ("FREs 403 and 801(c)").

Moreover, Cinergy asserts that neither Adams nor Dr. Rothman were disclosed by Plaintiffs with respect to Harris' report; therefore, the Court should exclude Adams' and Dr. Rothman's testimony pursuant to FRCPs 26(a) and 37(c)(1) because their non-disclosure with respect to Harris' report was neither substantially justified nor harmless.

Plaintiffs assert that Cinergy's attempt to limit Plaintiffs' witnesses by strategically replacing Slater with Harris is unfair. Plaintiffs contend that having agreed that no new experts would be used at the second liability trial, Docket Nos. 1588 & 1589, but facing no objection from Plaintiffs when it did so by replacing Slater with Harris, Cinergy cannot now be heard to cry foul when Plaintiffs seek to introduce their own experts of choice. In addition, Plaintiffs aver that they do not seek to use Slater's case-specific testimony in their case in chief. Rather, Plaintiffs seek to use Slater's testimony regarding the generation planning model that he "built" and that Cinergy uses, and how it could be used to predict emissions increases that resulted from the projects still at issue in this case. Moreover, Plaintiffs argue that Adams' and Dr. Rothman's rebuttal testimony is just as relevant to rebut Harris' testimony as it was to rebut Slater's because their testimony is related to the same subject matter. Docket No. 1616, at 8 (citing FRCP 26(a)(2)(C)(ii)). Adams' testimony is particularly critical to rebut Cinergy's lay witness and expert testimony regarding reasonable utility generation planning practices. In addition, Plaintiffs contend that Dr. Rothman's report is also addressed to Cinergy's expert Dr. Liberson, who remains on Cinergy's witness list.

To the extent that Adams' and Dr. Rothman's testimony goes beyond that necessary to rebut the opinions of Harris, Plaintiffs assert that any minimal prejudice to Cinergy that

3

would result from such testimony does not warrant exclusion of Adams and Dr. Rothman as witnesses.

Finally, Plaintiffs argue that Adams should be allowed to testify in their case in chief because he would have been a first choice witness, if he had been available at the time Cinergy filed Harris' report. Specifically, at the time of Harris' report, and the time in which Plaintiffs had to respond thereto, Adams was employed by American Electric Power ("AEP"), and AEP was involved in litigation against the United States. Adams became available after Cinergy named Slater to replace Harris. Plaintiffs claim that in the present circumstances, Plaintiffs should be allowed to use Adams' testimony in their case in chief because Cinergy has had more than enough notice of his testimony that no prejudice would result.

## II. **DISCUSSION**

### A. PLAINTIFFS' USE OF SLATER AS A WITNESS

The proper standard for determining a party may call an opposing party's expert witness to testify at trial once the opposing party has withdrawn the expert from its witness list is unsettled in the law. This is primarily because FRCP 26(b)(4), which governs trial preparation of experts, does not address this question. However, the Court considers persuasive the line of cases that distinguish experts who have been designated as testifying experts then withdrawn, from experts never designated as testifying experts subject to FRCP 26(b)(4)(B). *Compare House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236 (N.D. Ia. 1996), *and Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408 (D. Minn. 1999), *with FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002). In cases like

this one, courts have concluded that the designation of an expert as one to testify at trial takes that expert out of the purview of FRCP 26(b)(4)(B), which requires that the opposing party must show exceptional circumstances to depose that non-testifying expert. *See Ferguson*, 189 F.R.D. at 409 (discussing *House*, 168 F.R.D. at 245-46). In this case, then, the Court must consider the probative value of the evidence sought to be introduced by Plaintiffs with Slater's testimony against the danger of unfair prejudice to Cinergy if the Court allows the reversal testimony. The Court must keep in mind, however, the following interests: 1) the unfairness of allowing an opposing party to reap benefits from another party's effort and expense; and 2) the substantial risk of prejudice stemming from the fact of the prior retention of an expert by an opposing party.[1] *See FMC Corp.*, 196 F. Supp. 2d at 1043-44 (citing *House*, 168 F.R.D. at 241).

Plaintiffs assert that they need Slater's factual testimony regarding the PROMOD system and how it would operate in certain generic situations, not any specific advice he provided to Cinergy. Since Cinergy did not challenge the factual basis for Slater's testimony in this regard, Plaintiffs contend that there is no prejudice to Cinergy if Plaintiffs designate Slater's deposition testimony on this topic for trial.

Cinergy disagrees and argues that Slater was never intended to be a fact witness by any party; he was hired by Cinergy to provide expert testimony on emissions. Moreover,

---

[1]The Court notes that the *FMC* court listed four factors, however, this Court cannot see the relevance of the other two factors, namely, the desire to allow counsel to obtain necessary expert advice without fear that every expert consultation will yield discovery to the adversary; and the fear of discouraging experts from serving as consultants if their testimony could be compelled. *FMC Corp.*, 196 F. Supp. 2d at 1043-44. Neither of these concerns are at issue here because Cinergy had already designated Slater as a testifying expert, which necessitated disclosure of his views to Plaintiffs and implies that Slater was willing to testify if called.

Cinergy contends that Slater's deposition focused on the opinions in his expert report, not on his development of PROMOD. In any event, Cinergy stresses, Plaintiffs have other witnesses who can testify about the PROMOD system, including Dr. Richard Rosen ("Dr. Rosen"), Plaintiffs' expert.

The Court concludes that in the balance, Plaintiffs should not be allowed to use Slater's deposition testimony in their case in chief. The Court notes that this Court does not have subpoena power over Slater because he is a resident of Georgia; therefore, Plaintiffs would present Slater's testimony via designated deposition. With that in mind, the Court concludes that Plaintiffs do not need Slater's testimony to present their case in chief because other of its witnesses have testified to how PROMOD could make the relevant predictions. As a result, Slater's testimony is cumulative and its probative value on the issue is very slight.

Moreover, contrary to Plaintiffs' assertion, the Court considers Slater's testimony in the nature of expert testimony because Plaintiffs' designated deposition portions focus on a hypothetical application of PROMOD to circumstances relevant to this case. There is no question that lay jurors will not know how PROMOD works or whether the elements of the hypothetical as asked (and objected to) were a correct application of the program. There is little dispute that the purpose of the deposition was not to discuss PROMOD, but to question Slater about the basis for the expert conclusions in his report. Thus, if the Court were to allow Plaintiffs to use Slater's testimony in their case in chief the danger of unfair prejudice is quite high for two reasons. Slater is outside the subpoena power of the court, therefore, Cinergy must rely on the Court's rulings on its objections to the hypothetical and any relevant counter-designations in the deposition to properly present a cross-

examination of Slater about the PROMOD hypothetical. This was not the purpose of the deposition so the likelihood of there being detailed cross examination on the PROMOD issue is slim. In other words, Cinergy did not really have notice before the deposition was taken that Slater's testimony regarding PROMOD would be used by Plaintiffs in their case in chief and, therefore, had little reason to aggressively pursue this line of questioning. This by itself is prejudicial.

In addition, this fact highlights the undue prejudice to Cinergy if Plaintiffs are allowed to use this portion of Slater's testimony and also allowed to elicit information that identifies the fact that Cinergy hired Slater as its expert. The Federal Rules of Civil Procedure were not written to allow parties to parse out testimony they like from any expert in who has offered a report in the case. To allow Plaintiffs to present this snippet from Slater's deposition would be unduly prejudicial and substantially outweigh the probative value of his answer to Plaintiffs' hypothetical.

For these reasons, the portion of Cinergy's motion *in limine* to preclude Plaintiffs from introducing Slater's testimony in their case in chief is **GRANTED**.

## B. PLAINTIFFS' USE OF ADAMS' AND DR. ROTHMAN'S OPINIONS AS REBUTTAL

The Court is not persuaded by Cinergy's argument that it is prejudiced by Plaintiffs' decision to use Adams and Dr. Rothman as rebuttal experts even though Plaintiffs originally designated those experts to rebut Slater's opinions and not those of Cinergy's now-designated emissions expert, Harris. Cinergy makes much of the fact that the Court ruled against it on its Motion to Strike, Docket No. 1020, where it argued that new experts were not warranted since Slater's opinions and Harris' opinions were not materially

different. However, the Court does not read its Order on Cinergy's Motion to Strike, Docket No. 1167, as a repudiation of Cinergy's allegation that its two experts' opinions were similar. Rather, the Court's entry focuses on the absence of prejudice to Cinergy if the Plaintiffs decided to change experts given that Cinergy would be given an opportunity to depose the new experts and to file additional motions *in limine* with respect to those experts if necessary.

Moreover, Cinergy does not argue here that Adams' and Dr. Rothman's opinions go beyond the subject matter of Harris' report, only that Adams' and Dr. Rothman's opinions go beyond Plaintiffs' original rebuttal report. Nor does Cinergy argue that it did not have an opportunity to depose Adams and Dr. Rothman about their opinions. The best Cinergy can do is argue that Adams' and Dr. Rothman's reports came well after the deadline in FRCP 26(a)(2)(C)(ii) for rebuttal disclosures with respect to Harris' original report. But, those original disclosure deadlines were turned on their heads when, in September 2007, Cinergy replaced Harris with Slater, then in March 2009, Cinergy re-identified Harris as its expert of choice on the emissions issues. As a result, with respect to the deadlines for the second liability trial, there has been no violation of FRCP 26(a)(2)(C)(ii) because there has been no Court order to contradict the sequence for disclosure provided for in that rule. Furthermore, under the circumstances presented at this juncture of the litigation, Cinergy's claims of prejudice are unfounded.

For these reasons, Cinergy's motion *in limine* to preclude Plaintiffs from using Adams and Dr. Rothman as rebuttal witnesses is **DENIED**.

### C. PLAINTIFFS' USE OF ADAMS IN THEIR CASE IN CHIEF

Plaintiffs argue that they have always wanted to use Adams in their case in chief as evidenced by the soliloquy at the Final Pretrial Conference before the first liability trial regarding this issue. At the time that the parties were submitting their witness lists and choosing experts, Adams was not available because he worked for AEP, which was in litigation against the United States. Plaintiffs started using Adams as soon as he became available when the AEP case settled. Cinergy contends that this Court's ruling prior to the first trial to limit Adams' testimony to rebuttal must stand under the law of the case.

The Court concludes that, under the circumstances of this case, Plaintiffs' Motion *in Limine* to Allow Testimony of Mr. Adams in Case in Chief should be GRANTED. The doctrine of "law of the case" creates a presumption that a ruling made in one stage of the litigation will adhere through the suit. *See Alston v. King*, 157 F.3d 1113, 1116 (7th Cir. 1998). However, the strength of that presumption varies with the circumstances and "'is not a straightjacket.'" *Id.* (quoting *Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995)). The question is whether a party would be prejudiced because of the change. *Id.* Here, where Cinergy's actions or material omissions necessitated the second trial, where Cinergy has had every opportunity to depose Adams about his views, and where Cinergy has known since at least May 2008 that Plaintiffs wanted to use Adams in their case in chief, there is no prejudice. For that reason, Plaintiffs' motion *in limine* to allow Adams to testify in their case in chief is **GRANTED**.

## III. CONCLUSION

For the reasons stated herein, defendants', Cinergy Corp., PSI Energy, Inc., and the Cincinnati Gas & Electric Company, Motion *in Limine* to Preclude Plaintiffs From Introducing Evidence to "Rebut" Former Defense Expert Kenneth Slater (Docket No. 1611), is **GRANTED in part and DENIED in part**; and Plaintiffs', named-plaintiff, the United States of America, and plaintiff-intervenors, the States of New York, New Jersey and Connecticut, and the Hoosier Environmental Council and the Ohio Environmental Council, Cross Motion *in Limine* to Allow Testimony of Mr. Adams in Case in Chief (Docket No. 1615) is **GRANTED**.

IT IS SO ORDERED this 24th day of April, 2009.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distributed to:

Scott R. Alexander
TAFT STETTINIUS & HOLLISTER LLP
salexander@taftlaw.com

Kevin P. Auerbacher
STATE OF NEW JERSEY
DEPT. OF LAW & PUBLIC SAFETY
auerbkev@law.dol.lps.state.nj.us

Thomas Andrew Benson
U. S. DEPARTMENT OF JUSTICE
ENVIRONMENTAL ENFORCEMENT
thomas.benson@usdoj.gov

Meghan Delaney Berroya
SIDLEY AUSTIN LLP
mberroya@sidley.com

Samuel B. Boxerman
SIDLEY AUSTIN LLP
sboxerman@sidley.com

Phillip Brooks
U. S. DEPARTMENT OF JUSTICE
phillip.brooks@usdoj.gov

Jayna Morse Cacioppo
TAFT STETTINIUS & HOLLISTER LLP
jcacioppo@taftlaw.com

Robert R. Clark
TAFT STETTINIUS & HOLLISTER LLP
rclark@taftlaw.com

Larry Martin Corcoran
ENVIRONMENTAL AND NATURAL RESOURCES
larry.corcoran@usdoj.gov

Carol Lynn DeMarco
NEW JERSEY ATTORNEY GENERAL'S OFFICE
carol.demarco@dol.lps.state.nj.us

Michael E. DiRienzo
KAHN DEES DONOVAN & KAHN
mdirienzo@kddk.com

Jason A. Dunn
U. S. DEPARTMENT OF JUSTICE
jason.dunn@usdoj.gov

Steven David Ellis
ENVIRONMENTAL AND NATURAL RESOURCES
steven.ellis@usdoj.gov

Julie L. Ezell
DUKE ENERGY LEGAL DEPARTMENT
julie.ezell@duke-energy.com

Cynthia Marie Ferguson
U. S. DEPARTMENT OF JUSTICE
ENVIRONMENT & NATURAL RESOURCES
cynthia.ferguson@usdoj.gov

Myles E. Flint II
U. S. DEPARTMENT OF JUSTICE
myles.flint@usdoj.gov

Richard Mark Gladstein
U. S. DEPARTMENT OF JUSTICE
richard.gladstein@usdoj.gov

Thomas Charles Green
SIDLEY AUSTIN LLP
tcgreen@sidley.com

Maurice A. Griffin
NEW JERSEY OFFICE
    OF THE ATTORNEY GENERAL
maurice.griffin@dol.lps.state.nj.us

R. Keith Guthrie
ATTORNEY AT LAW
kgmail@comcast.net

Sarah Dale Himmelhoch
U. S. DEPARTMENT OF JUSTICE
sarah.himmelhoch@usdoj.gov

Eugene J. Kelly Jr.
NEW YORK STATE ATTORNEY GENERAL
eugene.kelly@oag.state.ny.us

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

James A. King
PORTER WRIGHT MORRIS & ARTHUR LLP
jking@porterwright.com

Joseph M. Kowalczyk
NEW YORK STATE
OFFICE OF THE ATTORNEY GENERAL
joseph.kowalczyk@oag.state.ny.us

Jonathan F. Lewis
CLEAN AIR TASK FORCE
jlewis@catf.us

James A. Lofton
U. S. DEPARTMENT OF JUSTICE
jim.lofton@usdoj.gov

Jennifer Anne Lukas-Jackson
U. S. DEPARTMENT OF JUSTICE
jennifer.lukas-jackson@usdoj.gov

Jon C. Martin
STATE OF NEW JERSEY
martijon@law.dol.lps.state.nj.us

Kimberly P. Massicotte
OFFICE OF THE ATTORNEY GENERAL
kimberly.massicotte@po.state.ct.us

Dean M. Moesser
DUKE ENERGY CORPORATION
dmmoesser@duke-energy.com

Carmel Alicia Motherway
CONNECTICUT ATTORNEY GENERAL
carmel.motherway@po.state.ct.us

Michael Joseph Myers
NEW YORK STATE DEPARTMENT OF LAW
michael.myers@oag.state.ny.us

John D. Papageorge
TAFT STETTINIUS & HOLLISTER LLP
jpapageorge@taftlaw.com

Crissy Lyn Pellegrin
ENVIRONMENTAL PROTECTION AGENCY
pellegrin.crissy@epa.gov

Loren A. Remsberg
U. S. DEPARTMENT OF JUSTICE/ENRD/EES
loren.remsberg@usdoj.gov

Robert T. Rosenthal
NEW YORK ATTORNEY GENERAL'S OFFICE
robert.rosenthal@oag.state.ny.us

Jeffrey K. Sands
U. S. DEPARTMENT OF JUSTICE
jeffrey.sands@usdoj.gov

Justin Aaron Savage
U. S. DEPARTMENT OF JUSTICE
justin.savage@usdoj.gov

J. Jared Snyder
OFFICE OF THE ATTORNEY GENERAL
jared.snyder@oag.state.ny.us

Kosta S. Stojilkovic
SIDLEY AUSTIN LLP
kstojilkovic@sidley.com

Katherine Lynn Vanderhook
U. S. DEPARTMENT OF JUSTICE
katherine.vanderhook@usdoj.gov

Gaylene Vasaturo
U. S. ENVIRONMENTAL PROTECTION AGENCY
vasaturo.gaylene@epa.gov

Frank R. Volpe
SIDLEY AUSTIN LLP
fvolpe@sidley.com